# EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| | ) | **No. 05-956 T** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |

| | | |
|---|---|---|
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| | ) | **No. 05-971 T** |
| **vs.** | ) | |
| | ) | **(Judge Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

**AFFIDAVIT OF CORY A. JOHNSON**

I, Cory A. Johnson, being duly sworn, state as follows:

1. I am a Trial Attorney with the United States Department of Justice, Tax Division, and am counsel of record for the United States in these cases. I have personal knowledge of the facts set forth below.

2. On November 21, 2005, counsel for plaintiffs, John Porter, and I held a teleconference pursuant to the Rules of the Court of Federal Claims, Appendix A, ¶ 3, in order to discuss the parties' discovery needs and a proposed discovery schedule, among other issues. At that time, I told Mr. Porter that the United States would need to depose his clients, the tax return

preparers, plaintiffs' expert ( Mr. Mitchell), HRN employees and possibly others. He acknowledged this without objection. We then agreed to a discovery schedule to propose to the Court. The agreed schedule is as follows:

| | |
|---|---|
| Deadline for completion of fact discovery: | June 31, 2006 |
| Deadline for submission of Plaintiffs' expert(s) report: | July 31, 2006 |
| Deadline for deposition of Plaintiffs' expert(s) by Defendant: | August 31, 2006 |
| Deadline for submission of Defendant's expert(s) report: | October 31, 2005 |
| Deadline for deposition of Defendant's experts by Plaintiff: | November 30, 2005 |

3. On December 7, 2005, the United States served separate document requests and interrogatories on the Deiners and Litmans. Attached as Exhibits 1 and 2 are copies of the requests served on the Litmans. The requests served on the Deiners are identical.

4. Formal discovery is needed in these cases in order to present to the Court a complete record of admissible evidence on which it can decide plaintiffs' claims regarding the valuation of HRN restricted stock and the deductibility of payments made to Mr. Andrew Pells. This discovery includes the attached discovery requests to plaintiffs and depositions of plaintiffs and their expert. It also includes document requests and depositions of the following:

- HRN. - relating to the purchase of TMF, Inc. assets, negotiation of the purchase consideration and issuance and value of restricted and non-restricted stock;
- USA Network, Inc. - relating to the purchase of TMF, Inc. assets,

negotiation of the purchase consideration, failure to file IRS Form 8594 and issuance and value of HRN stock;

- underwriters and bankers involved in the initial public offering of HRN stock and setting of the IPO price;
- NASDAQ custodian of records - relating to historical market price of HRN stock;
- Mark Mitchell - plaintiffs' valuation expert;
- David Bohlmann - valuation expert purportedly consulted by plaintiffs;
- plaintiffs' tax return preparers and advisors - relating to valuation of HRN restricted stock, reliance on expert valuation and failure to file required IRS form 8594; and
- Andrew Pells - relating to the stock and money he received from plaintiffs liquidating trust and the services he purportedly performed. (a deduction for his compensation was disallowed by the IRS).

The United States also may seek discovery beyond that indicated above from those listed above and additional discovery from other third parties. I am awaiting plaintiffs' responses to the outstanding discovery requests before serving document and deposition subpoenas on third parties because plaintiffs' responses will determine, in part, the recipients and contents of those subpoenas. Because these third parties are not employed by or under the control of the United States, it cannot simply obtain affidavits from them.

5. The United States intends to have an expert provide an opinion concerning the value of the HRN restricted stock. The United States is not prepared at this time to submit an

expert report or identify an expert for testimony at trial pursuant to RCFC 26(a)(2), however, because the fact discovery outlined above needs to be completed first. It will form part of the factual predicate for the expert's valuation opinion. The United States does not currently have possession of the information that will be the subject of this discovery. Once it obtains the information in discovery, the United States will provide the relevant information to an expert for review.

s/ Cory A. Johnson
Cory A. Johnson

Sworn and subscribed to
before me this 27th day
of December 2005.

s/ Kimberly McGee
Notary Public