# EXHIBIT 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| | ) | **No. 05-956 T** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |

| | | |
|---|---|---|
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| | ) | **No. 05-971 T** |
| **vs.** | ) | |
| | ) | **(Judge Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

**DEFENDANT THE UNITED STATES'**
**FIRST REQUEST FOR DOCUMENTS TO**
**PLAINTIFFS DAVID AND MALIA LITMAN**

Defendant-Counterplaintiff, the United States, pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, requests that Plaintiffs-Counterdefendants David and Malia Litman produce, within 30-days of service of this request, the documents, materials, and other things described below:

**Definitions and Instructions**

1. The term "you" refers to David and/ or Malia Litman and, except with regard to production of tax returns, each of his or her attorneys, accountants and other agents.

2. "HRN restricted stock" refers to the Hotel Reservations Network, Inc. stock received by the TMF Liquidating Trust pursuant to the Asset Purchase Agreement, dated April 13, 1999, and the Amended and Restated Asset Purchase Agreement, dated February 2, 2000, or any portion of such stock.

3. "USA Networks, Inc." includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

4. "TMF, Inc." includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

5. "HRN Marketing Corp." includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

6. "HRN" refers to Hotel Reservations Network, Inc. and includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

7. "TMF Liquidating Trust" includes all of its agents, attorneys, accountants, employees, trustees, assigns, successors and predecessors.

8. The term "document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to)

correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, transcripts, recordings, and all other types of written or documentary materials. It includes all originals and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

9. The fact that any document may be in the possession of a non-party is not grounds for objection or other failure to produce, if plaintiff has the "the right, authority, or ability to obtain the documents." *Cabot and Quinn v. United States*, 35 Fed. Cl. 80, 83 (1996).

10. Documents produced should be organized and labeled to correspond with the numbered requests below or produced as they are kept in the ordinary course of business. A document control number ("Bates-stamp") also should be affixed or stamped on each page of all documents produced.

11. Pursuant to Rule 26 of the Rules of the United States Court of Federal Claims, you are under a continuing obligation to seasonably amend and supplement your response to these requests.

12. If any document or portion of a document is not produced based on a claim of privilege, you must make the claim expressly and provide a privilege log in which you describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the alleged privileged information, will enable the United States and the Court to assess the applicability of the claimed privilege.

13. If you intend to produce information in electronic form, please call Cory A. Johnson, United States Department of Justice, Tax Division, before producing the material to discuss the appropriate format for such a production. He can be reached at 202-307-3046.

14. The time scope for these requests is 1994 through the present.

**Document Requests**

The following documents should be produced:

1. Your United States income tax returns, and any other documents filed with the IRS in connection with such tax returns, for the years ending December 31, 1999, 2000, 2001, 2002, and 2003, including any amended returns.

2. Tax returns, and any other documents filed with the IRS in connection with such tax returns, of the TMF Liquidating Trust for the years ending December 31, 1999, 2000, 2001, 2002 and 2003, including any amended returns.

3. Tax returns, and any other documents filed with the IRS in connection with such tax returns, of TMF, Inc. for the years ending December 31, 1999, 2000, 2001, 2002 and 2003, including any amended returns.

4. Tax returns, and any other documents filed with the IRS in connection with such tax returns, of HRN Marketing Corp. for the years ending December 31, 1999, 2000, 2001, 2002 and 2003, including any amended returns.

5. Financial statements for TMF, Inc. for the years 1994 - 2000.

6. Financial statements for HRN Marketing Corp. for the years 1994 - 2000.

7. Financial statements and annual reports for HRN and USA Networks, Inc. for the years 1999 - 2003.

8. All documents describing or summarizing the business or assets of TMF, Inc. and HRN Marketing Corp. that were used or created in connection with discussions or negotiations with USA Networks, Inc., or other persons, about a sale of those companies' business(es) or assets.

9. Documents concerning the economic outlook or condition of the industries or markets in which TMF, Inc., HRN Marketing Corp and HRN participated during the time period 1995 - 2003, including, but not limited to, identities and evaluations of competitors.

10. All agreements concerning the sale of the assets of TMF, Inc. and HRN Marketing Corp. to USA Networks, Inc., including all amendments and exhibits, balance sheets, letters of representation or other documents provided pursuant to the terms of the agreements. Please produce signed copies of all such documents if available.

11. All documents concerning a valuation, projection or estimation of the amount of payments that would have or may have been made pursuant to the "earn-out rights" that were exchanged for the HRN restricted stock in the Amended Asset Purchase Agreement, as referenced in ¶10 of your Complaint.

12. The trust agreement or declaration of trust, and any amendments thereto, for the TMF Liquidating Trust.

13. All documents concerning the transfer of assets and liabilities of TMF, Inc. and/ or HRN Marketing Corp. to the TMF Liquidating Trust

14. All documents provided to or reviewed by Business Valuation Services, Inc. and/ or Mark L. Mitchell in relation to a valuation of HRN restricted stock or determination of a marketability discount applicable to HRN restricted stock.

15. All documents provided to or reviewed by David J. Bohlmann in relation to his valuation or appraisal of HRN restricted stock or determination of a marketability discount applicable to HRN restricted stock.

16. All correspondence and other documents reflecting communication between Business Valuation Services, Inc. or Mark L. Mitchell and you, including all invoices.

17. All correspondence and other documents reflecting communication between David J. Bohlmann and you, including all invoices.

18. All correspondence and other documents reflecting communication between you and anyone else, including, but not limited to, HRN, Robert and Michelle Deiner, attorneys, accountants, advisors, consultants and financial institutions, relating to the value of HRN restricted stock.

19. All documents relating to the value, valuation or appraisal of, or marketability discount applicable to, HRN restricted stock.

20. All documents concerning the restrictions and removal of restrictions on the sale or transfer of HRN restricted stock, including all documents concerning seeking or obtaining permission from HRN or USA Networks, Inc. to sell HRN restricted stock and requesting registration of the HRN restricted stock.

21. All personal financial statements or loan applications in which you included or listed HRN restricted stock.

22. All documents showing any offers to buy or sell or indications of interest in buying or selling HRN restricted stock.

23. The prospectus and all other offering, promotional and registration materials related to the initial public offering of HRN stock in February 2000.

24. All documents concerning the offering price or setting of the offering price for HRN stock in the initial public offering in February 2000.

25. All documents relating to the consideration of or plans for offerings or issuances of HRN stock after the initial public offering in February 2000, undertaken or made before March 2000.

26. All documents concerning offers to purchase or indications of an interest in purchasing HRN stock in the initial public offering in February 2000.

27. Documents sufficient to show the persons who purchased HRN stock in the initial public offering in February 2000 and the amounts they purchased.

28. All documents concerning an expected, projected or possible trading price of HRN stock after the initial public offering in February 2000.

29. Documents sufficient to show the trading prices and trading volume of HRN stock during the period 1999 through 2004.

30. All documents prepared by investment banks, underwriters and other financial advisors or institutions, including, but not limited to, Donaldson, Lufkin & Jenrette, concerning the initial public offering of HRN stock in February 2000 or the public trading in and price of the stock after the initial offering.

31. All correspondence and other documents reflecting communication between you and anyone else concerning the offering price for HRN shares in the initial public offering in February 2000.

32. Documents sufficient to show the compensation, bonuses, or other remuneration paid or given to Andrew Pells by TMF, Inc., HRN Marketing Corp. and TMF Liquidating Trust during the period 1994 - 2004, including relevant W-2 and 1099 forms.

33. All correspondence and other documents reflecting communication between you and Andrew Pells concerning HRN restricted stock.

34. All documents concerning the transfer of HRN restricted stock to Andrew Pells.

35. Copies of any employment agreement and other documents concerning the terms of Andrew Pells employment with TMF, Inc., HRN Marketing Corp.. or TMF Liquidating Trust.

36. A copy of IRS Form 8594 filed by anyone with the IRS in connection with the purchase and sale of the assets of TMF, Inc. and HRN Marketing Corp.

37. All documents concerning the consideration of filing a IRS Form 8594 with the IRS, including, but not limited to, any draft Form 8594 or correspondence or other documents reflecting communication with HRN concerning filing a Form 8594.

38. Copies of any employment agreement, consulting agreement, covenant-not-to-compete or other agreement between you and HRN

39. Copies of all correspondence or other documents you received from the IRS relating to your 2000 income tax return.

40. Copies of all correspondence or other documents you sent or provided to the IRS relating to your 2000 income tax return.

41. All documents concerning a projection, analysis, or estimation of the possible or expected future income, revenue, growth, market share or business of HRN prepared before October 15, 2001.

42. Copies of any notices or other documents relating to the United States Postal Service attempting to deliver or requesting acceptance of delivery of certified mail in October or November 2004.

42. Copies of all documents you intend to introduce or use at trial of this case.

____________________________
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Acting Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

____________________________
Of Counsel

Dated: December 7, 2005