# Exhibit 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and** | ) | |
| **MALIA A. LITMAN,** | ) | |
| | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| | ) | **No. 05-956 T** |
| **vs.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant-Counterplaintiffs.** | ) | |

| | | |
|---|---|---|
| **ROBERT B. DEINER and** | ) | |
| **MICHELLE S. DEINER,** | ) | |
| | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| | ) | **No. 05-971 T** |
| **vs.** | ) | |
| | ) | **(Judge Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant-Counterplaintiff.** | ) | |

**DEFENDANT THE UNITED STATES'**
**FIRST SET OF INTERROGATORIES**
**TO PLAINTIFFS DAVID AND MALIA LITMAN**

Defendant-Counterplaintiff, the United States, pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims, requests that Plaintiffs-Counterdefendants David and Malia Litman answer, under oath, within 30-days of service, the following interrogatories:

**Definitions and Instructions**

1. The term "you" refers to Plaintiff-Counterdefendants David and/ or Malia Litman.

2. "HRN restricted stock" refers to the Hotel Reservations Network, Inc. stock received by the TMF Liquidating Trust pursuant to the Asset Purchase Agreement, dated April 13, 1999, and the Amended and Restated Asset Purchase Agreement, dated February 2, 2000, and any portion of such shares.

3. "USA" refers to USA Networks, Inc. and includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

4. "TMF, Inc." includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

5. "HRN Marketing Corp." includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

6. "HRN" refers to Hotel Reservations Network, Inc. and includes all of its agents, attorneys, accountants, employees, officers, directors, subsidiaries, parents, assigns, successors and predecessors.

7. "TMF Liquidating Trust" includes all of its agents, attorneys, accountants, employees, trustees, assigns, successors and predecessors.

8. The term "document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases,

letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, transcripts, recordings, and all other types of written or documentary materials. It includes all originals and non-identical copies (whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

9. "Identify" means to provide the name, title and business affiliation, if any, and last known address and phone number of the person to be identified.

10. "Section 7.15 Shares" and "Section 7.11.3 Shares" have the meanings set forth in the Amended and Restated Asset Purchase Agreement, dated February 2, 2000.

11. Pursuant to Rule 26 of the Rules of the United States Court of Federal Claims, you are under a continuing obligation to supplement and amend your answers to these interrogatories.

**Interrogatories**

1. With regard to the HRN restricted stock, state the following:

(a) the date originally issued by HRN;

(b) the total number of shares issued, the number of "Section 7.15 Shares" issued, the number of "Section 7.11.3 Shares" issued and the restrictions applicable to the respective shares;

(c) the calculations made and figures used to determine the number of "Section 7.15 Shares" and "Section 7.11.3 Shares" issued;

(d) the record or registered owner(s) of the shares, and beneficial

owners, if different, and the dates of such ownership;

(e) the dates shares were sold, exchanged or otherwise disposed of, the number of shares sold, exchanged or disposed of on those dates, and the restrictions that were applicable to those shares;

(f) whether the shares were ever registered under the Securities Act of 1933 and, if so, when;

(g) the consideration received for the shares, including the per share prices at which shares were sold or the specific property received in exchange;

(h) the persons to whom the shares were sold or transferred; and

(i) the per share basis used to calculate gain or loss on each sale or transfer of shares, and the total capital gain or loss realized on each sale or transfer.

Answer:

2. Identify all persons who you believe have information or knowledge, or claim to have information or knowledge, about the value of, or marketability discount applicable to, the HRN restricted stock. Describe in detail the nature of that knowledge or information.

Answer:

3. Identify all persons who were involved in or assisted in:

(a) setting the offering price for HRN stock in the initial public

offering in February 2000;

(b) offering, promoting or marketing HRN stock for the initial public offering in February 2000;

(b) receiving offers to purchase or indications of interest in purchasing HRN stock in the initial public offering in February 2000; and

(c) allocating shares or determining the successful purchasers of HRN stock in the initial public offering in February 2000.

Describe each person's role.

Answer:

4. Identify all persons who purchased or were allocated shares, and all persons who indicated an interest in purchasing shares but whose request for shares was either denied in whole or part, in the HRN initial public offering in February 2000. State the number of shares purchased, requested to be purchased and price.

Answer:

5. State whether you or any of your immediate family members have owned, or had a beneficial or other interest in, any HRN stock other than the HRN restricted stock, including any options or warrants related to such stock. If so, describe in detail the acquisition of the stock or other interest and its disposition, if any.

Answer:

6. Identify all persons with whom you, or your attorneys, accountants or other agents, communicated concerning:

(a) the value of the HRN restricted stock;

(b) the filing or possible filing of an IRS Form 8594 in connection with the purchase and sale of the assets of TMF, Inc. and HRN Marketing Corp;

(c) the removal of restrictions on the sale or transfer of HRN restricted stock;

(d) obtaining permission from HRN or USA to sell or transfer HRN restricted stock

Answer:

7. State the date on which you first became aware of the issuance of the Notice of Deficiency, dated October 8, 2004, and addressed to "David S. and Malia A. Litman, 10710 Strain Lane, Dallas, TX 75229-5427," a copy of which is attached to your Complaint. Describe the circumstances of your becoming aware of the Notice of Deficiency, including the date on which you, or your attorney, accountant or other agent, obtained possession of a copy. If you cannot specify the exact date, please state the general time period, with starting and ending dates.

Answer:

8. Identify all persons with whom you consulted or on whom you relied in completing your income tax return for the year ending December 31, 2000. Describe in detail each person's role.

Answer:

9. Identify all persons who were authorized to act on your behalf or receive communications and notices from the IRS on your behalf in connection with the examination by the IRS of your income tax return for the year ending December 31, 2000.

Answer:

10. State whether BVS and/ or Mark L. Mitchell gave you or anyone else any oral opinions or written opinions, other than the report dated February 24, 2000, concerning the marketability discount applicable to or valuation of HRN restricted stock. If so, describe those opinions in detail, including when and to whom they were given.

Answer:

11. State whether David J. Bohlmann gave you or anyone else any oral opinions or written opinions, other than the report dated July 21, 2000, concerning the marketability discount applicable to or valuation of HRN restricted stock. If so, describe those opinions in detail, including when and to whom they were given.

Answer:

12. Identify all persons who you believe have or had knowledge of (i) the alleged agreement with Andrew Pells that resulted in the cash payment of $2,924,215.50 and transfer of 244,995 shares of HRN restricted stock to him in 2000; and (ii) the determination or calculation of the amounts and number of shares Mr. Pells purportedly was given pursuant to this agreement. Describe in detail each person's knowledge and involvement.

Answer:

13. Describe in detail the total consideration paid or given by, or on behalf of, HRN under the Asset Purchase Agreement, dated April 13, 1999, and Amended and Restated Asset Purchase Agreement, dated February 2, 2000. Describe the date and form of the consideration, the recipient and the specific paragraph of the agreements under which the consideration was paid or given.

Answer:

__________________________
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Acting Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

________________________
Of Counsel

Dated: December 7, 2005