IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| | ) | **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

## MOTION FOR ORDER SETTING CASE FOR TRIAL

Pursuant to Rule 40 of the Rules of the United States Court of Federal Claims, Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman ("the Litmans"), Robert B. Diener, and Michelle S. Diener ("the Dieners") (collectively "Plaintiffs"), respectfully request this Court to set this case for trial as soon as reasonably practical after the close of discovery, preferably in late June or July, 2006. In support of this Motion, the Litmans and the Dieners respectfully show as follows:

1. The Litmans filed their Complaint on August 30, 2005. The Dieners filed their Complaint on September 7, 2005. Defendant timely filed its answers. At the request of Defendant, the Court consolidated these cases on November 22, 2005.

2. In November, 2005, the Litmans and the Dieners filed similar motions for summary judgment which they believe will dispose of all issues in this case (the "Motion for Summary Judgment"). On January 17, 2006, the Court entered an Order deferring the Motion for Summary Judgment until discovery is completed in this case. Discovery is scheduled to be completed by the parties by May 31, 2006. Expert reports also will have been exchanged by that date.

3. This case, which involves an abuse of process by the Internal Revenue Service ("IRS"), is ripe for determination. Sixteen months ago, the IRS issued Notices of Deficiency to the Litmans and the Dieners assessing over $25 million of tax based on an IRS valuation position the IRS knew was wrong. The IRS asserted that the value of the shares of stock received by the TMF Liquidating Trust in connection with the sale of its assets to Hotel Reservations Network, Inc. ("HRN") were equal in value to the $16 per share initial public offering price of freely traded HRN shares, despite the fact that the Shares received by the TMF Liquidating Trust were subject to onerous sale restrictions[1] (the "Restricted Shares"). The IRS's $16 per share valuation position was not supported by any expert valuation opinion and was

[1] Those onerous restrictions included, among other things (1) contractual holding periods (the majority of the Restricted Shares were subject to a four year restriction on sale), (2) SEC Rule 144 volume restrictions on the number of Restricted Shares that could be sold after holding periods expired, (3) the requirement that approval of HRN's parent company be obtained before any Restricted Shares could be sold, (4) the practical market restriction on sale due to the fact that TMF Liquidating Trust was owned by the CEO and President of HRN (any sale might be considered to be a lack of confidence in the company), and (5) the public float was initially only half the size of the Restricted Shares issued to TMF Liquidating Trust, so practically the Restricted Shares could not be sold without drastically lowering the market price.

contrary to both the IRS's published rulings and the stated position of its examining agent.[2] Adding insult to injury, the IRS's Notices of Deficiency included over $5 million of penalties, despite the fact that the Litmans and the Dieners relied on the opinion of a respected appraiser, often relied upon by the IRS in valuation matters, to report the value of the Restricted Shares.

4. As noted above, the Litmans and the Dieners believe that the Motion for Summary Judgment should dispose entirely of the case. However, in the event that the Court finds that material issues of fact exist, the Litmans and the Dieners would like to have those issues tried promptly.

5. Accordingly, the Litmans and the Dieners respectfully request that this case be set for trial as soon as reasonably practical after the May 31, 2006 close of discovery, preferably in late June or July of 2006.

---

[2] In her Revenue Agent's Report, the Examining Agent acknowledged the valuation impact of the sale restrictions, stating that, "[i]t is well settled that restrictions on the sale of stock reduce the stock's fair market value . . . [and] since the HRN stock was unregistered and subject to the resale restrictions of SEC Rule 144, this restriction limited this sale in the public marketplace and would generally justify a discount."

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: March 7, 2006

By: s/ John W. Porter

John W. Porter
Attorney of Record

BAKER BOTTS, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

ATTORNEYS FOR PLAINTIFFS-COUNTERDEFENDANTS
DAVID S. LITMAN, MALIA A. LITMAN,
ROBERT B. DIENER, and
MICHELLE S. DIENER

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was sent by Electronic Mail and FedEx, this 7th day of March, 2006, to Cory A. Johnson, Tax Division, United States Department of Justice, 555 4th Street N.W., Judiciary Center Building, Washington, DC 20530.

s/ John W. Porter

John W. Porter