**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | **No. 05-956 T** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | **No. 05-971 T** |
| **vs.** | ) | **(Judge Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

**THE UNITED STATES' RESPONSE TO**
**PLAINTIFFS' MOTION TO SET A TRIAL DATE**

## Introduction

As provided in this Court's Order of February 8, 2006, a schedule for post-discovery proceedings, including trial, should be set at the post-discovery conference. At that time, the Court and parties can determine how much time is needed for summary judgment motions, if any, and for pretrial exchanges and briefing and trial. This procedure is appropriate and should not be disturbed to set an arbitrary and premature trial date, as plaintiffs' motion requests.

Trial also should not be scheduled now because Hotels.com will shortly file an income tax refund case in this Court and seek to have its case consolidated with these cases. (Counsel for the United States was informed of Hotels.com's intention just last week.) Hotels.com (previously named Hotel Reservations Network, Inc.) is the corporation that issued the restricted stock to plaintiffs that is at issue in these cases. Hotels.com's case also will concern the proper valuation of the restricted stock. The United States will support consolidation, and believes that until the consolidation issue is decided, this Court should not set a trial date.

## I. A TRIAL DATE SHOULD NOT BE CONSIDERED UNTIL THE POST-DISCOVERY CONFERENCE

Discovery is currently scheduled to close in these cases on May 31, 2006, and a post-discovery conference in set for June 2, 2006. *See* February 8, 2006, Order, ¶¶ 3, 4; and RCFC, Appendix A, ¶ 11. The Court ordered the parties to be "prepared to propose [at this conference] a schedule for further proceedings." *See* Feb. 8, 2006, Order, ¶ 4; and RCFC, Appendix A, ¶ 12. As stated in the Court's rules, the purpose of the conference is to determine the best means to resolve the disputes (*i.e.*, summary judgment or trial) and set a schedule for summary judgment briefing or pretrial procedures and trial. *See* RCFC, Appendix A, ¶¶ 11, 12.

The United States believes that it is still appropriate to utilize the post-trial conference to consider a date for trial. As the Court is aware, plaintiffs have filed summary judgment motions that have been deferred until after completion of discovery. *See* January 17, 2006, Order. Plaintiffs apparently intend to pursue their motions then.[1] The United States also may file a

---

[1] In their motions, plaintiffs seek summary judgment regarding the value of the restricted stock they received in 2000 - a distinctly factual issue. The value of this stock will be the subject of expert opinion and, the United States believes, will likely not be susceptible to judgment as a matter of law.

summary judgment motion at that time regarding plaintiffs' statute of limitations claims. (*See, e.g.,* Deiner Complaint, ¶¶ 22, 23, and 35.) At the post-discovery conference, after completion of discovery, the Court and parties will be better able to determine whether it is necessary to set a schedule for briefing these summary judgment motions or whether, instead, the parties can immediately begin pretrial proceedings.

## II. PLAINTIFFS' SUGGESTED TRIAL DATES DO NOT ALLOW SUFFICIENT TIME FOR PRETRIAL PROCEDURES OR SUMMARY JUDGMENT PROCEEDINGS

Plaintiffs suggest that trial be scheduled for June or July 2006. This would not allow sufficient time after completion of discovery, however, for briefing and consideration of summary judgment motions or for the pretrial procedures under this Court's rules. *See* RCFC, Appendix A, ¶¶ 13 - 18. For example, the Court's rules set forth specific time periods and a sequence for the exchange and filing of witness and exhibit lists and pretrial briefing. *Id.* These pretrial proceedings will require at least two months after the close of discovery. *Id.* Moreover, if plaintiffs and the United States proceed with summary judgment motions after the completion of discovery, the motions should be briefed and decided before the parties begin pretrial proceedings - it would be inefficient and wasteful to prepare issues for trial that might be resolved by summary judgment.

## III. TRIAL SHOULD NOT BE SCHEDULED UNTIL IT IS KNOWN WHETHER HOTELS.COM'S REFUND CASE WILL BE CONSOLIDATED HERE

Hotels.com (f/k/a Hotel Reservations Network, Inc.) issued the restricted stock to plaintiffs that is at issue in these cases. Plaintiffs and Hotels.com claimed differing values for the stock on their respective tax returns, however. Plaintiffs claimed the stock had a value of $4.54

per share, and paid capital gains taxes based on that valuation for the 2000 tax year. Hotels.com claimed the stock had a value of $16 per share, and took amortization deductions based on that valuation for the 2000 tax year.[2] Obviously, this created a whipsaw situation for the IRS.

The IRS issued a notice of deficiency to Hotels.com last month concerning its valuation of the restricted stock. The United States has been advised that Hotels.com intends to file a refund suit in this Court in the next week (after an expedited denial of its claim for refund by the IRS) and that Hotels.com will seek to consolidate its case with these cases as directly related. *See* RCFC 40.2(a)(1) and (2), 42, and 42.1. (As the Court is aware, the Deiner and Litman cases were consolidated because they are directly related.) The United States will support consolidation of Hotels.com's case with the Diener and Litman cases. By consolidating all these refund actions, the Court can determine a single value for the restricted stock that will bind all parties and ensure a consistent result that will avoid the whipsaw problem.

Additionally, because substantially the same evidence and witnesses will be involved in all the cases, consolidation is the most efficient means to resolve the common dispute about the value of the stock. For example, as the party that issued the restricted stock to plaintiffs, Hotels.com possesses evidence regarding the value of its stock, the restrictions on the stock, the early removal of those restrictions and the failure by all parties to file a completed IRS Form 8594 (which would have disclosed the different stock valuations).[3] *See*, 26 U.S.C. § 1060(b).

---

[2] Sixteen dollars per share was the initial public offering price for the stock in February 2000.

[3] The purported restrictions on the stock were imposed pursuant to the Amended and Restated Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Deiner and David Litman, dated February 2, 2000. HRN, Inc. became Hotel Reservations Network, Inc., which has now been renamed Hotels.com.

This evidence from Hotels.com likely will be presented in these cases even if Hotels.com's case is not consolidated here. The United States has already subpoenaed Hotels.com and its parent, IAC/ Interactive Corp., requesting documents for use in these cases. (It has not yet received the documents.) The United States also will seek deposition and trial testimony from representatives of these companies and, possibly, their stock valuation expert, in order to defend plaintiffs' claims.[4] Plaintiffs also have sought discovery regarding Hotels.com's valuation of the restricted stock and its dispute with the IRS (although from the United States). A single, consolidated trial of the valuation issue, therefore, is the best way to efficiently and finally resolve the whipsaw problem presented in these cases.[5]

In light of the substantial discovery still to be done, the summary judgment motions to be decided and the consolidation request soon to be presented to this Court by Hotels.com (with the United States' support), the United States suggests that it is premature to set a trial date now. Rather, a trial date should be considered at the post-discovery conference.

---

[4] Hotels.com's parent corporation purportedly had an expert value the restricted stock in late 2001.

[5] Plaintiffs' refund action includes one issue that would not be shared with Hotels.com. Plaintiffs claim that they should be allowed a deduction for compensation paid to Andrew Pells. (*See, e.g.*, Deiner Complaint, ¶¶ 16, 17, 25, and 36.) Part of Mr. Pells' compensation was in the form of a transfer to him of 244,995 shares of the restricted stock at issue here.

**Conclusion**

For all the above reasons, this Court should deny plaintiffs' motion to set a trial date.

Respectfully submitted,

s/ Cory A. Johnson
CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

Dated: March 15, 2006