**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | **No. 05-956 T** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |

| | | |
|---|---|---|
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | **No. 05-971 T** |
| **vs.** | ) | **(Judge Christine O. C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

**THE UNITED STATES' MOTION**
**TO EXTEND THE DISCOVERY SCHEDULE**

These cases were filed in August and September 2005. For the past several months, counsel for the United States has diligently pursued investigation of the facts relevant to these cases by obtaining discovery from both plaintiffs and third-parties. The information gathered to date has revealed the need for additional discovery in order for the United States to properly defend plaintiffs' claims. The United States believes that this additional, necessary discovery cannot reasonably be completed by the deadlines in the current discovery schedule. Accordingly, the United States requests that this Court extend the discovery schedule by 60 days.

The United States also believes that the Court should extend the discovery schedule because Hotels.com - the corporation that issued the restricted stock to plaintiffs that is at issue in these cases - will, in the next week, file an income tax refund case in this Court concerning its valuation of the same restricted stock, and seek to have its case consolidated with these cases. A short extension of the discovery schedule now will allow all the parties, and the Court, to take advantage of the judicial efficiency that will result from consolidation of Hotels.com's case with these cases. The United States requests that the Court consider this motion on an expedited basis.

## CURRENT DISCOVERY SCHEDULE

The current discovery schedule was set by the Court in its Order of February 8, 2006, and is as follows:

| | |
|---|---|
| April 21, 2006 | Exchange of expert reports |
| May 6, 2006 | Exchange of rebuttal reports, if any |
| May 31, 2006 | Close of discovery |

This schedule was proposed by the parties in response to the Court's request for a 120-day discovery schedule. *See* January 17, 2006, Order, ¶ 2 (order deferring plaintiffs' summary judgment motions until completion of discovery). There was no previous schedule and there have been no previous requests for extensions.[1]

[1] In preparing a joint preliminary status report, the parties agreed to propose a schedule that provided for the close of discovery by November 30, 2006. *See*, Affidavit of Cory A. Johnson, attached to The United States Reply Brief in Support of Its Motion to Strike or Continue Plaintiffs' Motions for Summary Judgment. Because plaintiffs filed summary judgment motions, this joint preliminary status report was not filed. *See* RCFC, Appendix A, ¶ 6.

**DISCOVERY STATUS**

In these cases, plaintiffs seek income tax refunds in the combined amount of approximately $30 million. Plaintiffs' claims are principally based on their allegation that the restricted stock of Hotels Reservation Network Inc. (now named Hotels.com), that they received in February 2000, had a value of only $4.54 per share, and that they have, therefore, overpaid the applicable capital gains taxes. Plaintiffs also claim that they were entitled to a multi-million dollar deduction in 2000 for compensation paid to Mr. Andrew Pells, a former employee.

The United States has sought extensive discovery from plaintiffs regarding these claims. It served interrogatories on plaintiffs in December 2005 and received their responses in January 2006. (*See, e.g.*, Plaintiffs David and Malia Litman's Responses to Defendant's First Set of Interrogatories, attached as Exhibit A.) The United States also requested documents from plaintiffs, and received over 5800 pages of documents in January 2006. Counsel for the United States has been reviewing this voluminous information since it was received.

Based on the review of these documents and plaintiffs' interrogatory answers, the United States has learned that the transactions leading to the issuance of this restricted stock (*i.e.*, the purchase and sale of the assets of two businesses owned by plaintiffs and a subsequent IPO by the purchaser), and the subsequent events (*e.g.*, transfer of stock to Mr. Pells and the early removal of the restrictions on the stock), involved numerous third-parties who may have knowledge relating to the value of the restricted stock. These third-parties include other participants to the transactions, purported valuation experts (who valued the stock five years ago), investment bankers and accountants. In order to obtain discovery from these third-parties, the United States has issued several document subpoenas. To date, the United States has served

subpoenas on CBIZ, Inc., KPMG Valuation Group, KPMG LLP, Deloitte & Touche LLP, Hotels.com, and IAC/ Interactive, Corp.

The United States has not yet received complete responses to all of these subpoenas. Many of the records are six years old and the subpoenas require a search of both electronic as well as paper records. Some of the subpoena recipients also have advised counsel for the United States that the relevant records will be voluminous: they concern the acquisition of plaintiffs' businesses and a subsequent initial public offering of stock. Because the subpoena recipients appear, so far, to be attempting to respond (with extensions) in good faith, the United States has not deemed it necessary to burden this Court with motions to compel. Nevertheless, the process of obtaining discovery from third parties has taken more time than expected.[2]

Plaintiffs also have served extensive discovery. Their requests to the United States include requests to admit (99 in total) served in November, 2005, interrogatories served in January 2006, document requests served in December 2005 and March 2006 and a request for the deposition of an IRS agent in April 2006. The United States is not aware of any discovery plaintiffs have sought from third-parties. Plaintiffs have requested copies of the documents subpoenaed by the United States, however.

---

[2] KPMG LLP has asserted that it needs plaintiffs' permission to produce documents. Counsel for the United States has inquired whether plaintiffs intend to provide their permission, but has not received a response. Accordingly, the United States may need to seek the Court's assistance with enforcement of the subpoena to KPMG LLP.

## ADDITIONAL NECESSARY DISCOVERY

The United States currently intends to depose the Litmans on March 30th and 31st and the Deiners on April 3rd and 4th. The United States also intends to, and needs to, continue to seek discovery from the third-parties that it has learned (through discovery) may have relevant information. For example, the United States will need to depose representatives of Hotels.com, IAC/ Interactive, KPMG and Deloitte & Touche after it receives and reviews the records it has subpoenaed from them. These witnesses will have information about several significant issues, including the consideration given by plaintiffs in exchange for the restricted shares, the negotiation of the number and value of restricted shares issued to plaintiffs and the discussions or understandings regarding the restrictions, and removal of restrictions, on the sale of the shares. Depositions of these fact witnesses likely cannot be completed, however, before expert reports are due on April 21, 2006.

The United States will continue to diligently pursue this discovery (while also responding to plaintiffs' continuing discovery requests), but believes that additional time is required to prepare a defense of plaintiffs' claims.

## POSSIBLE CONSOLIDATION OF REFUND CLAIM OF HOTELS.COM

The United States believes that a short extension of the discovery schedule also would be appropriate because of the soon-to-be-filed request of Hotels.com to have its income tax refund claim consolidated with these cases. The United States has been advised that Hotels.com will file a refund claim in this Court in the next week. (Counsel for the United States learned of

Hotels.com's intentions just last week.)[3]

Hotels.com (f/k/a Hotel Reservations Network, Inc.) issued the restricted stock to plaintiffs that is at issue in these cases. Plaintiffs and Hotels.com claimed different values for the stock on their respective tax returns, however. Plaintiffs claimed the stock had a value of $4.54 per share, and paid capital gains taxes based on that valuation for the 2000 tax year. Hotels.com claimed the stock had a value of $16 per share, and took amortization deductions based on that valuation for the 2000 tax year.[4] Obviously, this created a whipsaw situation for the IRS. Last month, the IRS issued a notice of deficiency to Hotels.com concerning its valuation of the restricted stock.

The United States will support Hotels.com's request to consolidate its case with the Diener and Litman cases as directly related. *See* RCFC 40.2(a)(1) and (2), 42, and 42.1. (As the Court is aware, the Deiner and Litman cases were consolidated because they are directly related.) By consolidating all these refund actions, the Court can determine a single value for the restricted stock that will bind all parties and ensure a consistent result that will avoid the whipsaw problem.

Additionally, because substantially the same evidence and witnesses will be involved in all the cases, consolidation is the most efficient means to resolve the common dispute about the value of the stock. For example, as the party that issued the restricted stock to plaintiffs, Hotels.com possesses evidence regarding the value of its stock, the restrictions on the stock, the

---

[3] Because of the short discovery schedule currently in place, and plaintiffs' pending motion to set a trial date, the United States believed it could not wait another week, until Hotels.com had actually filed its case, in order to file this motion.

[4] Sixteen dollars per share was the initial public offering price for the stock in February 2000.

early removal of those restrictions and the failure by all parties to file a completed IRS Form 8594 (which would have disclosed the different stock valuations).[5] *See*, 26 U.S.C. § 1060(b). This evidence from Hotels.com likely will be presented in these cases even if Hotels.com's case is not consolidated here. As noted above, the United States has already subpoenaed Hotels.com and its parent, IAC/ Interactive Corp., requesting documents for use in these cases. (It has not yet received the documents.) The United States also will seek deposition and trial testimony from representatives of these companies and, possibly, their stock valuation expert, in order to defend plaintiffs' claims.[6] Plaintiffs also have sought discovery regarding Hotels.com's valuation of the restricted stock and its dispute with the IRS (although from the United States). A single, consolidated trial of the valuation issue, therefore, is the best way to efficiently and finally resolve the whipsaw problem presented in these cases. The United States' believes that these benefits from consolidation substantially outweigh any inconvenience that might result from an extension of the discovery schedule.

In order to be able to take advantage of some of the efficiency benefits of consolidation, the United States believes a short extension of the current discovery schedule is appropriate now, while the Court considers Hotels.com's consolidation request. Discovery on some issues would be more productive and efficient after Hotels.com is a party to these proceedings. (In particular, it may be appropriate to conduct the depositions of plaintiffs after Hotels.com is a party to these

---

[5] The purported restrictions on the stock were imposed pursuant to the Amended and Restated Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Deiner and David Litman, dated February 2, 2000. HRN, Inc. became Hotel Reservations Network, Inc., which has now been renamed Hotels.com.

[6] Hotels.com's parent corporation purportedly had an expert value the restricted stock in late 2001.

proceedings.) The current schedule, however, may require the parties here to proceed with such discovery before this Court can decide the consolidation request in the next few weeks. A short 60-day extension is, therefore, appropriate, and should not cause any prejudice to the parties here - as noted above, the parties previously agreed to propose a much longer schedule, with discovery closing November 30, 2006. (*See*, Affidavit of Cory A. Johnson, attached to The United States Reply Brief in Support of Its Motion to Strike or Continue Plaintiffs' Motions for Summary Judgment.)

**Conclusion**

The United States requests that this Court extend each of the deadlines in the current discovery schedule by 60 days for two, independent reasons: (i) as described above, additional time is needed for discovery in these cases, whether or not Hotels.com's case is consolidated here; and (ii) the United States and Hotels.com intend to ask this Court to consolidate Hotels.com's refund claim with these cases, and a short extension of the schedule now will permit the parties to take advantage of some of the efficiencies of consolidation, if it is allowed by the Court.

The United States respectfully requests that the Court consider this motion on an expedited basis.

Respectfully submitted,

s/ Cory A. Johnson
CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ Steven I. Frahm
Of Counsel

Dated: March 15, 2006