**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiffs.** | ) | **No. 05-956 T** |
| **ROBERT B. DEINER and MICHELLE S. DEINER,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiff.** | ) | **No. 05-971 T** |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.**<br><br>**Plaintiff**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant** | ) | **No. 06-285 T**<br><br>**(Christine O. C. Miller)** |

**THE UNITED STATES' MOTION FOR LEAVE
TO FILE AMENDED COUNTERCLAIMS
AGAINST THE LITMANS AND DIENERS**

Defendant the United States, pursuant to RCFC 15(a), moves this Court for leave to file amended counterclaims against plaintiffs Robert and Michelle Diener and David and Malia Litman. The amended counterclaims add a second count against the Litmans and Dieners alleging a protective claim for additional taxes, interest and penalties that may be due to the United States. The additional counts are necessary because of the recent assertion by plaintiff Hotels.com that the restricted stock its predecessor transferred to the Litmans and Dieners in 2000 may have had a fair market value in excess of $16 per share.

**Background**

These consolidated income tax refund cases concern the value of approximately 10 million shares of restricted stock of Hotel Reservations Network, Inc. ("HRN") transferred to the Litmans and Dieners by HRN in 2000. [1] As the Court is aware, plaintiffs reported different values for the stock in their respective tax returns, and whipsawed the IRS. For purposes of paying capital gains taxes in 2000, the Litmans and Dieners valued the stock at an average of $4.54 per share. For purposes of taking goodwill amortization deductions in 2000, Hotels.com valued the stock at $16 per share.

In order to close the resulting tax gap, the IRS (after unsuccessfully trying to get plaintiffs to agree to one value), issued notices of deficiency to the Litmans and Dieners based on a stock value of $16 per share (Hotels.com's reported valuation), and to Hotels.com based on $4.54 per

---

[1] The restricted stock was issued to the Litmans and Dieners in connection with an IPO conducted by HRN in 2000. The IPO price of the (unrestricted) HRN stock was $16 per share.

share (the Litmans and Dieners' reported valuation). All the parties are now before this Court so that one value for the stock can be determined, and the transaction properly and consistently taxed. [2]

Prior to the recent exchange of expert reports in this case, Hotels.com had never claimed that the restricted stock had a value in excess of $16 per share. As noted above, Hotels.com declared the stock had a value of $16 per share in its 2000 tax return. In its original 2001 - 2004 tax returns, Hotels.com declared the stock had a value of approximately $10 per share. (This lower value was based on a valuation it received from Deloitte & Touche soon after filing its 2000 return). Just a few months ago, Hotels.com filed amended tax returns for the years 2001 - 02, based on a stock valuation of $16 per share. In its interrogatory answers in this case, Hotels.com claims that it and the Litmans and Dieners agreed in 2000 that the restricted stock had a value of $16 per share.

Within the last several weeks, during expert discovery in this case, Hotels.com has disclosed the opinion of its new valuation expert. (Hotels.com is not using Deloitte & Touche as its valuation expert in this case). According to this expert, the HRN restricted stock is appropriately valued at approximately $23 per share, not $16, or $10, per share. This new, higher value is principally due to the fact that Hotels.com values the stock as of March 1, 2000, instead of February 24, 2000, the date used by the United States' expert and Litman and Dieners' expert,

---

[2] The IRS discovered the whipsaw despite the fact that none of the parties to transaction filed a completed IRS Form 8594 with their respective 2000 returns. Filing of this form was required by 26 U.S.C. § 1060, and would have disclosed the different valuations.

or February 25, 2000, the date used by Deloitte & Touche and, previously, Hotels.com.[3] It is the United States' understanding that Hotels.com is asserting the stock had a fair market value of $23 per share as an alternative to its claim that the stock is properly valued at $16 per share for tax purposes.

The Litmans and Dieners' expert has again valued the restricted stock at an average of $4.54 per share. The United States' expert has determined that the stock is appropriately valued at an average of approximately $12 per share.

**Argument**

Hotels.com's alternative claim, that the appropriate value for the restricted stock for tax purposes may be $23 per share, could again lead to a whipsaw of the IRS, and a tax gap. The Litmans and Dieners have, to date, paid taxes for the year 2000 based on a $16 per share value for the 10 million shares they received. If this Court determines that the appropriate value for the restricted stock is in excess of $16 per share, the Litmans and Dieners will owe additional taxes, interest and penalties. Accordingly, in order for the stock transfer to be properly and consistently taxed, the Court would need to enter judgment against the Litmans and Dieners for these additional amounts, as well as deny their claims for refunds. The United States, therefore, requests leave to amend its counterclaims against the Litmans and Dieners to include a claim for the taxes, interest and penalties that would be due based on a potential stock value in excess of $16 per share.[4]

---

[3] HRN's stock began public trading on February 25th, and by March 1st its price had increased from the IPO price of $16 to approximately $26 per share.

[4] By seeking to assert a counterclaim, the United States does not concede or intend to imply that it agrees that the HRN restricted stock is properly valued in excess of $16 per share.

RCFC 15(a) provides that "leave [to amend pleadings] shall be freely given when justice so requires." The United States' proposed amendments clearly satisfy this standard. The purpose of this consolidated proceeding is to close the tax gap created by the plaintiffs' use of different valuations for the restricted stock, and determine the proper incidence of taxation among the plaintiffs based on one, consistent stock valuation. Judgments against the Litmans and Dieners for additional taxes would be necessary to accomplish this if the Court determines the stock was worth more than $16 per share.

Under section 6501(e)(1), the amended counterclaims are timely. If this Court determines that the stock is appropriately valued in excess of $16 per share, the Litmans and Dieners, having filed their returns using an average value of $4.54 per share, both will have omitted from their respective tax returns income in excess of 25% of that stated on their respective returns. The six-year limitations period would, therefore, be applicable. Additionally, no prior assessment of the taxes would be necessary. *See* 26 U.S.C. § 6501(e)(1).

Copies of the United States' proposed amended counterclaims are attached as Exhibits A and B. The new counts are added as Count II in each. Count I in each counterclaim remains unchanged except for a change made to paragraph one to highlight the difference between the two counts. (Count I seeks interest on the tax and penalty payments the Litmans and Dieners have already made).

---

As noted above, the United States' expert has determined that the restricted stock should be valued at approximately $12 per share.

Respectfully submitted,

*s/ Cory A. Johnson*

CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Dated: August 2, 2006