IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | **No. 06-285T (Judge Christine O.C. Miller)** |
| **Plaintiffs,** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## TMF LIQUIDATING TRUST'S RESPONSE TO HOTELS.COM'S MOTION TO COMPEL

Pursuant to Rules 26 and 45 of the Rules of the United States Court of Federal Claims ("RCFC"), TMF Liquidating Trust responds to Hotels.com's Motion to Compel (the "Motion") TMF Liquidating Trust's Response to Request No. 11 as follows:

1. Hotels.com's attempt to compel TMF Liquidating Trust to produce five years of investment and brokerage statements should be denied as it is an improper attempt, through a subpoena invalid on its face, to obtain confidential and personal financial information

regarding TMF Liquidating Trust and David Litman, Malia Litman, Robert Diener and Michelle Diener (collectively, "Plaintiffs") which is irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. *See* RCFC 26(b)(1); RCFC 45(c).

2. The principal issue in this case, and the only issue to which Hotels.com is a party, is the fair market value of the restricted shares of Hotel Reservations Network, Inc. ("HRN") stock issued to TMF Liquidating Trust on February 24, 2000 ("the Restricted Shares") in connection with HRN's initial public offering of its stock. TMF Liquidating Trust is a flow-through entity owned by Plaintiffs (and certain trusts that Plaintiffs are treated as owners of under I.R.C. § 671-678). David Litman and Robert Diener are the trustees of TMF Liquidating Trust.

3. Hotels.com erroneously claims it is entitled to obtain discovery of five years of TMF Liquidating Trust's brokerage and investment statements (years 1999 – 2004) on two grounds: (1) Hotels.com claims that the five years of statements are relevant to determining the date that the Restricted Shares were issued to TMF Liquidating Trust; and (2) Hotels.com claims that the five years of statements are relevant for purposes of valuation of the Restricted Shares to determine whether or not TMF Liquidating Trust had a diversified portfolio on the valuation date. As demonstrated below, Hotels.com's relevance assertions are a specious attempt to obtain confidential and personal financial information from TMF Liquidating Trust and Plaintiffs. It is precisely this type of harassing discovery that Plaintiffs anticipated from Hotels.com when Plaintiffs requested the Court to deny Hotels.com's request to intervene in this case in April.[1]

---

[1] This is not the only harassing request for confidential financial information made by Hotels.com in this case. In its Second Set of Interrogatories issued on June 6, 2006, Hotels.com requested the following information from Plaintiffs: "For each of the years 2000 through 2004, provide a listing of assets held directly or indirectly (including but not limited to assets held in trust) by you and your immediate family. For purposes of this

4. Hotels.com's Motion should be denied for each of the following independent reasons:

- The Subpoena is invalid on its face under RCFC 45, as it purports to require the production of documents at a place more than 100 miles from TMF Liquidating Trust's place of business, which is Dallas, Texas. TMF Liquidating Trust timely objected to the Subpoena on these grounds and Hotels.com made no effort to correct the deficiency. A copy of TMF Liquidating Trust's Responses and Objections to the Subpoena is attached as Exhibit A.

- TMF Liquidating Trusts investment and brokerage statements for 1999 through 2004 are irrelevant to any issue in this case and are not reasonably calculated to lead to the discovery of admissible evidence because (1) Hotels.com is precluded from asserting that the Restricted Shares were issued on a date other than February 24, 2000; and (2) the diversification of the assets of TMF Liquidating Trust on the valuation date is irrelevant to the determination of the fair market value of the Restricted Shares.

- Request No. 11 ("the Request") is clearly overbroad as it seeks brokerage and investment statements over a five year period and improperly seeks personal and confidential financial information regarding TMF Liquidating Trust and Plaintiffs. Even assuming for the sake of argument that some of the statements are relevant for determining the date the shares were issued or the diversification of the TMF Liquidating Trust on the valuation date is relevant, only two months of such statements (February and March of 2004) could have any possible relevance to the valuation date and diversification issues raised by Hotels.com in its Motion.

**A. The Motion to Compel Should Be Denied Because Hotels.com's Subpoena is Invalid as it Purports to Require the Production of Documents More Than 100 Miles From TMF Liquidating Trust's Place of Business.**

5. RCFC 45(b)(2) requires that any subpoena requiring the production of documents be served within 100 miles of the place designated for production. Here, the Subpoena purports to require the production of documents at the offices of Latham & Watkins in Washington D.C. TMF Liquidating Trust's principal place of business is Dallas, Texas and its trustees reside in Miami, Florida and Dallas, Texas, both of which are more than 100 miles from Washington D.C. Accordingly, the Subpoena is invalid on its face and cannot be enforced.

---

Interrogatory, please provide the listing as of February 24, 2000, and as of December 31, 2000 and each year thereafter." Plaintiffs also objected to this interrogatory.

**B. The Motion to Compel Should be Denied Because the Variance Doctrine Prohibits Hotels.com from Attempting to Prove a Valuation Date Other than February 24, 2000, the Date that Hotels.com Acknowledges in its Claim for Refund that the Restricted Shares were Issued to the TMF Liquidating Trust. Thus, Hotels.com Seeks to Compel the Production of Documents Irrelevant to the Issues In This Case and Not Reasonably Calculated to Lead to Discovery of Admissible Evidence.**

6. Hotels.com's argument that the five years of brokerage statements sought from TMF Liquidating Trust is relevant to the issue of when the Restricted Shares were received by TMF Liquidating Trust ("the valuation date issue") is specious. Hotels.com's recently asserted claim that the Restricted Shares were issued to TMF Liquidating Trust by Hotels.com on a date other than February 24, 2000, cannot be raised by Hotels.com because that factual assertion varies from Hotels.com's unambiguous factual assertion in its Claim for Refund that the Restricted Shares were issued on February 24, 2000. *See Lockheed Martin Corp. v. U.S.*, 210 F.3d 1366, 1371 (Fed. Cir. 2000) (taxpayer cannot raise factual issues that vary substantially from its Claim for Refund).

7. In its Claim for Refund for year 2000, which is attached to and made a part of its Complaint in this case, Hotels.com unambiguously acknowledges that:

> Pursuant to the Amended Purchase Agreement, **on February 24, 2000, Hotels.com issued the sellers 5,100,000 shares of class A common stock**.
>
> * * *
>
> **On February 24, 2000, Hotels.com issued the sellers 4,899,900 shares of class A common stock** ("Section 7.13.1 Shares").

*See* Exhibit B ¶¶ 2, 3 and 13 (emphasis added). Consistent with Hotels.com's assertion in its Claim for Refund, the Restricted Share certificates bear a February 24, 2000 issuance date.

8. In its Claim for Refund for year 2000, and its Complaint, Hotels.com asserted that the fair market value of the Restricted Shares was $16 per share. During the audit

of its 2000 federal income tax return and in its federal income tax returns for 2001, 2002, and 2003, Hotels.com asserted that the fair market value of the Restricted Shares was $10.18 per share. The $10.18 value of the Restricted Shares was based upon an appraisal of the Restricted Shares performed by Deloitte & Touche.

9. Within the last several weeks, during expert discovery in this case, Hotels.com disclosed the opinion of its new valuation expert (Hotels.com is not using Deloitte & Touche as its valuation expert in this case). According to Hotels.com's "new" expert, the Restricted Shares issued to TMF Liquidating Trust before HRN's initial public offering should be valued at approximately $23 per share ($7 above the initial public offering price), not $16 per share as asserted in Hotels.com's Claim for Refund, nor $10.18 per share as determined by Hotels.com's first expert. This new, substantially higher value, is principally due to the fact that Hotels.com expert determined the value of the stock as of March 1, 2000, instead of February 24, 2000, the date which Hotels.com states in its Claim for Refund that the Restricted Shares were issued to TMF Liquidating Trust. Thus, Hotels.com now seeks discovery to support a new valuation date position not taken by it in its tax returns, its Claim for Refund, or its Complaint; namely, that Restricted Shares were issued on March 1, 2004, and had a fair market value of approximately $23 per share.

10. The variance doctrine prohibits Hotels.com from, as it seeks to do here, raising factual issues that were not raised in its Claim for Refund and contradicting factual assertions contained in its Claim for Refund. *See, e.g., Union Pacific R.R. Co. v. U.S.*, 389 F.2d 437 (Ct. Cl. 1968); *Boddie-Noel Enterprises, Inc. v. U.S.*, 36 Fed. Cl. 722 (1996). This Court lacks jurisdiction to hear any basis for refund not made clear in a timely-filed Claim for Refund. *Id.* The Claim for Refund "must set forth in detail each ground upon which the credit

or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." Treas. Reg. § 301.6402-2(b); *see also Mobil v. U.S.*, 52 Fed. Cl. 327, 331 (2002). The taxpayer cannot substantially vary at trial from the factual bases raised in the claim for refund. *Lockheed Martin Corp. v. U.S.*, 210 F.3d at 1371.

11. Accordingly, Hotels.com cannot now assert that March 1, 2000, was the proper date to value the shares at issue in this case or that the value of the shares is something higher than $16 per share, because it did not raise those factual issues in its Claim for Refund. *See Mobil*, 52 Fed. Cl. at 333. Hotels.com's valuation date argument substantially varies from the factual bases of its claim for refund and this Court has no jurisdiction to hear such a claim. *See Lockheed Martin Corp.*, 210 F.3d at 1371. Hotels.com's new position is not simply a clarification or an incremental change – it is a fundamental change in its position that if Hotels.com's "new" expert is to be believed – would have a dramatic potential impact on the tax or refunds due as a result of this case.[2] Because the variance doctrine prevents Hotels.com from introducing evidence to contradict the factual assertion contained in the Claim for Refund that the Restricted Shares were issued to TMF Liquidating Trust on February 24, 2000 (which is the valuation date used by Plaintiffs' expert and Defendant's expert), TMF Liquidating Trust's investment and brokerage statements are irrelevant to the issue and not reasonable calculated to lead to the discovery of admissible evidence.

12. Moreover, even if Hotels.com was not precluded from attempting to contradict its assertion that the Restricted Shares were issued on February 24, 2000, TMF

---

[2] Hotels.com has also judicially admitted that the correct valuation date for the Restricted Shares was February 24, 2000 by incorporating by reference its Claim for Refund into its Complaint in this case. *See* RCFC 10(c) ("exhibit to a pleading is a part thereof for all purposes"); *Filtration Development Co., LLC v. U.S.*, 60 Fed. Cl. 371, 381 (Fed. Cl. 2004) ("pleadings are judicial admissions and a party may invoke the language of the opponent's pleading to render the facts contained therein indisputable") *quoting E.C. McAfee A/C Bristol Metal Indus. of Canada, Ltd. v. United States*, 832 F.2d 152, 154 n. (Fed. Cir. 1987).

Liquidating Trust's brokerage and investment account statements have no relevance to the proper valuation date for the Restricted Shares. Because the appropriate valuation date is the date Plaintiffs acquired the legal right to the Restricted Shares under the terms of the Amended and Restated Asset Purchase Agreement (which, until Hotels.com produced its "new" expert report, all parties agreed was February 24, 2000), the date TMF Liquidating Trust transferred those shares to its brokerage account has no relevance. *See C.M. Hall Lamp Co. v. U.S.*, 201 F.2d 465 (6th Cir. 1953).

**C. The Motion to Compel Should be Denied Because the "Diversification of Investments" in TMF Liquidating Trust Has No Relevance to the Fair Market Value of the Restricted Shares. Thus, Hotels.com Seeks to Compel the Production of Documents Irrelevant to the Issues In This Case and Not Reasonably Calculated to Lead to Discovery of Admissible Evidence**

13. Hotels.com also argues that the brokerage statements requested are relevant because they might show the "diversification of investments" of TMF Liquidating Trust's investment portfolio is completely without merit. Hotels.com's argument ignores the applicable standard for determining the fair market value of the Restricted Shares received by TMF Liquidating Trust. The fair market value standard is based upon "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." Treas. Reg. § 20.2031-1(b); Treas. Reg. § 25.2512-1. The buyer and the seller are hypothetical persons, not the persons who actually transfer or receive the stock. However, Hotels.com improperly attempts to focus on TMF Liquidating Trust and the composition of its portfolio. *See, e.g., Estate of Davis v. Comm'r*, 110 T.C. 530, 535 (1998) ("The willing buyer and the willing seller are hypothetical persons, rather than specific individuals or entities, and the individual characteristics of these hypothetical persons are not necessarily the same as the individual characteristics of the actual seller or the actual buyer"); *Estate of Bright v. Comm'r*,

658 F.2d 999, 1005-06 (5th Cir. 1981) ("the willing seller is not the [taxpayer] itself, but is a hypothetical seller"). Any other assets held by TMF Liquidating Trust have no relevance to what a hypothetical willing buyer would pay a hypothetical willing seller for the Restricted Shares.[3] Accordingly, the Request could not result in the discovery of admissible evidence bearing on the fair market value of the Restricted Shares.

**D. The Motion to Compel Should Be Denied Because Hotels.com's Overbroad Request for Five Years of Brokerage and Investment Account Statements Improperly Seeks Personal and Confidential Financial Information from TMF Liquidating Trust and Constitutes Harassment.**

14. The Request is also overbroad as it inexplicably seeks documents covering a five year period, including the year before the Restricted Shares were issued to TMF Liquidating Trust and the four years after the Restricted Shares were issued. Even assuming for the sake of argument that some of the statements are relevant for determining the date the shares were issued or the diversification of the TMF Liquidating Trust on the valuation date, only two months of such statements (February and March of 2000) could have any possible relevance to the valuation date and diversification issues. Hotels.com completely fails to articulate any basis for seeking the other 58 months of financial statements requested. Thus, if the Court determines that the investment and brokerage statements are somehow relevant, any compelled production should be limited to statements for February and March of 2000.

15. As noted above, however, the brokerage statements are not relevant for any purpose in this case. Granting Hotels.com's request to compel the production of five years of brokerage and investment statements would force TMF Liquidating Trust and Plaintiffs to

[3] Additionally, events and facts occurring after the valuation date have no relevance to the valuation process. *See Grill v. U.S.*, 303 F.2d 922, 927 (Ct. Cl. 1962) ("the valuation for income tax purposes must be made as of the relevant date, without regard to events occurring subsequently"). Accordingly, the Request is overbroad to the extent it seeks statements covering periods other than February or March of 2000 because the financial circumstances of TMF during any other time could not be relevant to the value of the Restricted Shares.

disclose confidential personal financial information to Hotels.com -- information which it is not entitled to obtain. TMF Liquidating Trust and Plaintiffs should not be forced to disclose their personal finances so Hotels.com can go on an undisclosed fishing expedition.

16. Interestingly, Hotels.com's Subpoena (the "Subpoena") appears to have been issued to TMF Liquidating Trust (which, as noted above, Plaintiffs are the owners of) in an attempt to circumvent the normal deadlines for party discovery and to achieve expedited discovery Hotels.com expressly told this Court it would not seek. *See* Transcript of April 27, 2006, Hearing at p. 5. Hotels.com's subpoena to TMF Liquidating Trust was issued on May 24, 2006, and purported to require a response by June 7 -- only two weeks later. TMF Liquidating Trust's response was due the same day as the scheduled deposition of Robert Diener and the day before Michelle Diener's deposition. Before issuing the Subpoena to TMF Liquidating Trust, Hotels.com had served Requests for Production -- with many of the same requests contained in the Subpoena[4] -- on the Dieners and the Litmans on May 10, 2006. Copies of these Requests for Production are attached as Exhibit C and a copy of the Subpoena is attached as Exhibit D for the Court's convenience. Responses to the Requests for Production were not due until June 12, 2006, ***after*** the Dieners' depositions and only three days before the Litmans' scheduled depositions on June 15 and 16. Thus, the Subpoena was an obvious attempt by Hotels.com to procure responses to its requests for production to the Litmans and the Dieners earlier than allowed under RCFC 36 and to achieve the expedited discovery it told this Court it would not seek.

---

[4] For example, compare Requests 5 - 9 in the Subpoena with Requests 24 - 28 in the Requests for Production. *See* Exhibit C at p. 8 and Exhibit D at p. 4.

For the foregoing reasons, TMF Liquidating Trust respectfully requests that Hotels.com's Motion to Compel TMF Liquidating Trust's Response to Request No. 11 be DENIED.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: August 4, 2006

By: s/ John W. Porter
John W. Porter
Attorney of Record

BAKER BOTTS, L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

ATTORNEYS FOR PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER AND DAVID S. LITMAN AND ROBERT B. DIENER, CO-TRUSTEES OF TMF LIQUIDATING TRUST

**Exhibits**

| | |
|---|---|
| Exhibit A | TMF Liquidating Trust's Responses and Objections to the Subpoena |
| Exhibit B | Hotels.com Claim for Refund for year 2000 |
| Exhibit C | Hotels.com's First Request for Production of Documents to David S. and Malia A. Litman and Hotels.com's First Request for Production of Documents to Robert B. and Michelle S. Diener |
| Exhibit D | Subpoena of Records to TMF Liquidating Trust |