# EXHIBIT B

expedia inc.

March 16, 2006

Revenue Agent Susan Weiss
Internal Revenue Service
4050 Alpha Road
MC: 4627NWSAT
Farmers Branch, TX 75244

Re: Hotels.com & Subsidiaries (f/k/a HRN, Inc. & Subsidiary), Form 1120X, taxable year ended December 31, 2000, Taxpayer Identifying Number 75-2817683

Refund Claim and Expedited Claim Disallowance Request

Dear Agent Weiss:

Enclosed please find our IRS Form 1120X Amended U.S. Corporation Income Tax Return for the year 2000, and attachments, on which we claim a refund of tax, penalty, and interest, as therein described.

We request that our refund claim be immediately rejected pursuant to Internal Revenue News Release IR-1600, a copy of which is also enclosed. As explained in IR-1600, expedited claim disallowance is available to taxpayers seeking to file a refund suit, so long as the return was previously examined by the Service. As you know, Hotels.com's IRS Form 1120 for 2000 was examined, and a Notice of Deficiency was issued on February 10, 2006. On March 9, 2006, Hotels.com paid $2,776,456 tax, $ 491,338 penalty, and $1,054,991 interest with respect to this tax period.

Please fax to me at (425) 564-7250 our Notice of Claim Disallowance. If there are any questions, please contact me at (425) 679-7441 or dsuhadolnik@expedia.com.

Very truly yours,

Donna Suhadolnik
U.S. Income Tax Director

3150 139th Avenue SE | Bellevue WA | 98005 | USA | T +1 425 679 7200 | F +1 425 679 7240 | www.expediainc.com

[¶ 6609] Internal Revenue News Release IR-1600, April 26, 1976.

*[Code Secs. 6402 and 7422]*

Refunds and credits: Suits by taxpayer: Special procedure.—Taxpayers filing claims for refund of contested income, estate or gift taxes may choose to move their cases to the courts faster by using a special procedure. If they do not wish to pursue an appeal within the IRS, they should request in writing that the claim be immediately rejected. A notice of claim disallowance will then be promptly sent to the taxpayer. This special procedure applies to Forms 1040X, 1120X or other claims for refund. Back references: ¶ 5408.81 and 5785.19.

Taxpayers filing claims for refund based solely on contested income, estate or gift tax issues considered in previously examined returns, may choose to move their cases to the courts faster by using a special procedure, the Internal Revenue Service today said.

The special procedure applies to Forms 1040X, 1120X or other claims for refund.

A taxpayer, in such a case, who does not wish to pursue an appeal within the IRS should request in writing that the claim be immediately rejected. A notice of claim disallowance will then be promptly sent to the taxpayer. Upon receipt of the disallowance, the taxpayer has two years to file a refund suit in the United States District Court having jurisdiction or the United States Court of Claims.

---

[¶ 6610] Commissioner's Delegation Order No. 41 (Rev. 6), filed with the Federal Register on March 30, 1976.

*[Code Sec. 7804]*

Internal Revenue Service: Delegation of authority: Imprest funds.—Authority to determine the need for imprest funds to be used for making small cash purchases has been delegated. Back reference: ¶ 5978.01.

Pursuant to authority vested in the Commissioner of Internal Revenue by Treasury Department Order No. 150 (Revised), dated October 15, 1959, there is hereby delegated to the officials named below the authority to determine the need for imprest funds to be used for making small cash purchases and the locations at which such imprest funds are required; to request the designation of officers and employees to serve as cashiers with authority to hold cash for the making of small cash purchases; to request the revocation of such designations; and to request the amount of advance to be carried by each such cashier:

Fiscal Management Officer

Assistant Fiscal Management Officer

Chief, Accounting Branch, Fiscal Management Division

Chief, Fiscal Section, Fiscal Management Division

Regional Commissioners

Assistant Regional Commissioners (Administration)

Chiefs, Fiscal Management Branches

Chiefs, Fiscal Sections, Fiscal Management Branches

The authority delegated herein may not be redelegated.

This Order supersedes Delegation Order No. 41 (Rev. 5), issued September 3, 1968.

Date of issue: January 28, 1976.

Effective: February 20, 1976.

DONALD C. ALEXANDER,
*Commissioner.*

---

[¶ 6611] Internal Revenue Service News Release IR-1601, April 28, 1976.

*[Code Sec. 4942]*

Private foundations: Minimum investment return: Applicable percentage.—For taxable years beginning in 1976, the applicable percentage to be used by private foundations in determining their minimum investment returns has been increased from 6% to 6.75%. Back reference: ¶ 4997U.36.

The percentage to be used by private foundations in determining minimum investment return for taxable years beginning in 1976 has been increased from 6 percent to 6.75 percent, the Internal Revenue Service today announced.

The minimum investment return is a factor in determining the amount of income



© 1976, Commerce Clearing House, Inc.

Form **1120X** (Rev. December 2004)
Department of the Treasury
Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132
For tax year ending ▶ 12/31/2000 (Enter month and year.)

Name: HOTELS.COM INC. & SUBSIDIARIES
Employer identification number: 75-2817683

Please Type or Print
Number, street, and room or suite no. (If a P.O. box, see instructions.): 10440 N CENTRAL EXPRESSWAY, STE 400
Telephone number (optional):
City or town, state, and ZIP code: DALLAS, TX 75231

Enter name and address used on original return (If same as above, write "Same."): HRN, Inc. & Sudsidiaries

Internal Revenue Service Center where original return was filed ▶ Ogden, UT

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I Income and Deductions (see instructions)**

| | | (a) As originally reported or as previously adjusted | (b) Net change - increase or (decrease) - explain in Part II | (c) Correct amount |
|---|---|---|---|---|
| 1 Total income (Form 1120 or 1120-A, line 11) | 1 | 89,266,420 | 0 | 89,266,420 |
| 2 Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | 49,626,948 | 6,364,477 | 55,991,425 |
| 3 Taxable income. Subtract line 2 from line 1 | 3 | 39,639,472.00 | -6,364,477.00 | 33,274,995.00 |
| 4 Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 13,873,815 | 2,227,567 | 11,646,248 |

**Payments and Credits (see instructions)**

| | | (a) | (b) | (c) |
|---|---|---|---|---|
| 5a Overpayment in prior year allowed as a credit | 5a | None | None | None |
| b Estimated tax payments | 5b | 8,651,000 | | 8,651,000 |
| c Refund applied for on Form 4466 | 5c | None | None | None |
| d Subtract line 5c from the sum of lines 5a and 5b | 5d | 8,651,000.00 | | 8,651,000.00 |
| e Tax deposited with Form 7004 | 5e | 1,550,000 | | 1,550,000 |
| f Credit from Form 2439 | 5f | None | | None |
| g Credit for Federal tax on fuels | 5g | None | | None |

| | | |
|---|---|---|
| 6 Tax deposited or paid with (or after) the filing of the original return | 6 | 3,672,815 |
| 7 Add lines 5d through 6, column (c) | 7 | 13,873,815.00 |
| 8 Overpayment, if any, as shown on original return or as later adjusted | 8 | |
| 9 Subtract line 8 from line 7 | 9 | 13,873,815.00 |

**Tax Due or Overpayment (see instructions)**

| | | |
|---|---|---|
| 10 Tax due. Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "United States Treasury." ▶ | 10 | |
| 11 Overpayment. Subtract line 4, column (c), from line 9 ▶ | 11 | 2,227,567.00 |
| 12 Enter the amount of line 11 you want: Credited to 20 ___ estimated tax ▶ ___ Refunded ▶ | 12 | 2,227,567.00 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ [signature] Signature of officer | 3/14/06 Date | ▶ CFO Title

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN
Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.** Form **1120X** (Rev. 12-2004)

JSA
0C1820 1.000

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

If the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see Carryback Claims on page 3, and check here . . . . . . ▶ ☐

SEE ATTACHED REFUND CLAIM AND ATTACHMENTS 1 THROUGH 5.



JSA
8C1830 1.000

Hotels.com
Goodwill Amortization of TMF and HRN
For the Year Ended 12/31/2000

| | Deduction Taken on Tax Return | Corrected Amount Based on 180 months | Value per Share given to the stock | Deduction per the IRS | Difference | Refund Claim Amount |
|---|---|---|---|---|---|---|
| ASSESSMENT ON TAX YEAR 2000 | | | | | | |
| Goodwill Amortization Reported on 2000 Tax Return | $9,543,434 | $ 8,858,800 | $ 16.00 | $2,524,323 | $6,384,477 | $2,227,987 |

**Hotels.com**
2000 IRS Form 1120X, Refund Claim

1. On May 10, 1999, Hotels.com completed the acquisition of all of the assets and liabilities of TMF, Inc. and HRN Marketing Corp. (collectively, the Company). Hotels.com agreed to pay the sellers a set purchase price and make certain contingent payments based on the Company's performance. The purchase agreement also provided that in the event of an initial public offering of Hotels.com, the sellers would receive shares of Hotels.com class A common stock equal to 10% of the aggregate value of the equity of Hotels.com immediately prior to the IPO (the "Section 7.13.1 Shares").

2. On February 2, 2000, the asset purchase agreement was amended and restated ("Amended Purchase Agreement"). Pursuant to the Amended Purchase Agreement, Hotels.com also agreed to issue Hotels.com class A common stock ("Section 7.15 Shares") to the sellers in exchange for the sellers' release of any remaining contingent payment obligations based on the Company's performance. Pursuant to the Amended Purchase Agreement, on February 24, 2000, Hotels.com issued the sellers 5,100,000 shares of class A common stock.

3. On March 1, 2000, Hotels.com completed an initial public offering for 6.2 million shares of its class A common stock at $16.00 per share. On February 24, 2000, Hotels.com issued the sellers 4,899,900 shares of class A common stock ("Section 7.13.1 Shares").

4. On its timely filed 2000 Form 1120 U.S. Corporation Income Tax Return, Hotels.com claimed an adjusted basis in the Section 7.15 and Section 7.11.3 Shares (together the "IPO Shares") of $159,998,400 and an amortization deduction pursuant to I.R.C. section 197. Hotels.com valued the shares at $16.00 per share.

5. On their respective 2000 federal income tax returns, both sellers claimed the value of the IPO Shares to be $4.53 per share, or $45,437,822 in the aggregate.

6. The Service issued both sellers Notices of Deficiency related to their valuation of the IPO Shares. Copies of these Notices are attached as Attachments 1 and 2. The Notices asserted that Sellers each had $79,999,200 in capital gain related to the IPO Shares, or $159,998,400 in the aggregate. The Notices also included, *inter alia*, accuracy-related penalties under IRC § 6662(a) of 20% of the tax underpayment.

7. In determining the sellers' deficiency amount, the Service used a $16.00 per share valuation.

8. In 2005, the sellers filed refund actions in the Court of Federal Claims: Litman et al. v. United States, No. 05-cv-956 (filed August 30, 2005) and Diener et al. v. United States, No. 05-cv-971 (filed September 7, 2005). The suits were consolidated on November 22, 2005 as Litman et al. v. United States of America, No. 05-cv-956 (Ct. Fed. Cl.).

9. In Litman et al. v. United States, the government disagreed with the sellers' valuation of the IPO stock: "The United States does not agree that the fair market value of the stock is less than $16 per share and it is entitled to discovery and the services of an expert to help the Court resolve the issue." See United States' Motion to Strike Plaintiffs' Motion for Summary Judgment at ¶ 8, filed Nov. 29, 2005. Excerpt is attached as Attachment 3.

**Hotels.com**
**2000 IRS Form 1120X, Refund Claim**

10. The Service's position in the Notices of Deficiency issued to the sellers and the government's position regarding the valuation of the IPO Shares in Litman et al. v. United States are consistent with the valuation used by Hotels.com on its 2000 consolidated federal income tax return.

11. Despite the government's position in Litman et al. v. United States, on February 10, 2006, the Service issued Hotels.com a Notice of Deficiency, utilizing a substantially lower valuation of the IPO Shares. No support for this lower valuation is described in the Notice. The Notice also included, *inter alia*, an accuracy-related penalty under IRC § 6662(a) of 20% of the tax underpayment. A copy of the Notice of Deficiency issued to Hotels.com is attached hereto as Attachment 4.

12. On March 9, 2006, Hotels.com paid $2,776,456 tax, $ 491,338 penalty, and $1,054,991 interest. Copies of the "Received with Remittance" stamped transmittal letter and payment check are attached as Attachment 5.

13. The Service's assertion of additional tax, penalties and interest relating to Hotels.com's valuation of the IPO Shares is erroneous. Hotels.com is entitled to a refund of tax, penalties and interest paid, and interest provided by law, in amounts consistent with Hotels.com's $16.00 per share valuation of the IPO Shares, and consistent with the Service's valuation of the IPO shares set forth in the Notices of Deficiency issued to the sellers and with the government's position in Litman et al. v. United States.

14. Hotels.com has requested that the Service immediately deny its refund claim so that it can pursue resolution of its claim in the Court of Federal Claims. Hotels.com reserves the right to offer additional evidence of the fair market value of the IPO Shares as of the date of issuance, which value may be greater than or less than the basis used in connection with the original 2000 Federal Income Tax Return or herein.