# EXHIBIT C

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DAVID S. and MALIA A. LITMAN,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 05-956T |
| ROBERT B. and MICHELLE S. DIENER,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 05-971T |
| HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-285T<br>Judge Christine O. C. Miller |

**HOTELS.COM'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DAVID S. AND MALIA A. LITMAN**

Pursuant to RCFCs 26 and 34, plaintiffs Hotels.com, Inc. and Subsidiaries ("Hotels.com"), hereby propound the following document requests to David S. and Malia A. Litman. Documents should be produced within 30 days at the offices of Latham & Watkins, 555 11th Street N.W., Suite 1000, Washington, D.C. 20004-1304, unless otherwise ordered by the Court.

# DEFINITIONS

As used herein, the following terms and phrases shall have the following meanings:

1. The applicable definitions and rules of construction set forth in the RCFC are incorporated herein by reference.

2. "Litman et al. v. United States" shall include the civil actions David S. and Malia A. Litman v. United States, No. 05-956; Robert B. and Michelle S. Diener v. United States, No. 05-971, and Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.) v. United States, No. 06-285.

3. "Hotels.com" includes Hotels.com, its subsidiaries, parents, affiliates, predecessors and successors, including, but not limited to, HRN, Inc., USA Networks, Inc., and IAC/InteractiveCorp.

4. "Asset Purchase Agreement" is the Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of April 13, 1999.

5. "Amended and Restated Agreement" is the Amended and Restated Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of February 2, 2000.

6. "November 2003 Amendment" is the Amendment to Amended and Restated Asset Purchase Agreement by and among Hotels.com, InterActiveCorp, TMF Liquidating Trust, Robert Diener and David Litman, dated as of November 13, 2003.

7. "Sellers" consist of all of the owners of TMF, Inc., HRN Marketing Corp., and the TMF Liquidating Trust, including but not limited to David S. and Malia A. Litman, and Robert B. and Michelle Diener.

8. "IPO Shares" are the 9,999,900 shares of HRN, Inc. common stock paid to Sellers contemporaneous with the February 2000 IPO.

9. "Person" shall mean any natural Person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust and/or estate.

10. "You" and "Yours" shall mean David S. and Malia A. Litman, their employees, agents, representatives, attorneys, and any other person under their control or working directly or indirectly at their direction. "You" and "Yours" also includes any corporation, partnership, sole proprietorship, association, joint venture, business entity, trust and/or estate in which David S. and Malia A. Litman have any interest.

11. "And" and "or" as used herein, shall be construed conjunctively or disjunctively as necessary to make the applicable discovery request inclusive rather than exclusive.

12. The term "document" shall have the meaning as in RCFC 34, and includes, but is not limited to, the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal or preliminary: letters; e-mail; memoranda; reports; agreements; working papers; communications (including intra-departmental communication and inter-departmental communications); correspondence; summaries of records or personal conversations; diaries; forecasts, statistical statements; graphs; charts; plans; drawings; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigation opinions or reports of consultants; opinions of counsel; reports of or summaries of negotiations; circulars; draft of any documents; books; instruments;

appraisals; applications; accounts; tapes and all other material of any tangible medium of expression; computer diskettes and all other magnetic or electronic media.

**INSTRUCTIONS**

1. In accordance with RCFC, your obligation to respond to these document requests is continuing. If you receive or discover a document responsive to these document requests after serving a response thereto, you should produce such a document promptly.

2. Any information, communication, or document responsive to these document requests withheld on the basis of any privilege must be listed on a privilege log detailing:

    a. the date of the information, communication or document upon which the claim of privilege is based;
    b. the identity of the authors, addressees, recipients, and any person who has read or obtained possession of the information, communication or document;
    c. a brief description of the subject matter of the information, communication or document; and
    d. the grounds for the claim of privilege relevant to the information, communication or document.

3. If any documents are withheld on the basis of some other objection, state the nature of and the complete factual basis for the objection.

4. Each document request specified below extends to any document in your possession, custody or control. A document is deemed to be in your possession, custody or control if it is in the physical custody of any other person and you: (**a**) own such document in whole or in part; (**b**) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (**c**) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (**d**) have, as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

## DOCUMENT REQUESTS

DOCUMENT REQUEST NO. 1

All documents provided to Business Valuation Services ("BVS") and any of its employees.

DOCUMENT REQUEST NO. 2

All documents relied on by BVS in connection with its valuation, dated February 24, 2000, of the HRN stock held by the TMF Liquidating Trust.

DOCUMENT REQUEST NO. 3

All documents related to the valuation performed by BVS, including but not limited to correspondence with BVS or with any other person about BVS or the valuation, notes, internal evaluations of BVS or the valuation, and the engagement letter relating to the valuation.

DOCUMENT REQUEST NO. 4

All documents provided to David Bohlmann and anyone working at his direction.

DOCUMENT REQUEST NO. 5

All documents relied on by Bohlmann in connection with his valuation of the HRN stock held by the TMF Liquidating Trust.

DOCUMENT REQUEST NO. 6

A complete copy of the report prepared by Bohlmann on the valuation of the HRN stock held by the TMF Liquidating Trust.

DOCUMENT REQUEST NO. 7

A complete curriculum vitae for David Bohlmann, including all cases in which he was retained as an expert, whether or not a report was prepared or he was called to testify.

DOCUMENT REQUEST NO. 8

All documents related to the valuation performed by David Bohlmann of the HRN stock held by

the TMF Liquidating Trust, including but not limited to correspondence with David Bohlmann or with any other person about David Bohlmann or the valuation, notes, internal evaluations of David Bohlmann or the valuation, and the engagement letter relating to the valuation.

DOCUMENT REQUEST NO. 9

All documents related to the assignment of 244,995 shares of HRN stock from TMF Liquidating Trust to Andrew Pells.

DOCUMENT REQUEST NO. 10

All documents that you may use to support your claims or defenses.

DOCUMENT REQUEST NO. 11

All employment agreements and amendments thereto between Mr. Litman and Hotels.com.

DOCUMENT REQUEST NO. 12

All employment agreements and amendments thereto between Mr. Diener and Hotels.com.

DOCUMENT REQUEST NO. 13

All employment agreements and amendments thereto between Mrs. Litman and Hotels.com.

DOCUMENT REQUEST NO. 14

All employment agreements and amendments thereto between Mrs. Diener and Hotels.com.

DOCUMENT REQUEST NO. 15

All documents related to or referencing in any respect the termination of Mr. Litman's employment at Hotels.com, or termination of services performed by Mr. Litman on behalf of Hotels.com.

DOCUMENT REQUEST NO. 16

All documents related to or referencing in any respect the termination of Mr. Diener's employment at Hotels.com, or termination of services performed by Mr. Diener on behalf of

Hotels.com.

DOCUMENT REQUEST NO. 17

All documents related to or referencing in any respect the termination of Mrs. Litman's employment at Hotels.com, or termination of services performed by Mrs. Litman on behalf of Hotels.com.

DOCUMENT REQUEST NO. 18

All documents related to or referencing in any respect the termination of Mrs. Diener's employment at Hotels.com, or termination of services performed by Mrs. Diener on behalf of Hotels.com.

DOCUMENT REQUEST NO. 19

All documents related to or referencing in any respect the IRS Form 1120 filed by Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 20

All documents related to or referencing in any respect the IRS Form 8594 filed by Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 21

All documents related to or referencing in any respect any IRS Form 1120 prepared on behalf of Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 22

All documents related to or referencing in any respect any IRS Form 8594 prepared on behalf of Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 23

All documents related to or referencing in any respect any IRS Form 1120X prepared on behalf

of Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 24

All documents related to or referencing in any respect any of the provisions contained in Sections 7.9, 7.10, 7.11, and 7.15 of the Asset Purchase Agreement and the Amended and Restated Agreement.

DOCUMENT REQUEST NO. 25

All documents related to or referencing in any respect the provisions contained in Section 3.4(ii) of the Asset Purchase Agreement and the Amended and Restated Agreement.

DOCUMENT REQUEST NO. 26

All documents related to or referencing in any respect the Asset Purchase Agreement, the Amended and Restated Agreement, or any provision thereof not provided in response to Requests 24 and 25.

DOCUMENT REQUEST NO. 27

All documents related to or referencing in any respect the November 2003 Amendment.

DOCUMENT REQUEST NO. 28

All documents related to or referencing in any respect the IPO Shares.

DOCUMENT REQUEST NO. 29

All discovery, formal and informal, obtained from any party in Litman et al. v. United States. If not clearly indicated or readily apparent, please identify the source(s) of the documents produced in response to this request.

DOCUMENT REQUEST NO. 30

All discovery, formal and informal obtained from any source in Litman et al. v. United States. If not clearly indicated or readily apparent, please identify the source(s) of the documents produced

in response to this request.

DOCUMENT REQUEST NO. 31

All documents related to Litman et al. v. United States which you have furnished or intend to furnish to any third party in connection with this case. If not clearly indicated or readily apparent, please identify the source(s) of the documents produced in response to this request.

Dated: May 10, 2006

By s/ Kim Marie K. Boylan
KIM MARIE K. BOYLAN
Attorney of Record
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2235
(202) 637-2201
Kim.Boylan@lw.com

Of Counsel:

MCGEE GRIGSBY
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2256
(202) 637-2201
McGee.Grigsby@lw.com

KARI M. LARSON
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-1018
(202) 637-2201
Kari.Larson@lw.com

**CERTIFICATE OF SERVICE**

On **May 10, 2006**, I served a true and correct copy of **HOTELS.COM'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DAVID AND MALIA LITMAN** by e-mail on the following:

John William Porter
Baker & Botts
One Shell Plaza
910 Louisiana
Houston, TX 77002-4995
john.porter@bakerbotts.com

Cory Arthur Johnson
U.S. Department of Justice—Tax Division
555 4th Street, N.W., Room 8122
Washington, D.C. 20001
Cory.A.Johnson@usdoj.gov

Executed on **May 10, 2006**, at Washington, D.C.

s/ Kari M. Larson
Kari M. Larson

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DAVID S. and MALIA A. LITMAN,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 05-956T |
| ROBERT B. and MICHELLE S. DIENER,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 05-971T |
| HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-285T<br>Judge Christine O. C. Miller |

**HOTELS.COM'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ROBERT B. AND MICHELLE S. DIENER**

Pursuant to RCFCs 26 and 34, plaintiffs Hotels.com, Inc. and Subsidiaries ("Hotels.com"), hereby propound the following document requests to Robert B. and Michelle S. Diener. Documents should be produced within 30 days at the offices of Latham & Watkins, 555 11th Street N.W., Suite 1000, Washington, D.C. 20004-1304, unless otherwise ordered by the Court.

## DEFINITIONS

As used herein, the following terms and phrases shall have the following meanings:

1. The applicable definitions and rules of construction set forth in the RCFC are incorporated herein by reference.

2. "Litman et al. v. United States" shall include the civil actions David S. and Malia A. Litman v. United States, No. 05-956; Robert B. and Michelle S. Diener v. United States, No. 05-971, and Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.) v. United States, No. 06-285.

3. "Hotels.com" includes Hotels.com, its subsidiaries, parents, affiliates, predecessors and successors, including, but not limited to, HRN, Inc., USA Networks, Inc., and IAC/InteractiveCorp.

4. "Asset Purchase Agreement" is the Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of April 13, 1999.

5. "Amended and Restated Agreement" is the Amended and Restated Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of February 2, 2000.

6. "November 2003 Amendment" is the Amendment to Amended and Restated Asset Purchase Agreement by and among Hotels.com, InterActiveCorp, TMF Liquidating Trust, Robert Diener and David Litman, dated as of November 13, 2003.

7. "Sellers" consist of all of the owners of TMF, Inc., HRN Marketing Corp., and the TMF Liquidating Trust, including but not limited to David S. and Malia A. Litman, and Robert B. and Michelle S. Diener.

8. "IPO Shares" are the 9,999,900 shares of HRN, Inc. common stock paid to Sellers contemporaneous with the February 2000 IPO.

9. "Person" shall mean any natural Person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust and/or estate.

10. "You" and "Yours" shall mean Robert B. and Michelle S. Diener, their employees, agents, representatives, attorneys, and any other person under their control or working directly or indirectly at their direction. "You" and "Yours" also includes any corporation, partnership, sole proprietorship, association, joint venture, business entity, trust and/or estate in which Robert B. and Michelle S. Diener have any interest.

11. "And" and "or" as used herein, shall be construed conjunctively or disjunctively as necessary to make the applicable discovery request inclusive rather than exclusive.

12. The term "document" shall have the meaning as in RCFC 34, and includes, but is not limited to, the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal or preliminary: letters; e-mail; memoranda; reports; agreements; working papers; communications (including intra-departmental communication and inter-departmental communications); correspondence; summaries of records or personal conversations; diaries; forecasts, statistical statements; graphs; charts; plans; drawings; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigation opinions or reports of consultants; opinions of counsel; reports of or summaries of negotiations; circulars; draft of any documents; books; instruments;

appraisals; applications; accounts; tapes and all other material of any tangible medium of expression; computer diskettes and all other magnetic or electronic media.

**INSTRUCTIONS**

1. In accordance with RCFC, your obligation to respond to these document requests is continuing. If you receive or discover a document responsive to these document requests after serving a response thereto, you should produce such a document promptly.

2. Any information, communication, or document responsive to these document requests withheld on the basis of any privilege must be listed on a privilege log detailing:

a. the date of the information, communication or document upon which the claim of privilege is based;
b. the identity of the authors, addressees, recipients, and any person who has read or obtained possession of the information, communication or document;
c. a brief description of the subject matter of the information, communication or document; and
d. the grounds for the claim of privilege relevant to the information, communication or document.

3. If any documents are withheld on the basis of some other objection, state the nature of and the complete factual basis for the objection.

4. Each document request specified below extends to any document in your possession, custody or control. A document is deemed to be in your possession, custody or control if it is in the physical custody of any other person and you: (**a**) own such document in whole or in part; (**b**) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (**c**) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (**d**) have, as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

## DOCUMENT REQUESTS

DOCUMENT REQUEST NO. 1

All documents provided to Business Valuation Services ("BVS") and any of its employees.

DOCUMENT REQUEST NO. 2

All documents relied on by BVS in connection with its valuation, dated February 24, 2000, of the HRN stock held by the TMF Liquidating Trust.

DOCUMENT REQUEST NO. 3

All documents related to the valuation performed by BVS, including but not limited to correspondence with BVS or with any other person about BVS or the valuation, notes, internal evaluations of BVS or the valuation, and the engagement letter relating to the valuation.

DOCUMENT REQUEST NO. 4

All documents provided to David Bohlmann and anyone working at his direction.

DOCUMENT REQUEST NO. 5

All documents relied on by Bohlmann in connection with his valuation of the HRN stock held by the TMF Liquidating Trust.

DOCUMENT REQUEST NO. 6

A complete copy of the report prepared by Bohlmann on the valuation of the HRN stock held by the TMF Liquidating Trust.

DOCUMENT REQUEST NO. 7

A complete curriculum vitae for David Bohlmann, including all cases in which he was retained as an expert, whether or not a report was prepared or he was called to testify.

DOCUMENT REQUEST NO. 8

All documents related to the valuation performed by David Bohlmann of the HRN stock held by

the TMF Liquidating Trust, including but not limited to correspondence with David Bohlmann or with any other person about David Bohlmann or the valuation, notes, internal evaluations of David Bohlmann or the valuation, and the engagement letter relating to the valuation.

DOCUMENT REQUEST NO. 9

All documents related to the assignment of 244,995 shares of HRN stock from TMF Liquidating Trust to Andrew Pells.

DOCUMENT REQUEST NO. 10

All documents that you may use to support your claims or defenses.

DOCUMENT REQUEST NO. 11

All employment agreements and amendments thereto between Mr. Litman and Hotels.com.

DOCUMENT REQUEST NO. 12

All employment agreements and amendments thereto between Mr. Diener and Hotels.com.

DOCUMENT REQUEST NO. 13

All employment agreements and amendments thereto between Mrs. Litman and Hotels.com.

DOCUMENT REQUEST NO. 14

All employment agreements and amendments thereto between Mrs. Diener and Hotels.com.

DOCUMENT REQUEST NO. 15

All documents related to or referencing in any respect the termination of Mr. Litman's employment at Hotels.com, or termination of services performed by Mr. Litman on behalf of Hotels.com.

DOCUMENT REQUEST NO. 16

All documents related to or referencing in any respect the termination of Mr. Diener's employment at Hotels.com, or termination of services performed by Mr. Diener on behalf of

Hotels.com.

DOCUMENT REQUEST NO. 17

All documents related to or referencing in any respect the termination of Mrs. Litman's employment at Hotels.com, or termination of services performed by Mrs. Litman on behalf of Hotels.com.

DOCUMENT REQUEST NO. 18

All documents related to or referencing in any respect the termination of Mrs. Diener's employment at Hotels.com, or termination of services performed by Mrs. Diener on behalf of Hotels.com.

DOCUMENT REQUEST NO. 19

All documents related to or referencing in any respect the IRS Form 1120 filed by Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 20

All documents related to or referencing in any respect the IRS Form 8594 filed by Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 21

All documents related to or referencing in any respect any IRS Form 1120 prepared on behalf of Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 22

All documents related to or referencing in any respect any IRS Form 8594 prepared on behalf of Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 23

All documents related to or referencing in any respect any IRS Form 1120X prepared on behalf

of Hotels.com for the taxable year ending December 31, 2000.

DOCUMENT REQUEST NO. 24

All documents related to or referencing in any respect any of the provisions contained in Sections 7.9, 7.10, 7.11, and 7.15 of the Asset Purchase Agreement and the Amended and Restated Agreement.

DOCUMENT REQUEST NO. 25

All documents related to or referencing in any respect the provisions contained in Section 3.4(ii) of the Asset Purchase Agreement and the Amended and Restated Agreement.

DOCUMENT REQUEST NO. 26

All documents related to or referencing in any respect the Asset Purchase Agreement, the Amended and Restated Agreement, or any provision thereof not provided in response to Requests 24 and 25.

DOCUMENT REQUEST NO. 27

All documents related to or referencing in any respect the November 2003 Amendment.

DOCUMENT REQUEST NO. 28

All documents related to or referencing in any respect the IPO Shares.

DOCUMENT REQUEST NO. 29

All discovery, formal and informal, obtained from any party in Litman et al. v. United States. If not clearly indicated or readily apparent, please identify the source(s) of the documents produced in response to this request.

DOCUMENT REQUEST NO. 30

All discovery, formal and informal obtained from any source in Litman et al. v. United States. If not clearly indicated or readily apparent, please identify the source(s) of the documents produced

in response to this request.

DOCUMENT REQUEST NO. 31

All documents related to Litman et al. v. United States which you have furnished or intend to furnish to any third party in connection with this case. If not clearly indicated or readily apparent, please identify the source(s) of the documents produced in response to this request.

Dated: May 10, 2006

By s/ Kim Marie K. Boylan
KIM MARIE K. BOYLAN
Attorney of Record
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2235
(202) 637-2201
Kim.Boylan@lw.com

Of Counsel:

MCGEE GRIGSBY
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-2256
(202) 637-2201
McGee.Grigsby@lw.com

KARI M. LARSON
Latham & Watkins LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
(202) 637-1018
(202) 637-2201
Kari.Larson@lw.com

**CERTIFICATE OF SERVICE**

On **May 10, 2006**, I served a true and correct copy of **HOTELS.COM'S FIRST DOCUMENT REQUESTS TO ROBERT AND MICHELLE DIENER** by e-mail on the following:

John William Porter
Baker & Botts
One Shell Plaza
910 Louisiana
Houston, TX 77002-4995
john.porter@bakerbotts.com

Cory Arthur Johnson
U.S. Department of Justice—Tax Division
555 4th Street, N.W., Room 8122
Washington, D.C. 20001
Cory.A.Johnson@usdoj.gov

Executed on **May 10, 2006**, at Washington, D.C.

s/ Kari M. Larson
Kari M. Larson