# EXHIBIT D

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| DAVID S. and MALIA A. LITMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-956T |
| ROBERT B. and MICHELLE S. DIENER,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-971T |
| HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 06-285T<br>Judge Christine O. C. Miller |

**SUBPOENA**

To: David S. Litman, Trustee
TMF Liquidating Trust
c/o John W. Porter
One Shell Plaza
910 Louisiana
Houston, TX 77002

1. YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above-captioned case.
   *Date of Testimony:*____________________
   *Date and Time:*____________________

2. YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case.
   *Date of Testimony:*____________________
   *Date and Time:*____________________

3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (See Attachment A)
   *Place:* Latham & Watkins LLP, 555 Eleventh Street, N.W., Washington, DC 20004
   *Date and Time:* June 7, 2006 at 9:00 a.m.

4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
   *Premise:*____________________
   *Date and Time:*____________________

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

May 24, 2006

ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Kari M. Larson, Esq., 555 Eleventh Street, N.W., Washington, DC 20004, (202) 637-2200
ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER

NOTE – If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

DATE PLACE

SERVED
SERVED ON (PRINT NAME) MANNER OF SERVICE

☐ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________
DATE

______________________________
SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

## DEFINITIONS

1. The applicable definitions and rules of construction set forth in the RCFC are incorporated herein by reference.

2. "Litman et al. v. United States" shall include the civil actions David S. and Malia A. Litman v. United States, No. 05-956; Robert B. and Michelle S. Diener v. United States, No. 05-971, and Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.) v. United States, No. 06-285.

3. "Hotels.com" includes Hotels.com, its subsidiaries, parents, affiliates, predecessors and successors, including, but not limited to, HRN, Inc., USA Networks, Inc., and IAC/InteractiveCorp. "Hotels.com" also includes its employees, agents, representatives, attorneys, and any other person under its control or working directly or indirectly at its direction.

4. "Asset Purchase Agreement" is the Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of April 13, 1999.

5. "Amended and Restated Agreement" is the Amended and Restated Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of February 2, 2000.

6. "November 2003 Amendment" is the Amendment to Amended and Restated Asset Purchase Agreement by and among Hotels.com, InterActiveCorp, TMF Liquidating Trust, Robert Diener and David Litman, dated as of November 13, 2003.

7. "Sellers" consist of all of the owners of TMF, Inc., HRN Marketing Corp., and the TMF Liquidating Trust, including but not limited to David S. and Malia A. Litman, and Robert B. and Michelle Diener.

8. "IPO Shares" are the 9,999,900 shares of HRN, Inc. common stock paid to Sellers contemporaneous with the February 2000 IPO.

9. "Person" shall mean any natural Person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust and/or estate.

10. "And" and "or" as used herein, shall be construed conjunctively or disjunctively as necessary to make the applicable discovery request inclusive rather than exclusive.

11. The term "document" shall have the meaning as in RCFC 34, and includes, but is not limited to, the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal or preliminary: letters; e-mail; memoranda; reports; agreements; working papers; communications (including intra-departmental communication and inter-departmental communications); correspondence; summaries of records or personal conversations; diaries; forecasts, statistical statements; graphs; charts; plans; drawings; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigation opinions or reports of consultants; opinions of counsel; reports of or summaries of negotiations; circulars; draft of any documents; books; instruments; appraisals; applications; accounts; tapes and all other material of any tangible medium of expression; computer diskettes and all other magnetic or electronic media.

## INSTRUCTIONS

1. Documents produced should be organized and labeled to correspond with the numbered requests in this subpoena or produced as they are kept in the ordinary course of business. A document control number ("Bates-stamp") should be affixed or stamped on each page of all documents produced.

2. Any information, communication, or document responsive to this subpoena withheld on the basis of any privilege must be listed on a privilege log detailing:

a. the date of the information, communication or document upon which the claim of privilege is based;

b. the identity of the authors, addressees, recipients, and any person who has read or obtained possession of the information, communication or document;

c. a brief description of the subject matter of the information, communication or document; and

d. the grounds for the claim of privilege relevant to the information, communication or document.

3. If any documents are withheld on the basis of some other objection, state the nature of and the complete factual basis for the objection.

4. Each document request specified below extends to any document in your possession, custody or control. A document is deemed to be in your possession, custody or control if it is in the physical custody of any other person and you: **(a)** own such document in whole or in part; **(b)** have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; **(c)** have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or **(d)** have, as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

**ATTACHMENT A**

**DOCUMENTS TO BE PRODUCED BY TMF LIQUIDATING TRUST**

1. All documents related to or referencing in any respect the Asset Purchase Agreement.
2. All documents related to or referencing in any respect any valuation of the IPO Shares, or any portion of such shares.
3. All documents provided to any person in connection with any valuation of the IPO Shares, or any portion of such shares.
4. All documents related to or referencing in any respect the assignment of shares of HRN stock from TMF Liquidating Trust to Andrew Pells.
5. All documents related to or referencing in any respect any of the provisions contained in Sections 7.9, 7.10, 7.11, and 7.15 of the Asset Purchase Agreement and the Amended and Restated Agreement.
6. All documents related to or referencing in any respect the provisions contained in Section 3.4(ii) of the Asset Purchase Agreement and the Amended and Restated Agreement.
7. All documents related to or referencing in any respect the Asset Purchase Agreement, the Amended and Restated Agreement, or any provision thereof not provided in response to Requests 5 and 6.
8. All documents related to or referencing in any respect the November 2003 Amendment.
9. All documents related to or referencing in any respect the IPO Shares.
10. All documents related to Litman et al. v. United States which you have furnished or intend to furnish to any person in connection with this case. If not clearly indicated or readily apparent from the documents produced in response to this request, please identify

the persons to whom you provided such document(s).

11. All brokerage, investment, bank and other statements of any kind reflecting assets held directly or indirectly by TMF Liquidating Trust for the period 1999 through 2004.