**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiffs.** | ) | **No. 05-956 T** |
| **ROBERT B. DEINER and MICHELLE S. DEINER,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiff.** | ) | **No. 05-971 T** |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.**<br><br>**Plaintiff**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant** | ) | **No. 06-285 T**<br><br>**(Christine O. C. Miller)** |

**AMENDED COUNTERCLAIM**
**AGAINST DAVID AND MALIA LITMAN**

For its amended counterclaim against Plaintiffs-Counterdefendants David S. Litman and Malia A. Litman, Defendant-Counterplaintiff The United States alleges as follows:

**COUNT I**
**(Claim for Interest on Taxes and Penalties Already Paid)**

1. Pursuant to 26 U.S.C. §7401, proper authorization has been given for this counterclaim against the Litmans for interest due on the underpayment of tax and applicable penalties determined in the Notice of Deficiency issued to the Litmans in October 2004.

2. The Litmans had taxable income of $109,456,545.00 for the year ending December 31, 2000, and were required to pay federal income taxes and file a tax return for that year. The Litmans received an extension to October 15, 2001, for filing their return. Payment of all taxes was nevertheless due by April 15, 2001. The Litmans paid $9,749,859.00 in taxes by April 15, 2001.

3. The Litmans underpaid their federal income tax in the amount of $12,584,993.00. They did not pay this portion of the full tax imposed when due but instead paid it on January 4, 2005, in response to the Notice of Deficiency from the IRS.

4. The Litmans' failure to pay the above amount of tax when due was attributable to (a) negligence or disregard of rules or regulations, (b) a substantial understatement of income tax; or (c) a substantial valuation misstatement. Accordingly, under 26 U.S.C. §6662(a), the Litmans were subject to a 20% penalty in the amount of $2,516,998.60.

5. The Litmans paid this penalty on January 4, 2005.

6. Pursuant to 26 U.S.C. §6601(a), interest accrued on the Litmans' underpayment of

income tax.

7. Pursuant to 26 U.S.C. §6601(e)(2)(B), interest accrued on the penalty assessed against the Litmans.

8. The interest owed by plaintiffs totals $2,877,415.86. The Litmans did not pay any portion of this interest when they paid their additional income taxes and penalties on January 4, 2005.

9. Interest was assessed against the Litmans by the IRS on February 9, 2005, and partially abated on March 14, 2005. The net amount of interest owed by the Litmans is $2,877,415.86.

WHEREFORE, The United States prays that this Court enter judgment in its favor and against the Litmans in the amount of $2,877,415,86 plus costs and any other relief the Court deems just and appropriate.

**COUNT II**
**(Claim for Additional Taxes, Interest and Penalties)**

10. Pursuant to 26 U.S.C. §7401, proper authorization has been given for this counterclaim against the Litmans for additional taxes, interest and penalties that may be determined to be due to the United States in this case.

11. In response to the October 2004 Notice of Deficiency from the IRS, the Litmans have paid income taxes for the year 2000 based on a $16 per share valuation for the Hotel Reservations Network, Inc. ("HRN") restricted stock. HRN restricted stock was transferred by HRN to a liquidating trust for the Litman's benefit in early 2000. The receipt of the stock is

taxable, in part, to the Litmans in 2000.

12. The Notice of Deficiency issued to the Litmans determined their income for 2000 based on a $16 per share value for the HRN stock because that was the value reported by HRN in its 2000 income tax return. The IRS was seeking to close the tax gap created by the Litmans' and HRN's different valuations of the stock for tax purposes.

13. Plaintiff Hotels.com, the successor to HRN, now claims in this consolidated proceeding that the value of the HRN restricted stock in 2000 for tax purposes may be approximately $23 per share, not $16 per share.

14. If the value of the HRN restricted stock is determined in this proceeding to be greater than $16 per share, the Litmans will owe additional income taxes, penalties and interest for the year 2000.

15. Section 6501(e)(1) of the Internal Revenue Code is applicable to this claim for additional taxes, penalties and interest. The Litmans reported total income of approximately $49 million for the year 2000. This was based, in part, on an average value of $4.54 per share for the approximately 5 million shares of HRN restricted stock taxable to them. If the HRN stock is determined to have had a value greater than $16 per share, the Litmans will have omitted from their 2000 tax return income greater than 25% of the income they actually reported. For example, an increase in the average value to only $7 per share satisfies the 25% threshold for application of section 6501(e)(1).

16. Under section 6501(e)(1), the six-year limitations period is applicable to this claim and no prior assessment of taxes by the IRS is necessary. The Litmans filed their 2000 tax return on or about October 15, 2001.

17. The Litmans' failure to pay the taxes owed based on a value for the HRN restricted stock in excess of $16 per share is attributable to a substantial understatement of income tax or a substantial valuation misstatement. Accordingly, under 26 U.S.C. §6662(a), the Litmans are subject to a 20% penalty.

18. Pursuant to 26 U.S.C. §6601(a), interest has accrued on any additional income tax owed by the Litmans based on a determination that the value of the HRN restricted stock was greater than $16 per share.

19. Pursuant to 26 U.S.C. §6601(e)(2)(B), interest has accrued on any penalty owed by the Litmans based on a determination that the value of the HRN restricted stock was greater than $16 per share

WHEREFORE, The United States prays that this Court enter judgment in its favor and against the Litmans for any additional taxes, penalties and interest determined to be due to the United States, plus costs and any other relief the Court deems just and appropriate.

Respectfully submitted,

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Dated: August 11, 2006