**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | **No. 06-285T (Judge Christine O.C. Miller)** |
| **Plaintiffs,** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN AND MALIA A. LITMAN'S REPLY TO THE UNITED STATES' AMENDED COUNTERCLAIM**

In reply to the United States' Amended Counterclaim, David S. and Malia A. Litman ("Counterdefendants" or the "Litmans") deny each and every allegation that is not admitted or otherwise specifically addressed below.

**Count I**

1. Counterdefendants admit that 26 U.S.C. § 7401 authorizes the Counter-plaintiff to file a counterclaim. Counterdefendants deny the remainder of the allegations in paragraph 1 of the Amended Counterclaim.

2. Counterdefendants deny that they had taxable income of $109,456,545 for the year ending December 31, 2000. Counterdefendants admit the remaining allegations in paragraph 2 of the Amended Counterclaim.

3. Counterdefendants deny that they underpaid their federal income tax in the amount of $12,584,993. Counterdefendants admit that on January 4, 2005 they paid, under protest, the federal income tax assessed in Counterplaintiff's Notice of Deficiency (which was invalid, as it was not sent to the Litmans' last known address within the three year statute of limitations as required by I.R.C. § 6501) in the amount of $12,584,993. Counterdefendants allege that they are entitled to a refund of the entire $12,584,993 paid, plus interest thereon, as such additional tax was wrongly assessed.

4. Counterdefendants deny the allegations contained in paragraph 4 of the Amended Counterclaim.

5. Counterdefendants admit that on January 4, 2005 they paid, under protest, $2,516,998.60 alleged in the Notice of Deficiency to be a penalty under § 6662(a). Counterdefendants further aver that they are entitled to a refund of such amount, plus interest thereon, as such penalty was wrongly assessed.

6. Counterdefendants deny the allegations contained in paragraph 6 of the Amended Counterclaim.

7. Counterdefendants deny the allegations contained in paragraph 7 of the Amended Counterclaim.

8. Counterdefendants deny the allegations contained in paragraph 8 of the Amended Counterclaim.

9. Counterdefendants deny the allegations contained in paragraph 9 of the Amended Counterclaim.

**Count II**

10. Counterdefendants admit that the Court authorized, over Counterdefendants' objection, Counterplaintiff to file an amended counterclaim. Counterdefendants deny the remainder of the allegations contained in paragraph 10 of the Amended Counterclaim.

11. Counterdefendants admit that on January 4, 2005 they paid, under protest, the federal income tax assessed in Counterplaintiff's Notice of Deficiency (which was invalid, as it was not sent to the Litmans' last known address within the three year statute of limitations as required by I.R.C. § 6501) in the amount of $12,584,993. Counterdefendants allege that they are entitled to a refund of the entire $12,584,993 paid, plus interest thereon, as such additional tax was wrongly assessed. Counterdefendants admit that the Restricted Shares were issued to TMF Liquidating Trust on February 24, 2000. Counterdefendants deny the remainder of the allegations contained in paragraph 11 of the Amended Counterclaim.

12. Counterdefendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Amended Counterclaim.

13. Counterdefendants admit that Hotels.com appears to have taken the position that the Restricted Shares are worth more than $16 per share; however,

Counterdefendants deny that Hotels.com has the legal right to take such a position and deny that Hotels.com has any proper basis for such a position.

14. Counterdefendants deny the allegations contained in paragraph 14 of the Amended Counterclaim.

15. Counterdefendants deny the allegations contained in paragraph 15 of the Amended Counterclaim.

16. Counterdefendants deny the allegations contained in paragraph 16 of the Amended Counterclaim except that Counterdefendants admit their 2000 Form 1040 was filed on October 15, 2001.

17. Counterdefendants deny the allegations contained in paragraph 17 of the Amended Counterclaim.

18. Counterdefendants deny the allegations contained in paragraph 18 of the Amended Counterclaim.

19. Counterdefendants deny the allegations contained in paragraph 19 of the Amended Counterclaim.

**WHEREFORE**, Counterdefendants request that this Court enter judgment (1) denying the Amended Counterclaim filed by Counterplaintiff, (2) awarding the Litmans a refund of the $12,584,993 income tax and the $2,516,998.60 penalty assessed and paid in response to the Notice of Deficiency with respect to their 2000 Form 1040, or such greater amount as is legally refundable, plus additional allowable interest, and (3) awarding the Litmans their costs, attorney's fees, and other relief the Court deems appropriate.

Respectfully submitted,

Dated: August 28, 2006

By: s/ John W. Porter

John W. Porter
Attorney of Record

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

BAKER BOTTS L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS