**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN And MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER And MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a**<br>**HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE DEPOSITION TESTIMONY UNDER RCFC 32(a)(3) AND APPENDIX A ¶14(A)(3)**

Plaintiffs Hotels.com and Subsidiaries ("Hotels.com") respectfully moves under RCFC 32(a) and Appendix A 15(b)[1] for leave to file portions of deposition transcripts (all taken in this case) of the following depositions as substantive evidence for use at trial:

---

1 Paragraph 15(b) provides: "Any party intending to present substantive evidence by way of deposition testimony, other than as provided by the Federal Rules of Evidence 801(d), shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcript the party intends to use a trial. See RCF 32(a)(2) & (3). If the motion is granted, only those portions of the transcript may be filed."

1. Deposition of Christine Zeikel on July 26, 2006, in New York, New York;
2. Deposition of Eric DeGraw on June 13, 2006, in New York, New York;
3. Deposition of James Lucien Horan on July 24, 2006, in Miami, Florida;
4. Deposition of David Bohlmann on July 24, 2006, in Miami, Florida.

A chart identifying the specific pages and lines of the depositions is attached at Exhibit 1, and copies of the transcripts are attached as Exhibits 2 through 5. Because this deposition testimony was elicited from witnesses at a distance greater than 100 miles from the place of trial and that it is in the interest of justice to allow the depositions to be so used, Hotels.com may use such testimony at trial "for any purpose." RCFC 32(a)(3). Hotels.com seeks to have this admissible evidence admitted in advance of trial to reduce trial time and cost.[2]

**ARGUMENT**

Rule 32(a) of the Court of Federal Claims provides:

> At the trial… any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the depositions or who had reasonable notice thereof, in accordance with any of the following provisions… (3) The deposition of a witness, whether or not a party, may be used by any party *for any purpose* if the court finds… (E) upon application and notice, that the witness is at a greater distance than 100 miles from the place of trial or hearing, unless the court also finds (i) that the absence of the witness was procured by the party offering the deposition or (ii) that it is not in the interest of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

RCFC 32(a)(3) (emphasis added). Under this Rule, the designated testimony is admissible as evidence "for any purpose." As set forth below, each of these witnesses is located at a distance greater than 100 miles from the place of trial. The witnesses' anticipated absence at trial will not be procured by any party, nor does it serve the interest of justice to require these witnesses to

[2] During the course of trial, Hotels.com may seek to admit additional deposition testimony.

present their testimony orally in court.

1. **Christine Zeikel**: 2 Hilton Court; Parsippany, New Jersey (Zeikel Dep. 6:8-11). Ms. Zeikel is a principal in the Financial Advisory Services practice at Deloitte & Touche USA LLP, in Parsippany, New Jersey, and is not serving as an expert witness for any of the parties in this case. Ms. Zeikel was involved with Deloitte's valuation of the stock issued to the Litmans and Dieners by HRN, Inc. in connection with its February 2000 IPO ("IPO Shares"). Requiring her oral testimony in court does not serve the interest of justice because she is a minor witness and the topics on which she has knowledge are limited so as to not justify the burden and expense of trial testimony.

2. **Eric DeGraw**: Rye, New York (DeGraw Dep. 9:12-13). Mr. DeGraw is the Vice President of Taxation for IAC/Interactive Corp., located in New York, New York, the former corporate parent of Hotels.com. Mr. DeGraw was involved with the valuation of the IPO Shares obtained by Hotels.com from Deloitte & Touche. Requiring his oral testimony in court does not serve the interest of justice because he is a minor witness and the topics on which he has knowledge are limited so as to not justify the burden and expense of trial testimony.

3. **James Lucien Horan**: Miami, Florida (Horan Dep. 4:12-15). Mr. Horan was the managing partner for the South Florida business unit of KPMG. Mr. Horan was involved in the valuations of the IPO Shares obtained by the Litmans and Dieners from David Bohlmann and Mark Mitchell. Requiring his oral testimony in court does not serve the interest of justice because he is a minor witness and the topics on which he has knowledge are limited so as to not justify the burden and expense of trial testimony.

4. **David Bohlmann**: 3529 St. Gaudens Road; Miami, Florida 33133 (Bohlman Dep. 2:23-26). Mr. Bohlmann operates a business valuation company. He valued the IPO Shares for the Litmans and Dieners. Requiring his oral testimony in court does not serve the interest of justice because he is a minor witness and the topics on which he has knowledge are limited so as to not justify the burden and expense of trial testimony.

**CONCLUSION**

For the foregoing reasons, Hotels.com's motion for leave to file designated portions of the deposition transcripts should be granted.

Respectfully submitted,

February 26, 2007

s/ Kim Marie K Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record for Plaintiffs
Hotels.com and Subsidiaries

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel