*A transfer of the net assets of a combining company* to effect a business combination satisfies condition 47-b provided all net assets of the company at the date the plan is consummated are transferred in exchange for stock of the issuing corporation. However, the combining company may retain temporarily cash, receivables, or marketable securities to settle liabilities, contingencies, or items in dispute if the plan provides that the assets remaining after settlement are to be transferred to the corporation issuing the stock to effect the combination. Only voting common stock may be issued to effect the combination unless both voting common stock and other stock of the other combining company are outstanding at the date the plan is consummated. The combination may then be effected by issuing all voting common stock or by issuing voting common and other stock in the same proportions as the outstanding voting common and other stock of the other combining company. An investment in 10 percent or less of the outstanding voting common stock of a combining company held by another combining company requires special computations to evaluate condition 47-b. The computations and comparisons are in terms of the voting common stock of the issuing corporation and involve:

> *Stock issued for common stock interest.* The total number of shares of voting common stock issued for all of the assets[8] is divided between those applicable to outstanding voting common stock and those applicable to other outstanding stock, if any, of the combining company which transfers assets (transferor company).
>
> *Reduction for intercorporate investments.* The number of issued shares of voting common stock applicable to the voting common stock interests of the transferor combining company is reduced by the sum of (1) the number of shares of voting common stock of the issuing corporation held by the transferor combining company at the date the plan of combination is initiated plus shares it acquired after that date and (2) the number of shares of voting common stock of the transferor combining company held by the issuing corporation at the date the plan of combination is initiated plus shares it acquired after that date. The shares of the transferor combining company are restated as the equivalent number of shares of voting common stock of the issuing corporation for this purpose. Restatement is based on the ratio of the number of shares of voting common stock of the transferor combining company which are outstanding at the date the plan is consummated to the number of issued shares of voting common stock applicable to the voting common stock interests.

[8]Including (for this computation) stock of the issuing corporation held by the transferor combining company.

*Comparison with 90 percent.* The reduced number of shares of stock issued is compared with 90 percent of the issued number of shares of voting common stock applicable to voting common stock interests to determine if the transfer of assets meets the terms of condition 47-b.

c. None of the combining companies changes the equity interest of the voting common stock in contemplation of effecting the combination either within two years before the plan of combination is initiated or between the dates the combination is initiated and consummated; changes in contemplation of effecting the combination may include distributions to stockholders and additional issuances, exchanges, and retirements of securities.

Distributions to stockholders which are no greater than normal dividends are not changes for this condition. Normality of dividends is determined in relation to earnings during the period and to the previous dividend policy and record. Dividend distributions on stock of a combining company that are equivalent to normal dividends on the stock to be issued in exchange in the combination are considered normal for this condition.

d. Each of the combining companies reacquires shares of voting common stock only for purposes other than business combinations, and no company reacquires more than a normal number of shares between the dates the plan of combination is initiated and consummated.

Treasury stock acquired for purposes other than business combinations includes shares for stock option and compensation plans and other recurring distributions provided a systematic pattern of reacquisitions is established at least two years before the plan of combination is initiated. A systematic pattern of reacquisitions may be established for less than two years if it coincides with the adoption of a new stock option or compensation plan. The normal number of shares of voting common stock reacquired is determined by the pattern of reacquisitions of stock before the plan of combination is initiated.

Acquisitions by other combining companies of voting common stock of the issuing corporation after the date the plan of combination is initiated are essentially the same as if the issuing corporation reacquired its own common stock.

e. The ratio of the interest of an individual common stockholder to those of other common stockholders in a combining company remains the same as a result of the exchange of stock to effect the combination.

This condition means that each individual common stockholder who exchanges his stock receives a voting common stock interest exactly in proportion to his relative voting common stock interest before the combination is effected. Thus no common stockholder is denied or surrenders his potential share of a voting common stock interest in a combined corporation.

f. The voting rights to which the common stock ownership interests in the resulting combined corporation are entitled are exercisable by the stockholders; the stockholders are neither deprived of nor restricted in exercising those rights for a period.

This condition is not met, for example, if shares of common stock issued to effect the combination are transferred to a voting trust.

g. The combination is resolved at the date the plan is consummated and no provisions of the plan relating to the issue of securities or other consideration are pending.

This condition means that (1) the combined corporation does not agree to contingently issue additional shares of stock or distribute other consideration at a later date to the former stockholders of a combining company or (2) the combined corporation does not issue or distribute to an escrow agent common stock or other consideration which is to be either transferred to common stockholders or returned to the corporation at the time the contingency is resolved.

An agreement may provide, however, that the number of shares of common stock issued to effect the combination may be revised for the later settlement of a contingency at a different amount than that recorded by a combining company.

48. *Absence of planned transactions.* Some transactions after a combination is consummated are inconsistent with the combining of entire existing interests of common stockholders. Including those transactions in the negotiations and terms of the combination, either explicitly or by intent, counteracts the effect of combining stockholder interests. The three conditions in this paragraph relate to certain future transactions.

a. The combined corporation does not agree directly or indirectly to retire or reacquire all or part of the common stock issued to effect the combination.
b. The combined corporation does not enter into other financial arrangements for the benefit of the former stockholders of a combining company, such as a

guaranty of loans secured by stock issued in the combination, which in effect negates the exchange of equity securities.

c. The combined corporation does not intend or plan to dispose of a significant part of the assets of the combining companies within two years after the combination other than disposals in the ordinary course of business of the formerly separate companies and to eliminate duplicate facilities or excess capacity.

#### Subsidiary Corporation

49. Dissolution of a combining company is not a condition for applying the pooling of interests method of accounting for a business combination. One or more combining companies may be subsidiaries of the issuing corporation after the combination is consummated if the other conditions are met.

### Application of Pooling of Interests Method

50. A business combination which meets all of the conditions in paragraphs 45 to 48 should be accounted for by the pooling of interests method. Appropriate procedures are described in paragraphs 51 to 65.

#### Assets and Liabilities Combined

51. The recorded assets and liabilities of the separate companies generally become the recorded assets and liabilities of the combined corporation. The combined corporation therefore recognizes those assets and liabilities recorded in conformity with generally accepted accounting principles by the separate companies at the date the combination is consummated.

52. The combined corporation records the historical-cost based amounts of the assets and liabilities of the separate companies because the existing basis of accounting continues. However, the separate companies may have recorded assets and liabilities under differing methods of accounting and the amounts may be adjusted to the same basis of accounting if the change would otherwise have been appropriate for the separate company. A change in accounting method to conform the individual methods should be applied retroactively, and financial statements presented for prior periods should be restated.

#### Stockholders' Equity Combined

53. The stockholders' equities of the separate companies are also combined as a part of the pooling of interests method of accounting. The combined corporation records

as capital the capital stock and capital in excess of par or stated value of outstanding stock of the separate companies. Similarly, retained earnings or deficits of the separate companies are combined and recognized as retained earnings of the combined corporation (paragraph 56). The amount of outstanding shares of stock of the combined corporation at par or stated value may exceed the total amount of capital stock of the separate combining companies; the excess should be deducted first from the combined other contributed capital and then from the combined retained earnings. The combined retained earnings could be misleading if shortly before or as a part of the combination transaction one or more of the combining companies adjusted the elements of stockholders' equity to eliminate a deficit; therefore, the elements of equity before the adjustment should be combined.

54. A corporation which effects a combination accounted for by the pooling of interests method by distributing stock previously acquired as treasury stock (paragraph 47-d) should first account for those shares of stock as though retired. The issuance of the shares for the common stock interests of the combining company is then accounted for the same as the issuance of previously unissued shares.

55. Accounting for common stock of one of the combining companies which is held by another combining company at the date a combination is consummated depends on whether the stock is the same as that which is issued to effect the combination or is the same as the stock which is exchanged in the combination. An investment of a combining company in the common stock of the issuing corporation is in effect returned to the resulting combined corporation in the combination. The combined corporation should account for the investment as treasury stock. In contrast, an investment in the common stock of other combining companies (not the one issuing stock in the combination) is an investment in stock that is exchanged in the combination for the common stock issued. The stock in that type of intercorporate investment is in effect eliminated in the combination. The combined corporation should account for that investment as stock retired as part of the combination.

**Reporting Combined Operations**

56. A corporation which applies the pooling of interests method of accounting to a combination should report results of operations for the period in which the combination occurs as though the companies had been combined as of the beginning of the period. Results of operations for that period thus comprise those of the separate companies combined from the beginning of the period to the date the combination is consummated and those of the combined operations from that date to the end of the period. Eliminating the effects of intercompany transactions from operations before the date of combination reports operations before and after the date of combination

on substantially the same basis. The effects of intercompany transactions on current assets, current liabilities, revenue, and cost of sales for periods presented and on retained earnings at the beginning of the periods presented should be eliminated to the extent possible. The nature of and effects on earnings per share of nonrecurring intercompany transactions involving long-term assets and liabilities need not be eliminated but should be disclosed. A combined corporation should disclose in notes to financial statements the revenue, extraordinary items, and net income of each of the separate companies from the beginning of the period to the date the combination is consummated (paragraph 64-d). The information relating to the separate companies may be as of the end of the interim period nearest the date that the combination is consummated.

57. Similarly, balance sheets and other financial information of the separate companies as of the beginning of the period should be presented as though the companies had been combined at that date. Financial statements and financial information of the separate companies presented for prior years should also be restated on a combined basis to furnish comparative information. All restated financial statements and financial summaries should indicate clearly that financial data of the previously separate companies are combined.

**Expenses Related to Combination**

58. The pooling of interests method records neither the acquiring of assets nor the obtaining of capital. Therefore, costs incurred to effect a combination accounted for by that method and to integrate the continuing operations are expenses of the combined corporation rather than additions to assets or direct reductions of stockholders' equity. Accordingly, all expenses related to effecting a business combination accounted for by the pooling of interests method should be deducted in determining the net income of the resulting combined corporation for the period in which the expenses are incurred. Those expenses include, for example, registration fees, costs of furnishing information to stockholders, fees of finders and consultants, salaries and other expenses related to services of employees, and costs and losses of combining operations of the previously separate companies and instituting efficiencies.

**Disposition of Assets After Combination**

59. A combined corporation may dispose of those assets of the separate companies which are duplicate facilities or excess capacity in the combined operations. Losses or estimated losses on disposal of specifically identified duplicate or excess facilities should be deducted in determining the net income of the resulting combined corporation. However, a loss estimated and recorded while a facility remains in service

should not include the portion of the cost that is properly allocable to anticipated future service of the facility.

60. Profit or loss on other dispositions of assets of the previously separate companies may require special disclosure unless the disposals are part of customary business activities of the combined corporation. Specific treatment of a profit or loss on those dispositions is warranted because the pooling of interests method of accounting would have been inappropriate (paragraph 48-c) if the combined corporation were committed or planned to dispose of a significant part of the assets of one of the combining companies. The Board concludes that a combined corporation should disclose separately a profit or loss resulting from the disposal of a significant part of the assets or a separable segment of the previously separate companies, provided

> the profit or loss is material in relation to the net income of the combined corporation, and
>
> the disposition is within two years after the combination is consummated.

The disclosed profit or loss, less applicable income tax effect, should be classified as an extraordinary item.

**Date of Recording Combination**

61. A business combination accounted for by the pooling of interests method should be recorded as of the date the combination is consummated. Therefore, even though a business combination is consummated before one or more of the combining companies first issues its financial statements as of an earlier date, the financial statements issued should be those of the combining company and not those of the resulting combined corporation. A combining company should, however, disclose as supplemental information, in notes to financial statements or otherwise, the substance of a combination consummated before financial statements are issued and the effects of the combination on reported financial position and results of operations (paragraph 65). Comparative financial statements presented in reports of the resulting combined corporation after a combination is consummated should combine earlier financial statements of the separate companies.

62. A corporation may be reasonably assured that a business combination which has been initiated but not consummated as of the date of financial statements will meet the conditions requiring the pooling of interests method of accounting. The corporation should record as an investment common stock of the other combining company acquired before the statement date. Common stock acquired by disbursing

cash or other assets or by incurring liabilities should be recorded at cost. Stock acquired in exchange for common stock of the issuing corporation should, however, be recorded at the proportionate share of underlying net assets at the date acquired as recorded by the other company. Until the pooling of interests method of accounting for the combination is known to be appropriate, the investment and net income of the investor corporation should include the proportionate share of earnings or losses of the other company after the date of acquisition of the stock. The investor corporation should also disclose results of operations for all prior periods presented as well as the entire current period as they will be reported if the combination is later accounted for by the pooling of interests method. After the combination is consummated and the applicable method of accounting is known, financial statements issued previously should be restated as necessary to include the other combining company.

**Disclosure of a Combination**

63. A combined corporation should disclose in its financial statements that a combination which is accounted for by the pooling of interests method has occurred during the period. The basis of current presentation and restatements of prior periods may be disclosed in the financial statements by captions or by references to notes.

64. Notes to financial statements of a combined corporation should disclose the following for the period in which a business combination occurs and is accounted for by the pooling of interests method.

a. Name and brief description of the companies combined, except a corporation whose name is carried forward to the combined corporation.
b. Method of accounting for the combination—that is, by the pooling of interests method.
c. Description and number of shares of stock issued in the business combination.
d. Details of the results of operations of the previously separate companies for the period before the combination is consummated that are included in the current combined net income (paragraph 56). The details should include revenue, extraordinary items, net income, other changes in stockholders' equity, and amount of and manner of accounting for intercompany transactions.
e. Descriptions of the nature of adjustments of net assets of the combining companies to adopt the same accounting practices and of the effects of the changes on net income reported previously by the separate companies and now presented in comparative financial statements (paragraph 52).

f. Details of an increase or decrease in retained earnings from changing the fiscal year of a combining company. The details should include at least revenue, expenses, extraordinary items, net income, and other changes in stockholders' equity for the period excluded from the reported results of operations.

g. Reconciliations of amounts of revenue and earnings previously reported by the corporation that issues the stock to effect the combination with the combined amounts currently presented in financial statements and summaries. A new corporation formed to effect a combination may instead disclose the earnings of the separate companies which comprise combined earnings for prior periods.

The information disclosed in notes to financial statements should also be furnished on a pro forma basis in information on a proposed business combination which is given to stockholders of combining companies.

65. Notes to the financial statements should disclose details of the effects of a business combination consummated before the financial statements are issued but which is either incomplete as of the date of the financial statements or initiated after that date (paragraph 61). The details should include revenue, net income, earnings per share, and the effects of anticipated changes in accounting methods as if the combination had been consummated at the date of the financial statements (paragraph 52).

## Application of Purchase Method

### Principles of Historical-Cost Accounting

66. Accounting for a business combination by the purchase method follows principles normally applicable under historical-cost accounting to recording acquisitions of assets and issuances of stock and to accounting for assets and liabilities after acquisition.

67. *Acquiring assets.* The general principles to apply the historical-cost basis of accounting to an acquisition of an asset depend on the nature of the transaction:

a. An asset acquired by exchanging cash or other assets is recorded at cost—that is, at the amount of cash disbursed or the fair value of other assets distributed.

b. An asset acquired by incurring liabilities is recorded at cost—that is, at the present value of the amounts to be paid.

c. An asset acquired by issuing shares of stock of the acquiring corporation is recorded at the fair value of the asset[9]—that is, shares of stock issued are recorded at the fair value of the consideration received for the stock.

The general principles must be supplemented to apply them in certain transactions. For example, the fair value of an asset received for stock issued may not be reliably determinable, or the fair value of an asset acquired in an exchange may be more reliably determinable than the fair value of a noncash asset given up. Restraints on measurement have led to the practical rule that assets acquired for other than cash, including shares of stock issued, should be stated at "cost" when they are acquired and "cost may be determined either by the fair value of the consideration given or by the fair value of the property acquired, whichever is the more clearly evident."[10] "Cost" in accounting often means the amount at which an entity records an asset at the date it is acquired whatever its manner of acquisition, and that "cost" forms the basis for historical-cost accounting.

68. *Allocating cost.* Acquiring assets in groups requires not only ascertaining the cost of the assets as a group but also allocating the cost to the individual assets which comprise the group. The cost of a group is determined by the principles described in paragraph 67. A portion of the total cost is then assigned to each individual asset acquired on the basis of its fair value. A difference between the sum of the assigned costs of the tangible and identifiable intangible assets acquired less liabilities assumed and the cost of the group is evidence of unspecified intangible values.

69. *Accounting after acquisition.* The nature of an asset and not the manner of its acquisition determines an acquirer's subsequent accounting for the cost of that asset. The basis for measuring the cost of an asset—whether amount of cash paid, fair value of an asset received or given up, amount of a liability incurred, or fair value of stock issued—has no effect on the subsequent accounting for that cost, which is retained as an asset, depreciated, amortized, or otherwise matched with revenue.

**Acquiring Corporation**

70. A corporation which distributes cash or other assets or incurs liabilities to obtain the assets or stock of another company is clearly the acquirer. The identities of the acquirer and the acquired company are usually evident in a business combination effected by the issue of stock. The acquiring corporation normally issues the stock

[9] An asset acquired may be an entire entity which may have intangible assets, including goodwill.

[10] ARB No. 24; the substance was retained in slightly different words in Chapter 5 of ARB No. 43 and ARB No. 48.