**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | **No. 06-285T (Judge Christine O.C. Miller)** |
| **Plaintiffs,** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS,**
**DAVID S. LITMAN AND MALIA A. LITMAN AND**
**ROBERT B. DIENER AND MICHELLE S. DIENER'S WITNESS LIST**

Plaintiffs-Counterdefendants, David S. Litman and Malia A. Litman and Robert B. Diener and Michelle S. Diener ("Plaintiffs") submit the following list of witnesses who Plaintiffs expect to call to testify at trial in this case in accordance with Appendix A ¶ 15(a) of the Rules of the Court of Federal Claims.

1) David Litman

Mr. Litman is expected to testify regarding the substantial restrictions applicable to the restricted shares of HRN, Inc. stock issued to TMF Liquidating Trust on February 24, 2000 ("the Restricted Shares"), the negotiation, execution, and terms of the Asset Purchase Agreement dated May 7, 1999 (the "Asset Purchase Agreement") and the Amended and Restated Asset Purchase Agreement dated February 2, 2000 ("the Amended and Restated Agreement"), the contemporaneous appraisals obtained regarding the value of the Restricted Shares and his reasonable reliance on those appraisals in reporting the value of the Restricted Shares, KPMG's valuation group's certification of the reasonableness of the BVS/Mitchell appraisal analysis, concerns regarding the restrictions on sale of the Restricted Shares, the events leading up to and the initial public offering of HRN shares, the facts and circumstances related to the preparation and filing of the Form 1120 by TMF Liquidating Trust for the year 2000, the facts and circumstances related to the preparation and filing of the Form 1040, United States Income Tax Return filed by the Litmans for the year 2000, the business and operations of HRN, HRN's tax reporting of the value of the Restricted Shares, HRN's financial reporting with respect to the Restricted Shares, the employment of Andy Pells by TMF, Inc. and TMF Liquidating Trust, the employment agreement with Mr. Pells, the reasonableness of the compensation paid to Mr. Pells, and the importance of Mr. Pells to the business, the claim for refund of taxes for 2000, the IRS audit of his 2000 income tax return, the circumstances regarding his filing a change of address form with the IRS, discussions he had with HRN and USA Network Management, and any other facts relevant to the issues in this case.

Estimated time for direct examination: 1 - 1.5 hours

2) Malia Litman

Ms. Litman is expected to testify regarding the substantial restrictions applicable to the Restricted Shares, the negotiation, execution, and terms of the Amended and Restated Agreement, the contemporaneous appraisals obtained regarding the value of the Restricted Shares, her reasonable reliance on the appraisals in reporting the value of the Restricted Shares, KPMG's valuation group's certification of the reasonableness of the BVS/Mitchell appraisal analysis, concerns regarding the restrictions on sale of the Restricted Shares, the events leading up to and the initial public offering of HRN shares, the business and operations of HRN, the facts and circumstances related to the preparation and filing of the Form 1120 by TMF Liquidating Trust for the year 2000, the facts and circumstances related to the preparation and filing of the Form 1040, United States Income Tax Return filed by the Litmans for the year 2000, the employment of Andy Pells by TMF, Inc. and TMF Liquidating Trust, the employment agreement with Mr. Pells, the reasonableness of the compensation paid to Mr. Pells, and the importance of Mr. Pells to the business, the claim for refund of taxes for 2000, the IRS audit of her 2000 income tax return, the circumstances regarding her filing a change of address form with the IRS, and any other facts relevant to the issues in this case.

Estimated time for direct examination: 20 minutes

3) Robert Diener

Mr. Diener is expected to testify regarding the substantial restrictions applicable to the Restricted Shares, the negotiation, execution, and terms of the Asset Purchase Agreement and the Amended and Restated Asset Purchase Agreement, the contemporaneous appraisals obtained regarding the value of the Restricted Shares and his reasonable reliance on those appraisals in reporting the value of the Restricted Shares, KPMG's valuation group's certification of the reasonableness of the BVS/Mitchell appraisal analysis, concerns regarding the restrictions on sale of the Restricted Shares, the events leading up to and the initial public offering of HRN shares, the facts and circumstances related to the preparation and filing of the Form 1120 by TMF Liquidating Trust for the year 2000, the facts and circumstances related to the preparation and filing of the Form 1040, United States Income Tax Return filed by the Dieners for the year 2000, the business and operations of HRN, HRN's tax reporting of the value of the Restricted Shares, HRN's financial reporting with respect to the Restricted Shares, the employment of Andy Pells by TMF, Inc. and TMF Liquidating Trust, the employment agreement with Mr. Pells, the reasonableness of the compensation paid to Mr. Pells, and the importance of Mr. Pells to the business, the claim for refund of taxes for 2000, the IRS audit of his 2000 income tax return, the circumstances regarding his filing a change of address form with the IRS, discussions he had with HRN and USA Network Management, and any other facts relevant to the issues in this case.
Estimated time for direct examination: 1 - 1.5 hours

4) Michelle Diener

Ms. Diener is expected to testify regarding the substantial restrictions applicable to the Restricted Shares, the negotiation, execution, and terms of the Amended and Restated Agreement, the contemporaneous appraisals obtained regarding the value of the Restricted Shares, her reasonable reliance on the appraisals in reporting the value of the Restricted Shares, KPMG's valuation group's certification of the reasonableness of the BVS/Mitchell appraisal analysis, concerns regarding the restrictions on sale of the Restricted Shares, the events leading up to and the initial public offering of HRN shares, the business and operations of HRN, the facts and circumstances related to the preparation and filing of the Form 1120 by TMF Liquidating Trust for the year 2000, the facts and circumstances related to the preparation and filing of the Form 1040, United States Income Tax Return filed by the Dieners for the year 2000, the employment of Andy Pells by TMF, Inc. and TMF Liquidating Trust, the employment agreement with Mr. Pells, the reasonableness of the compensation paid to Mr. Pells, and the importance of Mr. Pells to the business, the claim for refund of taxes for 2000, the IRS audit of her 2000 income tax return, the circumstances regarding her filing a change of address form with the IRS, and any other facts relevant to the issues in this case.

Estimated time for direct examination: 30 minutes

5) Mel Robinson

Mr. Robinson is expected to testify regarding HRN's financial reporting/ accounting treatment for the Restricted Shares, the Form 1120, United States Income Tax Return filed by Hotels.com for the years 2000, 2001, 2002, 2003 and 2004, the valuation of the Restricted Shares obtained by HRN, the operations of HRN, the importance of David Litman, Bob Diener, and Andy Pells to HRN, the anticipated volatility of and risk associated with the HRN stock, discussions regarding the valuation and proper financial reporting/accounting and tax treatment of the Restricted Stock with HRN and USA Network Management, and in HRN's Audit Committee. Mr. Robinson's deposition is incorporated by reference.

Estimated time for direct examination: 45 minutes

6) Brian Lidji

Mr. Lidji is expected to testify regarding the specific restrictions applicable to the Restricted Shares, the terms of the Asset Purchase Agreement and the Amended and Restated Agreement, the facts and circumstances surrounding the negotiation and execution of the Asset Purchase Agreement and the Amended and Restated Agreement, the importance of David Litman, Bob Diener, and Andy Pells to HRN, the issuance of the Restricted Shares, discussions he had with representatives of HRN, USA Network, and their attorneys and agents. Mr. Lidji's deposition is incorporated by reference.

Estimated time for direct examination: 30 minutes

7) Mark Mitchell

Mr. Mitchell is expected to provide expert testimony regarding the fair market value of the Restricted Shares. His report and the rebuttal reports submitted by Mr. Mitchell are incorporated by reference.

Estimated time for direct examination: 1 - 2 hours

8) Susan Weiss

Ms. Weiss is expected to testify regarding the audit of the Litmans' and Dieners' 2000 Form 1040's, the audit of HRN's 2000 Form 1120, the IRS's valuation of the Restricted Stock, and admissions made by representatives of Hotels.com regarding the date the Restricted Shares were issued to TMF Liquidating Trust and the value of the Restricted Shares.

Estimated time for direct examination: 30 minutes

9) Jean Wharton

Ms. Wharton is expected to testify regarding the issuance of Notices of Deficiency to the Litmans and Dieners by the IRS, the facts and circumstances surrounding same, the change of address forms submitted and the address to which the Notices of Deficiency were sent by the Litmans and Dieners.

Estimated time for direct examination: 20 minutes

10) Andy Pells

Mr. Pells is expected to testify (either in person or by deposition) regarding his employment at TMF, Inc. and his receipt of HRN, Inc. shares in February 2000, as a result of that employment, the importance of himself, David Litman and Robert Diener to the operations of HRN, and the expected volatility and risk of HRN stock. Mr. Pells' deposition is incorporated by reference.

Estimated time for direct examination: 40 minutes

10) John R. Bozalis, Jr.

Mr. Bozalis is expected to testify regarding the facts and circumstances surrounding the initial public offering of HRN, Inc. stock in February of 2000, the facts and circumstances surrounding the date the Restricted Shares were issued, issues regarding the preparation of HRN's prospectus and red herrings, the risk associated with holding the Restricted Shares during the one to four year holding periods, and the anticipated volatility of the HRN stock.

Estimated time for direct examination: 30 minutes

Plaintiffs reserve the right to call any witness listed by Hotels.com or the United States if the need arises.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: February 26, 2007

By: s/ John W. Porter
John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER AND MICHELLE S. DIENER