**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DAVID S. LITMAN And MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | **No. 05-956T** |
| **ROBERT B. DIENER And MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**PLAINTIFF HOTELS.COM'S MOTION FOR LEAVE TO SUBPOENA DOCUMENTS AND DEPOSITION TESTIMONY OF JOHN R. BOZALIS, JR., AND REQUEST FOR EXPEDITED RESPONSE AND REPLY SCHEDULE**

Plaintiff, Hotels.com and Subsidiaries ("Hotels.com"), respectfully moves under RCFC 45 and Appendix A 13(b), for leave to subpoena deposition testimony and documents from John R. Bozalis, Jr. ("Bozalis"), a newly-identified witness on plaintiffs' David S. and Malia A. Litman ("Litmans"), and Robert B. and Michelle S. Diener ("Dieners"), "expect to call" list of trial witnesses.

RCFC Appendix A 13(b) requires the parties to exchange lists of witnesses they may call at trial. It further provides that "[a]ny witness whose identity has not been previously disclosed shall be subject to discovery." RCFC Appendix A 15(a) requires the parties to designate witnesses "expected" to be called, and those to be called "if the need arises."

Plaintiffs Litmans and Dieners seek to call Bozalis to testify "regarding the facts and circumstances surrounding the initial public offering of HRN, Inc. stock in February of 2000, the facts and circumstances surrounding the date the Restricted Shares were issue, issues regarding the preparation of HRN's prospectus and red herrings, the risk associated with holding the Restricted Shares during the one to four year holding periods, and the anticipated volatility of the HRN stock."[1] The United States in its Interrogatory No. 3 to the Litmans and Dieners specifically requested that they "[i]dentify all persons who were involved in or assisted in (a) setting the offering price for HRN stock in the Initial Public Offering ("IPO") in February 2000; [and] (b) offering, promoting or marketing HRN stock for the initial public offering in February 2000 . . . ." The Litmans' and Dieners' January 9, 2006 interrogatory response identified six individuals with knowledge of these topics. Those individuals did <u>not</u> include Bozalis. Instead, the Litmans and Dieners mentioned Bozalis as "involved in the 'HRN Roadshow'," <u>and nothing more</u>. Being involved in the roadshow provides no indication that Bozalis may have knowledge concerning "the facts and circumstances surrounding the date the Restricted Shares were issued, issues regarding the preparation of HRN's prospectus and red herrings, the risk associated with holding the Restricted Shares during the one to four year holding periods, and the anticipated volatility of the HRN stock."

---

1 Plaintiffs-Counterdefendants, David S. Litman and Malia A. Litman and Robert B. Diener and Michelle S. Diener's Witness List, *Litman et al. v. United States* (Fed. Cl. February 26, 2007) (No. 05-956).

In their June 12, 2006, response to Hotels.com's Interrogatory No. 2, which sought the identity of "all persons with knowledge of those factual issues you contend relate to Sellers' claims in this case regarding the IPO Shares…," plaintiffs Litmans and Dieners "identified" no individuals by name. Instead, they "identified" "numerous unidentified individuals at Donaldson, Lufkin & Jenrette with knowledge of the facts surrounding the initial public offering. [emphasis added]" Again, Bozalis's name was not disclosed.

Moreover, Plaintiffs Litmans and Dieners did not identify Bozalis in their RCFC 26(a) disclosures. Further, in the discovery process, the parties deposed 14 fact witnesses (and three expert witnesses) between May 17th and July 28th, and Bozalis's name did not once come up in any deposition. The parties used 193 exhibits at those depositions, and Bozalis's name is also not contained in any of these documents. The parties used 60 exhibits at mediation, and, again, Bozalis's name is not contained in any of these documents.[2] Plaintiffs Litmans and Dieners identified 133 exhibits they expect to use at trial, and Bozalis's name is not included in any of these documents.

While fact-witness testimony, including that of Bozalis, concerning "the risk associated with holding the Restricted Shares during the one to four year holding periods, and the anticipated volatility of the HRN stock," is impermissible opinion testimony by a law witness,[3] the remaining subjects on which the Litmans and Dieners expect to examine Bozalis directly bear on significant

---

[2] The Mediation Agreement also allowed the parties to rely on and provide the mediator with unagreed, undisclosed documents. It is possible that Litmans and Dieners relied on documents containing Bozalis' name, but if this is the case, they should have amended their RCFC 26(a) disclosures.

[3] Hotels.com anticipates filing a motion *in limine* concerning this impermissible use of a fact witness to provide expert testimony. *See* Fed. R. Evid. 701.

issues at trial. As explained above, Bozalis's "…identity has not been previously disclosed [and therefore he] shall be subject to discovery."[4]

Consequently, Hotels.com respectfully requests leave to seek documents and testimony from Bozalis concerning the subjects on which he is anticipated to testify. Draft subpoenas are attached hereto as Exhibits A and B. Due to the limited time within which to serve and depose Bozalis in advance of trial, we respectfully request an expedited response and reply schedule for this motion. For these reasons, Hotels.com's motion for leave to seek documents and deposition testimony from Bozalis should be granted.

Respectfully submitted,

March 20, 2007

s/ Kim Marie K Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record for Plaintiffs
Hotels.com and Subsidiaries

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel

---

[4] RCFC Appendix A 13(b) ("Any witness whose identity has not been previously disclosed shall be subject to discovery."). Rule 26(e) of the Rules of Court of Federal Claims make clear a party's ongoing obligation to supplement discovery responses. Supplementation is necessary where a party learns of new information, and such information has not been made known to the parties during the discovery process or in writing. Any other reading of RCFC 26(e) would circumvent the purpose of the rule