Exhibit B

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN And MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER And MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a**<br>**HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**SUBPOENA**

To: John R. Bozalis, Jr.

1. YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above-captioned case.
*Place of Testimony:*________________________________________
*Date and Time:*____________________________________________

2. YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case.
*Place of Deposition:*________________________________________
*Date and Time:*____________________________________________

3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (See Attachment A)
*Place:* Dallas Metropolitan Area - To Be Determined
*Date and Time:* To Be Determined

4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below..
*Premise:*____________________
*Date and Time:*____________________

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Attorney for Hotels.com March 16, 2007
ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Kari M. Larson, Esq., 555 Eleventh Street, N.W., Washington, DC 20004, (202) 637-1018
ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER

NOTE – If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

DATE PLACE

SERVED
SERVED ON (PRINT NAME) MANNER OF SERVICE

❑ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: __________ ____________________
DATE SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

RCFC 45.
**(c)** Protection of Persons Subject to Subpoenas.
**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
**(2)**
**(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
**(3)**
**(A)** On timely motion, the court shall quash or modify the subpoena if it
**(i)** fails to allow reasonable time for compliance;
**(ii)** requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or
**(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies, or
**(iv)** subjects a person to undue burden.
**(B)** If a subpoena
**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or
**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
**(iii)** requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
**(d)** Duties in Responding to Subpoena.
**(1)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**DEFINITIONS**

1. The applicable definitions and rules of construction set forth in the RCFC are incorporated herein by reference.

2. "Litman et al. v. United States" shall include the civil actions David S. and Malia A. Litman v. United States, No. 05-956; Robert B. and Michelle S. Diener v. United States, No. 05-971, and Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.) v. United States, No. 06-285.

3. "Hotels.com" includes Hotels.com, its subsidiaries, parents, affiliates, predecessors and successors, including, but not limited to, HRN, Inc., USA Networks, Inc., and IAC/InteractiveCorp. "Hotels.com" also includes its employees, agents, representatives, attorneys, and any other person under its control or working directly or indirectly at its direction.

4. "Asset Purchase Agreement" is the Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of April 13, 1999.

5. "Amended and Restated Agreement" is the Amended and Restated Asset Purchase Agreement by and among HRN, Inc., USA Networks, Inc., TMF, Inc., HRN Marketing Corp., Robert Diener and David Litman, dated as of February 2, 2000.

6. "November 2003 Amendment" is the Amendment to Amended and Restated Asset Purchase Agreement by and among Hotels.com, InterActiveCorp, TMF Liquidating Trust, Robert Diener and David Litman, dated as of November 13, 2003.

7. "Sellers" consist of all of the owners of TMF, Inc., HRN Marketing Corp., and the TMF Liquidating Trust, including but not limited to David S. and Malia A. Litman, and Robert B. and Michelle Diener.

8. “IPO Shares” are the 9,999,900 shares of HRN, Inc. common stock paid to Sellers contemporaneous with the February 2000 IPO.

9. “Person” shall mean any natural Person, corporation, partnership, sole proprietorship, association, joint venture, business entity, governmental body, trust and/or estate.

10. “And” and “or” as used herein, shall be construed conjunctively or disjunctively as necessary to make the applicable discovery request inclusive rather than exclusive.

11. The term “document” shall have the meaning as in RCFC 34, and includes, but is not limited to, the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal or preliminary: letters; e-mail; memoranda; reports; agreements; working papers; communications (including intra-departmental communication and inter-departmental communications); correspondence; summaries of records or personal conversations; diaries; forecasts, statistical statements; graphs; charts; plans; drawings; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigation opinions or reports of consultants; opinions of counsel; reports of or summaries of negotiations; circulars; draft of any documents; books; instruments; appraisals; applications; accounts; tapes and all other material of any tangible medium of expression; computer diskettes and all other magnetic or electronic media.

## INSTRUCTIONS

1. Documents produced should be organized and labeled to correspond with the numbered requests in this subpoena or produced as they are kept in the ordinary course of business. A document control number ("Bates-stamp") should be affixed or stamped on each page of all documents produced.

2. Any information, communication, or document responsive to this subpoena withheld on the basis of any privilege must be listed on a privilege log detailing:

   a. the date of the information, communication or document upon which the claim of privilege is based;

   b. the identity of the authors, addressees, recipients, and any person who has read or obtained possession of the information, communication or document;

   c. a brief description of the subject matter of the information, communication or document; and

   d. the grounds for the claim of privilege relevant to the information, communication or document.

3. If any documents are withheld on the basis of some other objection, state the nature of and the complete factual basis for the objection.

4. Each document request specified below extends to any document in your possession, custody or control. A document is deemed to be in your possession, custody or control if it is in the physical custody of any other person and you: (**a**) own such document in whole or in part; (**b**) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (**c**) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (**d**) have, as a practical matter, been able to use, inspect, examine or copy such document when you sought to do so.

**ATTACHMENT A**

**DOCUMENT REQUESTS**

1. All documents relating to the initial public offering of HRN, Inc. stock in February of 2000.
2. All documents relating to the facts and circumstances surrounding the date the IPO Shares were issued.
3. All documents relating to the preparation of HRN's prospectus and red herrings.
4. All documents relating to the risk associated with holding the IPO Shares during the one to four year holding periods.
5. All documents relating to the anticipated volatility of HRN stock.
6. All documents relating to your anticipated testimony at trial in this matter.
7. All documents provided to the Litmans and Dieners or their counsel, including, but not limited to John Porter or Brian Lidji, and anyone working at their direction or employed by their respective law firms, from January 1, 1999 to the present.