**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | **No. 06-285T** **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER'S RESPONSE TO HOTELS.COM'S MOTION FOR LEAVE TO SUBPOENA DOCUMENTS AND DEPOSITION TESTIMONY OF JOHN R. BOZALIS, JR., AND REQUEST FOR EXPEDITED RESPONSE AND REPLY SCHEDULE**

Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener file this Response to Hotels.com's Motion for Leave to Subpoena Documents and Deposition Testimony of John R. Bozalis, Jr., and Request for Expedited

Response and Reply Schedule (this "Response") pursuant to ¶ 13(b) of Appendix A and Rule 45 of the Rules of the Court of Federal Claims (the "Rules"). In support of this Response, Plaintiffs state as follow:

1. Hotels.com's Motion asks this Court to allow it to conduct discovery on the eve of trial on a witness, the identity of whom it readily admits was previously disclosed,[1] when it had more than adequate opportunity to do so during the discovery period set by the Court. Hotels.com's request should be denied.

2. John R. Bozalis, Jr., the subject of Hotels.com's Motion, is a former Vice President of Donaldson, Lufkin & Jenrette ("DLJ"). While at DLJ, Mr. Bozalis played a significant role in the HRN IPO in February, 2000. Mr. Bozalis and DLJ were hired by HRN (now, Hotels.com) and selected by HRN as underwriters for the IPO. The disingenuousness of Hotels.com's position is illustrated by its claim that the identity of a person *Hotels.com itself hired* in relation to the IPO was not disclosed to them.

3. As Hotels.com admits, Plaintiffs identified Mr. Bozalis in their Response to the United States' Interrogatories. However, Hotels.com misrepresents the extent of that disclosure. Plaintiffs clearly identified Mr. Bozalis as a person involved in the initial public offering for HRN. A copy of Plaintiffs' Responses[2] are attached as Exhibit A. Plaintiffs' complete Response to Interrogatory 3(b) was as follows:

---

[1] The Rules provide that additional discovery may be conducted only when the identity of a witness identified at the meeting of counsel (conducted on February 12, 2006, over a month ago) was not "previously disclosed." RCFC, Appendix A ¶ 13(b). Hotels.com seeks to broaden the application of the provision to allow additional discovery not just when a witness is not identified but also when, as Hotels.com contends (which Plaintiffs deny), a specific topic of testimony is not identified.

[2] Only the Litmans' Responses are attached. The Dieners' Responses were substantially identical.

**INTERROGATORY NO. 3:**

Identify all persons who were involved in or assisted in:

* * * * *

(b) offering, promoting or marketing HRN stock for the initial public offering in February 2000;

**RESPONSE:**

The persons identified in Response to Interrogatory No. 3(a) above were involved in offering, promoting and marketing HRN stock for the initial public offering. In addition, David Litman, Robert Diener, and the following individuals were also involved in the HRN 'road show':

(1) John R. Bozalis, Jr.
ORIX Capital Markets, L.L.C.
1717 Main Street, Suite 900
Dallas, Texas 75201
(214) 237-2183

Mr. Bozalis was a Vice President of DLJ.

(2) Jack Rubin
6602 Forestshire Dr.
Dallas, Texas 75230
(214) 265-9990

Mr. Rubin was the Chief Financial Officer and Strategic Officer of Hotel Reservations Network.

***Attached as Exhibit 4 (Bates-labeled LD005830 – LD005843) and incorporated by reference in these responses in the "Working Group List," which contains the names of those individuals involved in the initial public offering for HRN.***

(c) receiving offers to purchase or indications of interest in purchasing HRN stock in the initial public offering in February 2000; and

**RESPONSE:**

Donaldson, Lufkin & Jenrette was responsible for receiving offers to purchase or indications of interest in purchasing HRN stock in the IPO. Plaintiffs believe that the Donaldson, Lufkin &

Jenrette individuals identified in response to (3)(a) above were the persons primarily responsible.

(d) allocating shares or determining the successful purchasers of HRN stock in the initial public offering in February 2000.

**RESPONSE:**

Plaintiffs believe that Donaldson, Lufkin & Jenrette was responsible for allocating shares and determining the successful purchasers of HRN stock in the IPO.

Exhibit A, p. 14-15 (emphasis added). Mr. Bozalis was listed on the HRN IPO "Working Group List" incorporated into the Response, a copy of which is attached hereto as Exhibit B. *See* Exhibit B, p. LD005838. ***Accordingly, Plaintiffs disclosed both Mr. Bozalis's identity and the fact that he was involved in the IPO.***

4. Plaintiffs, in their Witness List, stated that they expect Mr. Bozalis to testify "regarding the facts and circumstances surrounding the initial public offering of HRN, Inc. stock in February of 2000, the facts and circumstances surrounding the date the Restricted Shares were issued, issues regarding the preparation of HRN's prospectus and red herrings, the risk associated with holding the Restricted Shares during the one to four year holding periods, and the anticipated volatility of the HRN stock." *See* Plaintiffs' Witness List at p. 6. All topics relate to the HRN IPO - the exact subject which Plaintiffs identified Mr. Bozalis as being involved in.

5. Plaintiffs' discovery responses to the United States were provided to Hotels.com by the United States and, additionally, the Litmans' Reponses were filed with this Court on March 15, 2006, as an exhibit to the United States' Motion to Extend Discovery Schedule.

6. Notwithstanding the foregoing Interrogatory Responses, Mr. Bozalis's identity and involvement in the HRN IPO was well known to Hotels.com. DLJ -- Mr. Bozalis' employer -- was hired by HRN as the underwriter for the HRN IPO. Mr. Bozalis is listed in the HRN IPO

"Working Group List" attached to Plaintiffs' Interrogatory Responses and produced in discovery. *See* Exhibit B at p. LD005838. Mr. Bozalis's is identified in numerous other documents produced in discovery. For example, a search of the electronic database created by Hotels.com's counsel of the documents produced by Brian Lidji reveals 62 documents containing Mr. Bozalis's name. Several of these documents are attached hereto as Exhibit C. *See, e.g.*, Exhibit C (documents bates-labeled LIJ015546-015548, LIJ015551-015554, and LIJ0015558-0015559). Two of the documents are letters from the lawyers of HRN's parent company circulating a draft of the HRN prospectus to a list of numerous individuals involved in preparing HRN's prospectus for the IPO. Among the persons included on the lists was John Bozalis. *See* Exhibit C, pp. LIJ015547, LIJ015552. The remainder of the documents attached in Exhibit C are letters from lawyers for HRN regarding due diligence materials related to the IPO. Again, Mr. Bozalis is identified on the distribution list. *See* Exhibit C, pp. LIJ015554, LIJ015558, and LIJ015559.

7. Hotels.com knew of Mr. Bozalis's role in the HRN IPO long before this case and he was clearly identified multiple times in discovery. Like many of the potential witnesses identified in discovery in this case, Hotels.com simply chose not to depose Mr. Bozalis.

8. The Rules provide for additional discovery only for a witness "whose identity has not been previously disclosed." RCFC, Appendix A ¶ 13(b). The subject of a witness's potential testimony is not required to be disclosed -- only his/her identity. *Id.* It is undisputed that Mr. Bozalis's identity was disclosed. Moreover, Mr. Bozalis was identified as someone who was directly involved in the HRN IPO -- exactly the subject of the testimony Plaintiffs seek to elicit from him. Accordingly, Hotels.com is not entitled to seek additional discovery regarding Mr. Bozalis.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that Hotels.com's Motion be denied.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: March 22, 2007

By: John W. Porter

John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS