IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN And MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER And MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**HOTELS.COM AND SUBSIDIARIES' OBJECTIONS TO DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER AND MICHELLE S. DIENER'S MOTIONS FOR LEAVE TO FILE DEPOSITION TESTIMONY**

Plaintiffs Hotels.com and Subsidiaries ("Hotels.com") object as follows to Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener and Michelle S. Diener's Motions for Leave to File Deposition Testimony of Eric DeGraw, Mel Robinson, Christine Zeikel, James Horan, and Andrew Pells. To the extent Hotels.com designated testimony to which we now object, such designations were protective in nature in the event our objections (which were anticipated at the time of our designations and are set forth herein) were overruled. In

the event the Court overrules any objection, where surrounding or related testimony was designated by Hotels.com, we rely on our original designation.

| **Witness and Designation** | **Testimony Subject** | **Objection** | **Basis for Objection** |
|---|---|---|---|
| DeGraw 40:20 - 41:5 | Asset Purchase Agreement and the Amended and Restated Asset Purchase Agreement | Foundation | Witness testified that he lacks personal knowledge regarding all aspects of the Asset Purchase Agreement other than the tax due diligence, and all aspects of the Amended and Restated Asset Purchase Agreement. (DeGraw Dep. 18:9 – 19:9 (acquisition involvement limited to due diligence); 27:8 – 11 (no involvement in amendment)). [hereinafter "Admitted Lack of Personal Knowledge re Agreement and Amended Agreement"] |
| DeGraw 46:10 – 17 | Asset Purchase Agreement and the Amended and Restated Asset Purchase Agreement | Foundation | Admitted Lack of Personal Knowledge re Agreement and Amended Agreement |
| DeGraw 50:8 – 51:9 | Value of additional goodwill reported on HRN 2000 IRS Form 1120 | Foundation and Opinion Testimony by Lay Witness | DeGraw lacks personal knowledge as to the number used on the tax return (50:14), did not review subsidiary tax returns (100:18 – 101:18); did not recall reviewing the HRN 2000 Form 1120 ( 101:19 – 102:4). [hereinafter "Admitted Lack of Personal Knowledge re HRN's 2000 IRS Form 1120"]. Additionally, testimony seeks to elicit opinion testimony from lay witness concerning GAAP and tax accounting requirements, where witness was not qualified to offer such testimony. [hereinafter "GAAP/Tax Opinion Testimony by Lay Witness"] |
| DeGraw 55:7 – 11 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | Subject of motion in limine: what occurred administratively is irrelevant to refund litigation because the standard of review is *de novo* [hereinafter "*de novo* Review of Refund Litigation"]. Further, any discussions concerning settlement, including positions considered or taken in connection with settlement, are barred under FRE 408 [hereinafter "FRE 408"]. |

| **Witness and Designation** | **Testimony Subject** | **Objection** | **Basis for Objection** |
|---|---|---|---|
| DeGraw 56:20 – 58:11 | Reasonableness of Deloitte Valuation | Opinion Testimony by Lay Witness | Witness testimony on reasonableness of valuation results, where witness admits to being unqualified to evaluate valuations (58:7 - 11) is inadmissible opinion testimony by lay witness [hereinafter "Lay Witness Opinion Testimony re Reasonableness of Valuation"]. |
| DeGraw 63:21 – 65:4 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |
| DeGraw 66:8 – 67:21 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |
| DeGraw 87:11 – 18 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |
| DeGraw 90:6 - 15 | Testimony concerning filing original and amended return | Hearsay; Foundation | Witness testified that he did not review subsidiaries' tax returns, and that he did not recall reviewing the HRN, Inc. 2000 tax return (100:18 – 102:4) |
| DeGraw 90:16 - 22 | Communications concerning IRS audit | Hearsay, Settlement Discussions, IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |
| DeGraw 91:5 – 11 | Testimony concerning "the company" | Hearsay; Foundation | Witness testified regarding "the company's" position, unclear whether referencing parent or subsidiary and hearsay |
| DeGraw 94:7 – 95:22 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |
| DeGraw 98:19 – 99:7 | IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |

| Witness and Designation | Testimony Subject | Objection | Basis for Objection |
|---|---|---|---|
| DeGraw 113:21 – 114:12 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408 |
| Ziekel 57:1 – 4 | Share value against which to apply discounts | Foundation | Ziekel was the primary author of the Deloitte & Touche report prepared on behalf of Hotels.com. Question assumes that Ziekel's report applied discounts to a certain stock price, but the report did not determine a price against which the discount should be applied, it only determined a discount. |
| Ziekel 73:7 – 74:6 | Insider trading law | Legal Opinion | Witness testimony concerning legal standards governing insider trading is impermissible legal testimony. |
| Pells 77:7 – 78:8 | USA communications | Hearsay | Pells' testimony concerning USA's communications in the context of negotiating his non-compete agreement is inadmissible hearsay. |
| Horan 15:19 – 16:10 | Communication re purported review of BVS appraisal by KPMG | Hearsay, Foundation | Subject of motion in limine: Horan's testimony concerning purported conversations he had with a member of KPMG's valuation practice following their purported review of a draft Mitchell report is inadmissible hearsay. Further, because Horan testified that he lacked personal knowledge concerning the scope and methods of that purported review, any such testimony by Horan lacks foundation and is therefore inadmissible (59:11 – 15; 93:12 - 20). (Horan was not provided with any written analysis of this purported work.). [hereinafter "KPMG Purported Valuation Review Communications"] |
| Horan 16:22 – 17:18 | Communication re purported review of BVS appraisal by KPMG | Hearsay; Foundation | KPMG Purported Valuation Review Communications. Further, any testimony concerning this memorandum is inadmissible hearsay because it was not qualified as a business record. Failure to establish that it was contemporaneous to the event that it records, or that it was made by or from information transmitted by a person with knowledge acting in the regular course of business. [hereinafter "Incomplete Business Record Foundation"] |

| Witness and Designation | Testimony Subject | Objection | Basis for Objection |
|---|---|---|---|
| Horan 81:9 – 83:20 | Communication re purported review of BVS appraisal by KPMG | Hearsay | KPMG Purported Valuation Review Communications; Incomplete Business Record Foundation. |
| Horan 82:8 – 83:20 | Communication re purported review of BVS appraisal by KPMG | Hearsay | Even if business record requirements are satisfied in connection with the memo, the memo contains inadmissible double hearsay concerning third party conversations, and testimony regarding this portion (as well as the portion of the document) is inadmissible hearsay. |
| Horan 86:24 – 90:24 | Communication re purported review of BVS appraisal by KPMG | Hearsay | KPMG Purported Valuation Review Communications; Incomplete Business Record Foundation. |
| Horan 94:8 – 95:9 | Communication re purported review of BVS appraisal by KPMG | Hearsay | KPMG Purported Valuation Review Communications; Incomplete Business Record Foundation. |
| Robinson 27:10 – 28:2 | Audit Committee/ Board Conversations | Hearsay, Foundation | Out of court statements are inadmissible hearsay, therefore testimony regarding statements by the Audit Committee or the Board are inadmissible. [hereinafter "Hearsay Audit Committee/ Board Conversations"] Robinson also was not employed by HRN until after the IPO, so any testimony by Robinson concerning the IPO is lacking personal knowledge and thus without foundation and also hearsay. [hereinafter "Lacking Personal Knowledge"] |
| Robinson 28:22 – 29:4 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 30:13 - 18 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 32:1 – 11 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 32:7 – 35:6 | Reasonableness of Deloitte Valuation | Opinion Testimony by Lay Witness | Witness testimony on reasonableness of valuation results, where witness admits to being unqualified to evaluate valuations is inadmissible testimony. |
| Robinson 35:7 – 25 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |

| Witness and Designation | Testimony Subject | Objection | Basis for Objection |
|---|---|---|---|
| Robinson 37:9 – 16 | Reasonableness of Deloitte Valuation | Opinion Testimony by Lay Witness | Witness testimony on reasonableness of valuation results, where witness admits to having no prior experience in evaluating valuations (33:23 – 34:11), does not specifically recall who at HRN approved the use of the Deloitte report (64:18 – 65:18), and did not testify that he had read the report or was familiar with its contents (65:10 – 24) is inadmissible opinion testimony by lay witness. [hereinafter "Lay Witness Opinion Testimony re Reasonableness of Valuation"]. Also lacking foundation and hearsay. |
| Robinson 45:24 – 46:3 | Purported conversations with USA employees | Hearsay | Purported conversations with USA employees are inadmissible hearsay |
| Robinson 63:23 – 64:23 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, foundation, lacks personal knowledge |
| Robinson 65:1 - 20 | Reasonableness of Deloitte Valuation | Lay Witness Opinion Testimony | Lay Witness Opinion Testimony re Reasonableness of Valuation |
| Robinson 67:21 – 68:17 | Reasonableness of Deloitte Valuation | Lay Witness Opinion Testimony | Lay Witness Opinion Testimony re Reasonableness of Valuation |
| Robinson 74:5 – 75:6 | Stock Performance Forecasting | Lay Witness Opinion Testimony | Lay witness testimony concerning stock performance following specific events is inadmissible testimony. |
| Robinson 76:10 – 77:18 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, foundation, lacks personal knowledge, hearsay, Lay Witness Opinion Testimony re Reasonableness of Valuation |
| Robinson 78:13 – 86:9 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge, Lay Witness Opinion Testimony re Reasonableness of Valuation, hearsay |
| Robinson 88:8 – 89:4 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, foundation, hearsay |
| Robinson 90:4 - 21 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, assumes facts not in evidence, foundation |

| Witness and Designation | Testimony Subject | Objection | Basis for Objection |
|---|---|---|---|
| Robinson 99:22 – 101:20 | Reasonableness and application of Deloitte Valuation | Opinion Testimony by Lay Witness | Lay Witness Opinion Testimony re Reasonableness of Valuation; Lay witness testimony re appropriate methodology in applying valuation |
| Robinson 102:1 – 103:2 | Conversations with USA employees | Hearsay, Foundation, Opinion Testimony by Lay Witness | Conversations with USA employees are inadmissible hearsay; witness lacks personal knowledge concerning SEC reporting requirements in connection with the IPO because the witness was not an employee of the company until 3 months after the IPO; Lay witness testimony re appropriate methodology in applying valuation |

Hotels.com further objects to the exclusion of certain portions of testimony under FRE 106 "Rule of Completeness." To the extent any of Robinson's testimony is admitted by the Court, the following identified designations should also be admitted in order to provide necessary context to Litmans' and Dieners' designations, and to ensure a fair and impartial understanding of Robinson's testimony.

| Witness and Designation | Testimony Subject | Basis for Inclusion |
|---|---|---|
| Robinson 20:20 – 24:21 | Litman and Diener's expectations concerning stock performance | Portions of Robinson's designated deposition testimony concerns stock performance expectations. To the extent such testimony is determined to be admissible, Litman and Diener's own expectations should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |

| **Witness and Designation** | **Testimony Subject** | **Basis for Inclusion** |
|---|---|---|
| Robinson 35:7 – 13 | Robinson's recollection of Audit Committee action | Portions of Robinson's designated deposition testimony concern issues addressed and positions taken by the Audit Committee. Although such testimony is inadmissible hearsay, in the event it is determined to be admissible, Robinson's inability to recall such actions and conversations should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |
| Robinson 47:21 – 48:2 | Robinson's recollection of HRN's 2000 tax reporting | Portions of Robinson's designated deposition testimony concern HRN's 2000 tax reporting, and HRN's tax reporting generally. Robinson's inability to recall certain actions and conversations should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |
| Robinson 54:14 – 55:8 | Robinson's recollection of action taken in connection with e-mail | Portions of Robinson's designated deposition testimony concern an e-mail he received from R. Diener. Robinson's inability to recall actions taken in connection with the e-mail should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |
| Robinson 68:18 – 69:18 | Robinson's testimony regarding HRN's practice in connection with tax return review and approval | Portions of Robinson's designated deposition testimony concern HRN's practice in connection with federal income tax returns. The additional testimony that should be included provides context for Robinson designations, and will insure a fair and impartial understanding. |

| **Witness and Designation** | **Testimony Subject** | **Basis for Inclusion** |
|---|---|---|
| Robinson 70:18 – 21 | Robinson's recollection concerning amended tax returns for HRN in 2000 | Portions of Robinson's designated deposition testimony concern HRN's valuation of the stock at issue in this matter. The additional testimony that should be included, concerning whether Deloitte prepared amended tax returns for 2000 based on the valuation, provides context for Robinson designations, and will insure a fair and impartial understanding. |

Respectfully submitted,

April 2, 2007

s/ Kim Marie K Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record for Plaintiffs
Hotels.com and Subsidiaries

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel