**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | **No. 06-285T (Judge Christine O.C. Miller)** |
| **Plaintiffs,** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER'S OBJECTIONS TO HOTELS.COM'S MOTION FOR LEAVE TO FILE DEPOSITION TESTIMONY**

Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener ("Plaintiffs") file these Objections to Hotels.com's Motion for Leave to File Deposition Testimony pursuant to ¶ 15(B) of Appendix A and Rule 32 of the Rules of the Court of Federal Claims. Plaintiffs' Objections are as follows:

Plaintiffs' primary objection involves the Rule of Optional Completeness. Rule 106 of the Federal Rules of Evidence provides as follows:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

A number of the designations of deposition testimony omit related testimony from the witness which should be included to make the testimony complete and to place it in the proper context.

**Deposition of Christine Zeikel**

1. Plaintiffs object to the following portions of the deposition of Christine Zeikel designated by Hotels.com for the reasons noted:

(a) Pages 22:20 through 24:14. The testimony at pages 24:21 through 26:6 should be included under Rule 106 to make it complete.

(b) Pages 56:17 through 56:25. The testimony at pages 57:2 through 57:4 should be included under Rule 106 to make it complete.

(c) Pages 70:11 through 71:3. The testimony at pages 71:7 through 71:23 should be included under Rule 106 to make it complete.

**Deposition of Eric DeGraw**

2. Plaintiffs object to the following portions of the deposition of Eric DeGraw designated by Hotels.com for the reasons noted:

(a) Pages 18:9 through 25:1. The testimony at pages 18:2 through 18:8 should be included under Rule 106 to make it complete.

(b) Pages 26:15 through 40:19. The testimony at pages 40:20 through 41:15 should be included under Rule 106 to make it complete.

(c) Pages 46:22 through 48:12 and 51:10 through 53:22. The testimony at pages 48:13 through 51:09 and 53:23 through 54:14 should be included under Rule 106 to make it complete.

(d) Pages 58:7 through 63:13 and 63:21 through 64:12. The testimony at pages 63:15 through 63:20 should be included under Rule 106 to make it complete.

(e) Pages 98:19 through 99:7. The testimony at pages 97:5 through 98:18 should be included under Rule 106 to make it complete.

(f) Pages 105:14 through 110:8. The testimony at pages 110:9 through 111:8 should be included under Rule 106 to make it complete.

(g) Pages 114:13 through 114:18 and 115:18 through 115:21. The testimony at pages 114:19 through 115:17 should be included under Rule 106 to make it complete.

**Deposition of James Horan**

3. Plaintiffs object to admissibility of the following portions of the deposition of James Horan designated by Hotels.com for the reasons noted:

(a) Pages 22:4 through 22:8. The testimony cited is irrelevant to the issues in this case.

(b) Pages 26:10 through 27:5. The testimony cited is irrelevant to the issues in this case.

(c) Pages 31:14 through 35:16. The testimony cited is irrelevant to the issues in this case.

(d) Pages 38:5 through 49:3. The testimony cited is irrelevant to the issues in this case.

(e) Pages 52:16 through 55:25. The testimony cited is irrelevant to the issues in this case.

(f) Pages 73:18 through 74:10. The testimony cited is irrelevant to the issues in this case.

(g) Pages 75:11 through 76:25. The testimony cited is irrelevant to the issues in this case.

**Deposition of David Bohlmann**

4. Plaintiffs object to the following portions of the deposition of David Bohlmann designated by Hotels.com for the reasons noted:

(a) Pages 4:10 through 4:25. The testimony at pages 5:1 through 5:11 should be included under Rule 106 to make it complete.

(b) Pages 16:19 through 19:11. The testimony at pages 19:12 through 20:21 should be included under Rule 106 to make it complete.

(c) Pages 21:9 through 24:23. The testimony at pages 24:24 through 25:2 should be included under Rule 106 to make it complete.

(d) Pages 92:23 through 97:18 and 103:6 through 105:3. The testimony at pages 97:23 through 102:15 should be included under Rule 106 to make it complete.

(e) Pages 106:9 through 109:25. The testimony at pages 110:1 through 110:11 should be included under Rule 106 to make it complete.

5. For the foregoing reasons, Plaintiffs respectfully request that the above mentioned portions of the depositions designated by Hotels.com not be admitted into evidence at trial (or alternatively, the portions of the testimony designated above be added under the Rule of Optional Completeness) in this case.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: April 2, 2007

By: John W. Porter
John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS