# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| **vs.** | ) | **No. 05-956 T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| **vs.** | ) | **No. 05-971 T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T** |
| **THE UNITED STATES,** | ) | **(Christine O. C. Miller)** |
| **Defendant** | ) | |

**THE UNITED STATES' MOTION**
***IN LIMINE* TO PRECLUDE EXAMINATION**
**BY PLAINTIFFS OF IRS AGENT SUSAN WEISS**
**ON CERTAIN SUBJECTS AT TRIAL**

2370288.1

The United States moves, *in limine*, for an order providing that plaintiffs may not seek to examine Susan Weiss on certain subjects at trial. Plaintiffs David and Malia Litman and Robert and Michelle Diener have listed Ms. Weiss as a proposed witness, and have issued a subpoena to her.

Ms. Weiss is the IRS agent who conducted the audit of the Litmans and Diener and Hotels.com. In their list of proposed trial witnesses, the Litmans and Dieners indicate that they intend to examine Ms. Weiss on several subjects: (1) the audit of the Litmans and Dieners; (2) the audit of Hotels.com; (3) an IRS valuation of the HRN restricted stock during Hotels.com's audit; and (4) admissions made by Hotels.com regarding the date the HRN restricted stock was issued and its value. (See Plaintiffs-Counterdefendants David Litman and Malia Litman and Robert Diener and Michelle Diener's Witness List, filed February 26, 2007.) In a statement attached to the subpoena issued to Ms. Weiss, the Litmans and Dieners explain that included in the proposed examination of Ms. Weiss about their respective audits will be the specific topics of whether the Litmans and Dieners cooperated with IRS requests for information and meetings during the audit, maintained all required records, and complied with the substantiation requirements under the Code. The Litmans and Dieners claim that Ms. Weiss's testimony on these last three specific topics are relevant to their claim that the burden should be shifted under 26 U.S.C. § 7491.

The United States does not object to Ms. Weiss potentially testifying on the specific topics that the Litmans and Dieners claim are relevant to their burden shifting claim, although the United States does not believe that the court will need to decide this issue in order to determine the fair market value of the HRN restricted stock. The United States does object, however, to the



2370288.1

proposed examination of Ms. Weiss about the IRS's "valuation" of the HRN restricted stock and the audits of all plaintiffs generally.

This is a *de novo* proceeding, in which the factual findings and legal analysis of the IRS are of no consequence. *See, e.g., Cook v. United States*, 46 Fed. Cl. 110 (Fed. Cl. 2000); *Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655 (Fed. Cl. 1994); and *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 325 (Tax Ct. 1974). Accordingly, testimony from Ms. Weiss about her view of the underlying facts at issue in these cases is irrelevant, and will not help determine any of the facts at issue. *See*, Rule 401 of the Federal Rules of Evidence. Regarding the value of the HRN stock in particular, the United States anticipates that plaintiffs may seek to examine Ms. Weiss about her knowledge of a "preliminary, limited scope" evaluation of the HRN restricted stock done by an IRS engineer, Ruth Haney, long before these cases were filed. Ms. Weiss is not an expert who can offer an opinion as to value, however, and there is no, and will be no, foundation for the admission of opinions of Ms. Haney, through the testimony of Ms. Weiss, for the purpose of proving the value of the HRN restricted stock. No party has listed Ms. Haney as a witness for trial. *See* Rules 702 and 703, of the Federal Rules of Evidence.[1]

The United States also objects to the proposed examination of Ms. Weiss about statements made to her during Hotels.com's audit by Hotels.com representatives regarding the date the HRN restricted stock was issued and Hotels.com's view of the value of the HRN restricted stock. On both of these issues, in addition to impermissibly going behind the notice of

---

[1] The United States does not intend to imply that Ms. Haney could not be an expert, or does not have expertise, in her profession. The Litmans and Dieners have simply not developed a record in this case that would allow the admission of statements by Ms. Haney as opinion evidence of the HRN restricted stock's value.

deficiency, Ms. Weiss' testimony is not necessary and would be merely cumulative. *See* Rule 403 of the Federal Rules of Evidence. Regarding the first issue, the Litmans and Dieners claim the stock was issued on February 24, 2000, the date on their stock certificates, and HRN also alleges in its Complaint that the HRN restricted stock was issued on February 24, 2000. This fact, therefore, is not in dispute, and testimony from Ms. Weiss would add nothing.

Ms. Weiss's testimony is also cumulative and unnecessary with respect to establishing Hotels.com's position regarding a valuation of the HRN restricted stock before it filed its refund case. Hotels.coms' valuation for tax year 2000 was the (un-discounted) $16 per share IPO price. For tax years 2001 - 2004, after it had obtained the Deloitte & Touche valuation, Hotels.com's valuation was based on applying the Deloitte discount to the IPO price, resulting in a per share value of about $10. Hotels.com's own tax returns show these facts, and its former employees have already confirmed these facts. Having Ms. Weiss simply relate that she also learned, during the audit, of the valuation positions taken by Hotels.com, again, adds nothing.

For all of these reasons, the United States requests that plaintiffs not be permitted to examine Ms. Weiss about the audits of plaintiffs, with the exception of matters relevant to any inquiry deemed necessary by the Court for the purposes of applying 26 U.S.C. § 7491.

Respectfully Submitted,

*s/ Cory A. Johnson*

Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*

Of Counsel

Attorney for The United States

Dated: April 5, 2007