IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiffs.** | ) | **No. 05-956 T** |
| **ROBERT B. DEINER and MICHELLE S. DEINER,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiff.** | ) | **No. 05-971 T** |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.**<br><br>**Plaintiff**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant** | ) | **No. 06-285 T**<br><br>**(Christine O. C. Miller)** |

**THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY AND PROPOSED EXHIBITS ABOUT KPMG'S PURPORTED REVIEW OF THE MITCHELL VALUATION**

2370287.1

The United States moves, *in limine*, for an order excluding from evidence certain testimony and exhibits concerning a purported review by Ray Nicholson, of KPMG, of the HRN restricted stock valuation done in 2001 by Mark Mitchell. In particular, the United States seeks to exclude two exhibits and deposition testimony of James Horan, a former KPMG partner, that the Litmans and Dieners have identified in their pretrial filings, and any other similar testimony or exhibits that may be offered at trial on the same subject.

## Background

In 2001, the Litmans and Dieners obtained a valuation of the HRN restricted stock from Mark Mitchell. (Mr. Mitchell also submitted an expert report in this case, and the Litmans and Dieners intend to call him as a witness.)[1] Mr. Diener evidently sent a draft of the 2001 Mitchell valuation to James Horan at KPMG. Mr. Horan is an accountant, now retired, who specialized in international taxation, and assisted with the preparation of the TMF Trust returns. He has no valuation expertise.

Mr. Horan testified in his deposition in this case that he sent the Mitchell valuation to Ray Nicholson, who was also with KPMG at the time. Mr. Horan sent the valuation to Mr. Nicholson at an airport hotel where Mr. Nicholson was attending a conference. According to Mr. Horan, Mr. Nicholson told him the next day, over the telephone, that the Mitchell valuation was "reasonable." (Mr. Horan does not recall the conversation, only its "gist.") Mr. Horan does not know what Mr. Nicholson did to review the valuation or how much time he spent reviewing it while at his conference. Additionally, Mr. Nicholson did not provide anything in writing – it was

[1] As noted in its pretrial memorandum, the United States believes that these valuations are flawed and substantially understate the value of the HRN restricted stock.

only an oral response over the telephone. In fact, Mr. Horan has never met Mr. Nicholson. A colleague of Mr. Horan's then purportedly incorporated this oral response from Mr. Nicholson in two versions of an internal KPMG memorandum that primarily addressed a number of other subjects. The memoranda pointedly state that KPMG did not perform a valuation and that it should not be "construed that the valuation is KPMG's."

**Testimony About the KPMG "Review" Is**
**Hearsay and Inadmissible Opinion Evidence**

Any testimony, including deposition testimony of Mr. Horan and trial testimony by the Dieners or Litmans, concerning the statements or purported conclusions of Ray Nicholson, and KPMG, cannot be admitted as substantive evidence for the purpose of supporting the "reasonableness" of the 2001 Mitchell valuation, or to prove that KPMG thought the valuation was "reasonable" or "correct." First, the statements are hearsay. Mr. Nicholson was not deposed in this case, and is not listed as a potential witness by any party. The alleged out-of-court statements by Mr. Nicholson, whether related by Mr. Horan, or anyone else, therefore, cannot be admitted for their truth. *See* Rules 801 and 802 of the Federal Rules of Evidence.

Second, such statements obviously purport to be opinion evidence. There is no, and will be no, foundation, however, for any such expert opinion testimony by Mr. Nicholson, or by Mr. Horan or anyone else who seeks to repeat at trial the out-of-court opinions of Mr. Nicholson. *See* Rules 701 and 702 of the Federal Rules of Evidence.

The same holds true for the KPMG memoranda that purportedly incorporate Mr. Nicholson's statements. These proposed exhibits cannot be admitted to prove anything about the Mitchell valuation or KPMG's review of it.

The United States requests, therefore, that the Court order that (i) deposition testimony of Mr. Horan and trial testimony of other witnesses, concerning the alleged review of the Mitchell report by KPMG; and (ii) exhibits purportedly reflecting a KPMG review will not be admitted for the purpose of establishing a value for the HRN restricted stock or proving the correctness or reasonableness of the Mitchell report, or its methods.

The United States objected to the specific portions of the Horan deposition in its response to the Litmans and Dieners' motion for leave to file the Horan transcript. Those portions concerning the KPMG review, to which the United States objected, were page 14, line 1 through page 18, line 1 and page 56, line 4 through page 58, line 17. The KPMG memoranda to which the United States objected are Litmans and Dieners' proposed trial exhibits numbers 45 and 89.

Respectfully Submitted,

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Attorney for The United States

Dated: April 5, 2007