IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN And MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER And MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**HOTELS.COM AND SUBSIDIARIES' OBJECTIONS TO UNITED STATES' MOTION FOR LEAVE TO FILE DEPOSITION TESTIMONY**

Plaintiffs Hotels.com and Subsidiaries ("Hotels.com") object as follows to the United States' Motion for Leave to File Deposition Transcripts. To the extent Hotels.com designated testimony to which we now object, such designations were protective in nature in the event our objections (which were anticipated at the time of our designations and are set forth herein) were overruled. In the event the Court overrules any objection, where surrounding or related testimony was designated by Hotels.com, we rely on our original designation.

| **Witness and Designation** | **Testimony Subject** | **Objection** | **Basis for Objection** |
|---|---|---|---|
| DeGraw 40:20 - 41:5 | Asset Purchase Agreement and the Amended and Restated Asset Purchase Agreement | Foundation | Witness testified that he lacks personal knowledge regarding all aspects of the Asset Purchase Agreement other than the tax due diligence, and all aspects of the Amended and Restated Asset Purchase Agreement. (DeGraw Dep. 18:9 – 19:9 (acquisition involvement limited to due diligence); 27:8 – 11 (no involvement in amendment)). [hereinafter "Admitted Lack of Personal Knowledge re Agreement and Amended Agreement"] |
| DeGraw 46:10 – 17 | Asset Purchase Agreement and the Amended and Restated Asset Purchase Agreement | Foundation | Admitted Lack of Personal Knowledge re Agreement and Amended Agreement |
| DeGraw 50:8 – 51:9 | Value of additional goodwill reported on HRN 2000 IRS Form 1120 | Foundation and Opinion Testimony by Lay Witness | DeGraw lacks personal knowledge as to the number used on the tax return (50:14), did not review subsidiary tax returns (100:18 – 101:18); did not recall reviewing the HRN 2000 Form 1120 ( 101:19 – 102:4). [hereinafter "Admitted Lack of Personal Knowledge re HRN's 2000 IRS Form 1120"]. Additionally, testimony seeks to elicit opinion testimony from lay witness concerning GAAP and tax accounting requirements, where witness was not qualified to offer such testimony. [hereinafter "GAAP/Tax Opinion Testimony by Lay Witness"] |
| DeGraw 55:7 – 11 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | Subject of motion in limine: what occurred administratively is irrelevant to refund litigation because the standard of review is *de novo* [hereinafter "*de novo* Review of Refund Litigation"]. Further, any discussions concerning settlement, including positions considered or taken in connection with settlement, are barred under FRE 408 [hereinafter "FRE 408"]. |

| **Witness and Designation** | **Testimony Subject** | **Objection** | **Basis for Objection** |
|---|---|---|---|
| DeGraw 56:20 – 58:11 | Reasonableness of Deloitte Valuation | Opinion Testimony by Lay Witness | Witness testimony on reasonableness of valuation results, where witness admits to being unqualified to evaluate valuations (58:7 - 11) is inadmissible opinion testimony by lay witness |
| DeGraw 63:21 – 65:4 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408, hearsay |
| DeGraw 66:8 – 67:21 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408, hearsay |
| DeGraw 87:11 – 18 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408, hearsay |
| DeGraw 90:6 - 15 | Testimony concerning filing original and amended return | Hearsay; Foundation | Witness testified that he did not review subsidiaries' tax returns, and that he did not recall reviewing the HRN, Inc. 2000 tax return (100:18 – 102:4), hearsay |
| DeGraw 90:16 - 22 | Communications concerning IRS audit | Hearsay, Settlement Discussions, IRS Audit | *de novo* Review of Refund Litigation and FRE 408, hearsay |
| DeGraw 91:5 – 11 | Testimony concerning "the company" | Hearsay; Foundation | Witness testified regarding "the company's" position, unclear whether referencing parent or subsidiary and hearsay |
| DeGraw 94:7 – 95:15 | Preparation for IRS audit and communications concerning same | Hearsay, Settlement Preparation, Preparation for IRS Audit | *de novo* Review of Refund Litigation and FRE 408, hearsay |
| Ziekel 57:1 – 4 | Share value against which to apply discounts | Foundation | Ziekel was the primary author of the Deloitte & Touche report prepared on behalf of Hotels.com. Question assumes that Ziekel's report applied discounts to a certain stock price, but the report did not determine a price against which the discount should be applied, it only determined a discount. |

| **Witness and Designation** | **Testimony Subject** | **Objection** | **Basis for Objection** |
|---|---|---|---|
| Robinson 27:10 – 28:2 | Audit Committee/ Board Conversations | Hearsay, Foundation | Out of court statements are inadmissible hearsay, therefore testimony regarding statements by the Audit Committee or the Board are inadmissible. [hereinafter "Hearsay Audit Committee/ Board Conversations"] Robinson also was not employed by HRN until after the IPO, so any testimony by Robinson concerning the IPO is lacking personal knowledge and thus without foundation and also hearsay. [hereinafter "Lacking Personal Knowledge"] |
| Robinson 28:22 – 29:4 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 30:13 - 18 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 32:1 – 11 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 32:7 – 35:6 | Reasonableness of Deloitte Valuation | Opinion Testimony by Lay Witness | Witness testimony on reasonableness of valuation results, where witness admits to being unqualified to evaluate valuations is inadmissible opinion testimony Robinson 7:21 – 10:12, 33:18 – 34:11. [hereinafter "Lay Witness Opinion Testimony re Reasonableness of Valuation"] |
| Robinson 35:7 – 25 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge |
| Robinson 63:23 – 64:23 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, foundation, lacks personal knowledge |
| Robinson 65:1 - 20 | Reasonableness of Deloitte Valuation | Lay Witness Opinion Testimony | Lay Witness Opinion Testimony re Reasonableness of Valuation |
| Robinson 67:21 – 68:17 | Reasonableness of Deloitte Valuation | Lay Witness Opinion Testimony | Lay Witness Opinion Testimony re Reasonableness of Valuation |
| Robinson 70:22 – 71:9 | Reasonableness of Deloitte Valuation | Lay Witness Opinion Testimony, Foundation, Presumes Facts not in Evidence | Lay Witness Opinion Testimony re Reasonableness of Valuation; Foundation; Presumes facts not in evidence because the Deloitte Valuation does not conclude a value but rather simply a discount (and does not set forth the amount against which the discount should be applied) |

| Witness and Designation | Testimony Subject | Objection | Basis for Objection |
|---|---|---|---|
| Robinson 77:12 – 77:18 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, foundation, lacks personal knowledge, hearsay, Lay Witness Opinion Testimony re Reasonableness of Valuation |
| Robinson 84:12 – 86:9 | Audit Committee/ Board Conversations | Hearsay, Foundation | Hearsay Audit Committee/ Board Conversations, Lacking Personal Knowledge, Lay Witness Opinion Testimony re Reasonableness of Valuation, hearsay |
| Robinson 100:5 – 101:20 | Reasonableness and application of Deloitte Valuation | Opinion Testimony by Lay Witness | Lay Witness Opinion Testimony re Reasonableness of Valuation; Lay witness testimony re appropriate methodology in applying valuation |

Hotels.com further objects to the exclusion of certain portions of testimony under FRE 106 "Rule of Completeness." To the extent any of Robinson's testimony is admitted by the Court, the following identified designations should also be admitted in order to provide necessary context to the United States' designations, and to ensure a fair and impartial understanding of Robinson's testimony.

| Witness and Designation | Testimony Subject | Basis for Inclusion |
|---|---|---|
| Robinson 35:7 – 13 | Robinson's recollection of Audit Committee action | Portions of Robinson's designated deposition testimony concern issues addressed and positions taken by the Audit Committee. Although such testimony is inadmissible hearsay, in the event it is determined to be admissible, Robinson's inability to recall such actions and conversations should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |
| Robinson 47:21 – 48:2 | Robinson's recollection of HRN's 2000 tax reporting | Portions of Robinson's designated deposition testimony concern HRN's 2000 tax reporting, and HRN's tax reporting generally. Robinson's inability to recall certain actions and conversations should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |

| **Witness and Designation** | **Testimony Subject** | **Basis for Inclusion** |
|---|---|---|
| Robinson 54:14 – 55:8 | Robinson's recollection of action taken in connection with e-mail | Portions of Robinson's designated deposition testimony concern an e-mail he received from R. Diener. Robinson's inability to recall actions taken in connection with the e-mail should also be admitted in order to place the admitted portion in context, and to insure a fair and impartial understanding. |
| Robinson 70:18 – 21 | Robinson's recollection concerning amended tax returns for HRN in 2000 | Portions of Robinson's designated deposition testimony concern HRN's valuation of the stock at issue in this matter. The additional testimony that should be included, concerning whether Deloitte prepared amended tax returns for 2000 based on the valuation, provides context for Robinson designations, and will insure a fair and impartial understanding. |

Respectfully submitted,

April 9, 2007

s/ Kim Marie K. Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record for Plaintiffs
Hotels.com and Subsidiaries

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel

Jennifer S. Crone
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel