IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiffs.** | ) | **No. 05-956 T** |
| **ROBERT B. DEINER and MICHELLE S. DEINER,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiff.** | ) | **No. 05-971 T** |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.**<br><br>**Plaintiff**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant** | ) | **No. 06-285 T**<br><br>**(Christine O. C. Miller)** |

**THE UNITED STATES' RESPONSE**
**TO HOTELS.COM'S MOTION *IN LIMINE***
**TO EXCLUDE EVIDENCE OF ALLEGED**
**ADMINISTRATIVE "SETTLEMENT NEGOTIATIONS"**

2399620.1

## Introduction

Hotels.com has moved to exclude from trial certain evidence that, it claims, relates to purported "administrative settlement negotiations" between it and the IRS before the IRS issued a notice of deficiency to Hotels.com. Hotels.com states in its motion that it anticipates that the Litmans and Dieners will attempt to introduce such evidence through the testimony of Eric DeGraw and certain proposed exhibits. Although principally presented as a motion to preclude evidence that the Litmans and Dieners intend to introduce, Hotels.com's motion, if granted, would also exclude substantial testimony and evidence that the United States also intends to introduce at trial. The United States' files this brief response to advise the Court of this fact, and respond to certain claims made by Hotels.com in its motion.[1]

## I. THERE WERE NO ADMINISTRATIVE SETTLEMENT NEGOTIATIONS

The United States is not aware of any "settlement negotiations" between the IRS and Hotels.com about the value of the HRN restricted stock. To the contrary, the IRS viewed its audit of Hotels.com as a routine audit during which Hotels.com was requested to provide information to substantiate its return position. Quite simply, there were no offers of compromise, and, obviously, there was no settlement agreement. Indeed, Hotels.com's position never changed from the time it obtained the Deloitte & Touche valuation report in October 2001 through

---

[1] Pursuant to RCFC Appendix A, ¶ 15(b), the United States moved for leave to file portions of Mr. DeGraw's deposition in this case. Hotels.com responded, objecting to the filing of certain portions. The United States' reply is due April 23, 2007. In that reply, the United States will comprehensively address Hotels.com's specific objections, and the reasons Mr. DeGraw's testimony should be admitted. Here, the United States addresses only Hotels.com's argument in its motion *in limine* that certain evidence is inadmissible because it relates to purported settlement negotiations.

completion of the audit: it believed the valuation of about $10 per share based on the Deloitte & Touche report was correct. This is the value it used for tax years 2001, 2002, 2003, and 2004, and, according to his deposition testimony, Mr. DeGraw believed that the $10 per share valuation had been used for 2000 because he had instructed HRN to file an amended return using that value. (Mr. DeGraw was Tax Director for USA Networks, HRN's parent company at the time.) (See Hotels.com's Response to the United States' First Set of Interrogatories to Hotels.com, p. 7; and DeGraw dep. p. 87.) The United States, therefore, does not believe that there is any testimony or evidence that should be excluded from evidence in this case under Rule 408 of the Federal Rules of Evidence.[2]

It should be noted that during Hotels.com's audit, the IRS performed a "preliminary, limited scope" valuation of the HRN restricted stock, and provided this report to Hotels.com. Hotels.com then critiqued the IRS's preliminary valuation, and the IRS adjusted its preliminary valuation. (See Litman/ Diener exhibits 15 and 16). Additionally, at some point in time, the IRS asked the Litmans and Dieners and Hotels.com to meet to discuss the valuation of the HRN stock. This never occurred, however, and the United States is not aware of the parties ever

---

[2] In the case *McPike, Inc. v. United States*, 15 Cl. Ct. 94 (Cl. Ct. 1988), cited by Hotels.com in its motion, the court excluded from evidence facts concerning a settlement reached between plaintiff and the IRS for tax years 1974 - 1977. The years in suit in the case before the court in *McPike* were 1978 - 81. The court excluded evidence of the prior-years' settlement for two reasons. First, under FRE 408, the prior settlement was inadmissible to prove that the same tax treatment should be allowed for the years at issue in the case. Second, the IRS's purported determination that plaintiff's claimed tax treatment was legal in prior years was irrelevant to the court's determination of the issue in the case before it. *McPike*, 15 Cl. Ct. at 99. Here, the situation is much different – there was no settlement, and there were no settlement discussions. *McPike* is not factually relevant.

making compromise offers or attempting to negotiate a "settlement." In sum, the audit was simply an audit, and never progressed beyond that.[3]

## II. ERIC DEGRAW'S TESTIMONY AND THE DELOITTE VALUATION SHOULD NOT BE EXCLUDED UNDER FRE 408

Even if it is assumed that FRE 408 could be applicable to some negotiations or exchanges between the IRS and Hotels.com, the testimony of Mr. DeGraw that Hotels.com identifies in its motion does not concern settlement negotiations, and cannot, therefore, be excluded under that rule. In fact, the testimony of Mr. DeGraw that the United States seeks to introduce primarily concerns Mr. DeGraw's own actions in 2000 and 2001, including his learning of the Litmans and Dieners' different valuation, his implementation of the Amended Asset Purchase Agreement, and his hiring of Deloitte & Touche to determine a fair market value for the HRN restricted stock so that HRN could file an amended 2000 return. (See, *e.g.*, DeGraw dep. pp. 40 - 41, 46, 50, 63, 91, 94). This testimony is relevant and admissible, and has nothing to do with any alleged settlement negotiations during the audit that occurred years later in 2004. For example, Mr. DeGraw's actions in 2001 are relevant to show that, when the disagreement as to valuation arose in 2001, HRN and USA Networks, Inc. did not assert that there was a binding agreement with the Litmans and Dieners about value. Instead, USA Networks hired Deloitte to obtain its own fair market value for the HRN restricted stock for use in HRN's tax return.

---

[3] The United States has moved to limit the testimony of Susan Weiss, the IRS agent who handled the audits, and objected to certain proposed exhibits concerning the audit, on the basis that they are not relevant, or would be merely cumulative, in this *de novo* proceeding. The objections are not based on FRE 408. See United States' Motion In Limine to Preclude Examinations by Plaintiffs of IRS Agent Susan Weiss on Certain Subjects at Trial, filed April 5, 2007.

It is true that Mr. DeGraw subsequently spoke with the IRS during the audit, and that he testified that he learned certain facts – such as the failure of HRN to file an amended 2000 return – during that process. (See DeGraw dep. p. 87). His involvement in the audit, however, does not mean that his testimony about other matters, occurring years earlier, is inadmissible under FRE 408.

Hotels.com's objections, based on FRE 408, to three of the United States' proposed exhibits fail for similar reasons. None of the exhibits (US 4, US 11, US 28) concern, or were created, for "settlement negotiations." In fact, Exhibit US 28 is the 2001 Deloitte & Touche engagement letter with USA Networks, Inc. (HRN's parent), Exhibit US 11 is a draft of the Deloitte valuation from 2001, and Exhibit US 4 is the 2001 Deloitte valuation sent by Eric DeGraw to the IRS to substantiate what he then thought was HRN's tax return position ($10 per share), with a cover letter simply stating that he is comfortable with the valuation for the HRN restricted stock. These documents, created or used for purposes of valuing the HRN restricted stock in 2000, 2001, 2002, 2003 and 2004, are not now inadmissible in this case merely because they may have also subsequently been sent to the IRS during the audit to substantiate Hotels.com's return positions. *See* Rule 408, Federal Rules of Evidence, Advisory Committee Notes (2006 Amendment) (..."the Rule cannot be read to protect pre-existing information simply because it was presented to the adversary in compromise negotiations.")[4]

[4] Hotels.com also objected to Exhibit US 5. For other reasons, the United States is withdrawing that as one of its proposed exhibits.

**Conclusion**

For all the above reasons, the United States requests that the Court deny Hotels.com's motion to the extent it seeks to exclude any evidence under FRE 408. Additionally, the United States requests that the Court consider the United States' reply brief in support of its motion to file portions of Eric DeGraw's deposition (to be filed April 23, 2007) in ruling on the other grounds asserted by Hotels.com for excluding testimony of Mr. DeGraw in its motion *in limine*.

Respectfully Submitted,

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Attorney for The United States

Dated: April 13, 2007