**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | **No. 06-285T** |
| | ) | **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER'S RESPONSE TO THE UNITED STATES' MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY AND PROPOSED EXHIBITS ABOUT KPMG'S PURPORTED REVIEW OF THE MITCHELL VALUATION**

Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener ("Plaintiffs"), file this Response to the United States' Motion in Limine to Exclude Certain Testimony and Proposed Exhibits About KMPG's Purported Review

of the Mitchell Valuation (this "Response") pursuant to the Court's Order dated November 16, 2006.

**A. Summary--KPMG's Conclusions Regarding the Reasonableness of the Valuation Methodology and the BVS Valuation Discount Conclusions Are Admissible to Show That the Plaintiffs Reasonably Relied On the BVS Appraisal in Reporting the Value of the Restricted Shares.**

The principal issue in this case involves the fair market value of 9,999,900 shares of common stock of Hotels Reservation Network, Inc. issued to the TMF Liquidating Trust on February 24, 2000 (the "Restricted Shares"). The Litmans and the Dieners, who owned interests in the TMF Liquidating Trust, recognized and paid millions of dollars of capital gains taxes for the year 2000 based upon the value of the Restricted Shares received by the Trust. In reporting the value of the Restricted Shares, the Litmans and the Dieners obtained a contemporaneous appraisal of the Restricted Shares (the "BVS Appraisal") by Mark Mitchell of Business Valuation Services, Inc. ("BVS"), an appraisal firm often used by the IRS in valuation disputes. In preparing the TMF Liquidating Trust's 2000 Federal Income Tax Return, KPMG had its internal valuation group review the BVS Appraisal, and it determined that both the valuation methodology used by BVS was sound and the valuation discounts determined by BVS were reasonable. KPMG's reasonable conclusions were communicated to the Dieners and subsequently to the Litmans. The Litmans and the Dieners relied on KPMG's reasonableness determination in reporting the value of the Restricted Stock in TMF Liquidating Trust's tax return and their individual income tax returns.

The Litmans' and the Dieners' state of mind in filing the tax returns at issue in this case has been put at issue by Defendants' assertion of $5 million in accuracy-related

penalties against the Litmans and the Dieners under I.R.C. § 6662.[1] Section 6664 provides a defense to penalties under § 6662 where the taxpayer can show that the taxpayer had "reasonable cause" and acted "in good faith." I.R.C. § 6664(c)(1). Thus, Plaintiffs do not offer evidence of KPMG's review of the BVS Appraisal to prove the truth of the matters asserted by that review (*i.e.*, that both the valuation methodology and the discount as determined by BVS were reasonable, although other evidence at trial will demonstrate those facts). Rather, KPMG's review of the BVS Appraisal and the communication of KPMG's reasonableness determination to Plaintiffs directly relate to the state of mind of Plaintiffs when the TMF Liquidating Trust Federal Income Tax Return, Form 1041 (the "2000 TMF Return") and their individual tax returns were filed. Therefore, evidence regarding the Litmans' and the Dieners' reliance on the KPMG valuation analysis is not hearsay under F.R.E. 801.

**B. The KPMG Memorandum and Related Testimony Demonstrate That it Was Reasonable for the Litmans and the Dieners to Rely on the BVS Valuation Analysis in Reporting the Gain Recognized on TMF Liquidating Trust's Receipt of the Restricted Shares.**

KPMG was employed by the TMF Liquidating Trust to prepare both the 1999 and 2000 tax returns for the TMF Liquidating Trust. David Litman and Robert Diener were the trustees of the Trust, and each of the Plaintiffs was a beneficiary of the TMF Liquidating Trust. The TMF Liquidating Trust was a flow-through entity, meaning that any income recognized by the TMF Liquidating Trust flowed through to the tax returns of its beneficiaries in proportion to the beneficiary's interest in the Trust. As noted above, Plaintiffs obtained the BVS Appraisal to determine the fair market value of the Restricted Shares, which was required to be recognized by both the TMF Liquidating Trust and Plaintiffs on their 2000 Federal income tax returns.

---

[1] References to "Section" or "§" are to the Internal Revenue Code of 1986, as amended, unless otherwise noted.

James Horan, the partner in charge of KPMG's representation of the TMF Liquidating Trust, testified that since the BVS Appraisal was performed by someone other than KPMG, it was necessary for KPMG to satisfy itself that the methodology and conclusions stated in the BVS Appraisal were reasonable before it could rely on it in preparing the 2000 TMF Return. (Horan Depo. at 86:24 - 90:24.) KPMG's review of the BVS Appraisal and its conclusions regarding the reasonableness of the valuation methodology and the discounts determined by BVS, along with several other issues related to the 2000 TMF Return preparation, were documented by KPMG in a memorandum prepared in April of 2001 (the "KPMG Memorandum").

The KPMG Memorandum was provided to the Dieners by KPMG in April of 2001, prior to the filing of the 2000 TMF Return and before the Dieners filed their personal income tax returns for year 2000. (Michelle Diener Depo. at 93:21-95:22). KPMG's reasonableness conclusions were also shared with the Litmans before they filed their individual income tax return for year 2000. A copy of the KPMG Memorandum provided to the Dieners, which is identified in the Exhibit Lists of all three parties to this case, is attached hereto as Exhibit 1.

The KPMG Memorandum begins by stating that "[f]ollowing are [sic] short explanation relating to the 1999 and 2000 tax year which have an impact on the 2000 TMF Liquidating Trust tax return." *See* Exhibit 1 at p. 2 LD003586. The portion of the KPMG Memorandum that Defendant seeks to exclude is as follows:

> The new contract in 2000 for the sale of additional TMF, Inc. shares are treated as a new contract and treated as capital gains based on the total value of the shares at the time of sale. ***Note that due to the restriction to hold these shares for a fixed number of years (see contract details), an independent valuation analysis was done in order to determine the value of the TMF, Inc. shares***

> ***at the time of issuance (see valuation report and summary workpapers provided by client).*** No cost is allocated to these shares and thus the entire valued amount is capital gains.
>
> * * *
>
> 100% of the stock received by the sellers (both the 10% pre IPO Stock and the Earn out Exchange Shares) was valued by an independent third party. ***The valuation was reviewed by the KPMG Valuation group in Atlanta purely for reasonableness and concurred that proper valuation methods were used. While KPMG concurred as to the methods used and reasonability of the discounts, it did not perform the valuation and this should not be construed that the valuation is KPMG's.*** The discounted value of the stock received by the sellers, both the "10% pre IPO initial shares" as well as the "Earn out Exchange Shares" is included in their taxable incomes for the year 2000.

*See* Exhibit 1 at p. LD003589 (emphasis added).

In reporting the gain recognized upon the TMF Liquidating Trust's receipt of the Restricted Shares in their 2000 tax return, both the Litmans and the Dieners relied upon the representation from KPMG -- the preparer of the 2000 TMF Return -- that the KPMG Valuation Group had reviewed the BVS Appraisal for reasonableness and had concluded that proper valuation methods were used and the discounts determined were reasonable.

**C. The KPMG Review of the BVS Appraisal is Relevant Because of the United States' Assessment of Penalties and Plaintiffs' Reasonable Reliance Defense.**

The IRS has erroneously asserted that the Litmans and the Dieners are collectively liable for $5 million in penalties under § 6662(a) because all or part of the underpayment of tax for the taxable year 2000 is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement. I.R.C. § 6662(b). However, § 6664 provides an exception to § 6662 penalties. Section 6664 provides that "[n]o penalty shall be imposed under section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was

a ***reasonable cause*** for such portion and that ***the taxpayer acted in good faith*** with respect to such portion." I.R.C. § 6664(c)(1) (emphasis added). Thus, the IRS's assertion of a penalty cannot stand under any circumstance if the Court determines that the Plaintiffs had reasonable cause and acted in good faith in reporting the value of the Restricted Shares. I.R.C. § 6664(c)(1).

In determining whether a taxpayer acted reasonably and in good faith with regard to the valuation of property, factors to be considered include: (1) whether the value reported on the tax return was based on an appraisal; (2) the methodology and assumptions underlying the appraisal; (3) the appraised value; (4) the circumstances under which the appraisal was obtained; and (5) the appraiser's relationship to the taxpayer. Treas. Reg. § 1.6664-4(b)(1). Reasonable reliance on professional advice or on professional appraisers also satisfies the good faith and reasonable reliance standard under § 6664(c). *See, e.g., Sklar, Greenstein & Scheer, P.C. v. Comm'r*, 113 T.C. 135, 144-45 (1999); *Estate of Simplot v. Comm'r*, 112 T.C. 130, 182 (1999), *rev'd on other grounds*, 249 F.3d 1191 (9th Cir. 2001).

Although Defendant asserts that "[t]he mere fact that Litman and Diener obtained a valuation for the stock does not mean that the reasonable cause and good faith defense is automatically applicable" and that "[a]ll the surrounding facts and circumstances, including the obvious flaws in the valuation and their other actions must be considered,[2]" Defendant's motion in limine requests the Court to ignore a key factor supporting the Plaintiffs' good faith and reasonable cause defense. While Plaintiffs disagree that any flaws exist in the BVS Analysis (which used the same valuation methodology relied upon by both Hotels.com's and the IRS's pre-trial experts), what the Plaintiffs were told by KPMG about the reasonableness of the BVS Appraisal is relevant to determining whether their reliance on the BVS Appraisal was reasonable.

---

[2] The United States' Pretrial Mem. of Contentions of Fact and Law at 27.

KPMG's Valuation Group's certification that the BVS Appraisal employed proper valuation methods and that the discounts determined were reasonable is admissible and relevant in demonstrating that the Litmans and the Dieners had reasonable cause for reporting the fair market value of the shares based upon the BVS Appraisal.

**D. KPMG's Certification of the Reasonableness of the BVS Appraisal is Not Hearsay and is Admissible.**

Hearsay is an out of court statement offered to show the truth of the matter asserted. F.R.E. 801(c). Plaintiffs are not offering the evidence of KPMG's review of the BVS Appraisal to prove the truth of the matter asserted by that review — that the BVS Appraisal was reasonable -- although the Plaintiffs certainly assert that it was. Rather, the Plaintiffs offer the evidence to show that they reasonably relied on professional advice in reporting the gain recognized as a result of the TMF Liquidating Trust's receipt of the Restricted Shares in the 2000 TMF Return, and in their personal tax returns for 2000. Thus, the KPMG review is not hearsay because it is *not* offered to prove the truth of the matter asserted, but rather only to show exactly what advice was received and relied on by the Plaintiffs from their professional advisors. The testimony from James Horan and the KPMG Memorandum is relevant to this purpose.

Further, whether or not the "reasonable cause" and "good faith" elements of § 6664 applies to the Litmans and the Dieners depends, in part, on their state of mind when they signed their tax returns. The admission of the facts regarding KPMG's review of the BVS Appraisal -- and the Plaintiffs' reliance on it -- falls squarely within the "state of mind" exception to hearsay under F.R.E. 803(3). *See, e.g., Modern Sys. Tech. Corp. v. United States*, 24 Cl. Ct. 699, 703 n.4 (1992), *aff'd*, 980 F.2d 745 (Fed. Cir.) (legal department's statements to subordinate of contracting officer held to be relevant and admissible to show contracting officer's state of mind); 2 MCCORMICK ON EVIDENCE § 249 (Kenneth S. Brown, ed., West 6th ed. 2006) (1954)

("A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as receiving notice or having knowledge or motive, or to show the information which X had as bearing on the reasonableness, good faith, or voluntariness of subsequent conduct . . . ."). KPMG's review of the BVS Appraisal and the communications of the conclusions of its review to the Plaintiffs goes directly to the Plaintiffs' state of mind when they filed their tax returns for 2000 and reported the fair market value of the Restricted Shares based on the BVS Appraisal. The KPMG analysis is both relevant to and demonstrates that the Plaintiffs reasonably relied on professional advice when they filed their 2000 tax returns. *See 303 W. 42nd St. Enters., Inc. v. I.R.S.*, No. 93-CIV-4483-LBS, 2000 WL 666339, at *10 (S.D.N.Y. May 22, 2000) (testimony regarding what plaintiff was told regarding industry practice admissible to show whether plaintiff reasonably relied on said industry practice when determining employee status of workers for employment tax purposes); *Streber v. Comm'r*, 138 F.3d 216, 219 (5th Cir. 1998) (testimony of petitioners allowed as to advice received from attorney (attorney did not testify) regarding reporting of potential income to show whether petitioners reasonably relied on said advice in determination of whether penalties should be assessed on petitioners); *Blonien v. Comm'r*, 118 T.C. 541 (2002), *op. suppl.*, 86 T.C.M. (CCH) 548 (2003) (law firm's schedule K-1 not hearsay to show law firm's state of mind, i.e., that law firm believed it was a partnership); *Berger v. Comm'r*, 71 T.C.M. (CCH) 2160, 2169 (1996) (letter admitted to show state of mind of petitioners).

Because the Plaintiffs are not offering the evidence of KPMG's review of the BVS Appraisal to prove the truth of the matter asserted, that evidence also does not constitute opinion testimony. Plaintiffs are not offering KPMG's review as evidence of the fair market

value of the Restricted Shares -- the Plaintiffs offer it as evidence that KPMG reviewed the BVS Appraisal, found the valuation methodology and the lack of marketability discounts reasonable, and relayed that conclusion to the Plaintiffs, who then relied on the advice in the preparation of their 2000 tax returns. As such, the evidence does not constitute opinion testimony.

The United States' arguments about lack of foundation for opinion testimony and its unsubstantiated assertions regarding the thoroughness of KPMG's review merely go to the weight, not the admissibility, of this evidence. Accordingly, the evidence relating to KPMG's review of the BVS Appraisal (James Horan's testimony and the KPMG Memorandum) should be admitted into evidence for this purpose.

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request that the United States' Motion in Limine be denied.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: April 13, 2007

By: John W. Porter

John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER