**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | **No. 06-285T** **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER'S RESPONSE TO THE UNITED STATES' MOTION IN LIMINE TO PRECLUDE EXAMINATION BY PLAINTIFFS OF IRS AGENT <u>SUSAN WEISS ON CERTAIN SUBJECTS AT TRIAL</u>**

Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener ("Plaintiffs"), file this Response to the United States' Motion in Limine to Preclude Examination by Plaintiffs of IRS Agent Susan Weiss on Certain Subjects at

Trial (this "Response") pursuant to the Court's Order dated November 16, 2006. Plaintiffs respond as follows:

The United States' Motion in Limine to Preclude Examination by Plaintiffs of IRS Agent Susan Weiss ("Agent Weiss") on Certain Subjects at Trial (the "Motion in Limine") should be denied. Agent Weiss' testimony regarding statements made and positions taken by Hotels.com during the audit of its 2000 income tax return and her testimony regarding the reports of IRS Economist Ruth Haney which she provided to Plaintiffs are relevant to this case and would not be cumulative.

**A. Agent Weiss' Testimony Regarding Admissions Made by Hotels.com Is Relevant.**

The United States erroneously argues that testimony from Agent Weiss regarding the admissions made to her by Hotels.com during the audit of Hotels.com's 2000 tax return should not be admissible because such inquiries would impermissibly "go behind the notice of deficiency." The United States misunderstands the purpose of Agent Weiss' testimony. Plaintiffs desire to examine Agent Weiss regarding the admissions made to her by Hotels.com at audit, not the IRS's internal administrative determinations.[1]

As demonstrated in Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations, Hotels.com has drastically changed its position regarding numerous issues relevant to the value of the Restricted Shares. Hotels.com now takes the position that the value of the Restricted Shares should be $16 per share, based on a claim that it first asserted mid-way through this litigation that an agreement

[1] The cases cited by the United States regarding IRS administrative determinations do not apply to admissions made by a party during the audit process; rather, they apply only to the IRS's own administrative determinations and processes. *See* Plaintiffs' Response to Hotels.com's Motion in Limine To Exclude Evidence of Administrative Settlement Negotiations Prior To Issuance of Notice of Deficiency at pp. 2-4 for a full discussion of this issue. Plaintiffs' Response is incorporated by reference.

existed which required both the Plaintiffs and Hotels.com to report the value of the Restricted Shares at $16 per share. Hotels.com also takes the alternate position that the fair market value of the Restricted Shares was $23.625 – 50% ***above*** the IPO price set by HRN. Hotels.com's alternate position is based upon a "new" appraisal obtained in this litigation and its assertion -- first raised six years after the Restricted Shares were issued and contrary to its tax returns, its Claim for Refund, its Complaint, and all of the evidence in this case -- that the Restricted Shares were issued on March 1, 2000.

Hotels.com's litigation positions are completely at odds with the positions it asserted before Agent Weiss during the audit. Agent Weiss can testify regarding Hotels.com's adoption of the Deloitte Analysis as its valuation position, Hotels.com's application of lack of marketability discounts ranging from 40% (for the four-year restricted stock) to 25% (for the one-year restricted stock) to the $16 per share IPO price to determine the value of the Restricted Shares, Hotels.com's failure to raise any claim that Plaintiffs and Hotels.com had agreed to value the Restricted Shares at $16 per share, and Hotels.com's admissions at audit regarding the valuation date for the Restricted Shares. All of Hotels.com's statements made to Agent Weiss are admissible as party admissions. F.R.E. 801(d)(2).

**B. Agent Weiss' Testimony Regarding the Ruth Haney Report is Relevant.**

Another area of expected inquiry involves the IRS's obtaining an internal analysis of the value of the Restricted Shares from Ruth Haney, an in-house economist for the IRS. The Ruth Haney analysis was provided to both Hotels.com and to the Litmans and the Dieners by Agent Weiss during the respective audits. This area of inquiry is relevant on two grounds. First, it is relevant with respect to the $5 million in penalties asserted by Defendant against the Litmans and the Dieners. Second, Hotels.com's communications to the IRS regarding Ms. Haney's report constitutes an admission on the part of Hotels.com.

With respect to the penalty issue, the United States asserts that the Litmans and the Dieners are liable for $5 million of penalties under § 6662.[2] However, § 6664 provides an exception to § 6662 penalties. Section 6664 provides that "[n]o penalty shall be imposed under § 6662 or § 6663 with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." I.R.C. § 6664(c)(1). Thus, the United States' assertion of a penalty cannot stand under any circumstances if the Court determines that the Plaintiffs had reasonable cause and acted in good faith in determining the reported value of the Restricted Shares. I.R.C. § 6664(c)(1).

The Haney Report commissioned by Agent Weiss is relevant to the "reasonable cause" portion of § 6664. The United States argues that the facts and circumstances that should be considered in the § 6664 reasonable reliance analysis include the "obvious flaws in the [BVS] valuation." United States' Pretrial Mem. of Contentions of Fact and Law at 27. While Plaintiffs dispute that assertion, both the $8 per share valuation determination by the IRS Economist and her use of the same valuation methodology relied upon by BVS are relevant to the penalty issue and serve to rebut the United States' assertion that methodological errors exist in the BVS Appraisal. *See, e.g.*, *Estate of Thompson v. Comm'r.*, 88 T.C.M. (CCH) 48, 64 (2004) (court held that both valuation methodology and valuation positions of other parties to the case and their experts are relevant factors to consider in determining whether taxpayer acted reasonably and in good faith with respect to the valuation of property).

**C. Susan Weiss' Testimony is Not Cumulative.**

The United States also argues that Agent Weiss' testimony regarding the admissions made to her by Hotels.com at audit are cumulative. While Plaintiffs share the United

[2] References to "Section" or "§" are to the Internal Revenue Code of 1986, as amended, unless otherwise noted.

States' belief that Hotels.com has conclusively admitted a number of facts that contradict its current litigation position, Hotels.com continues to argue otherwise. Hotels.com claims that the statements made at audit by Eric DeGraw (the Director of Tax of Hotels.com's parent company) and the documents provided to Agent Weiss by Hotels.com are not admissible for a number of reasons, including its assertion that Hotels.com's admissions were made in the course of "settlement discussions." Accordingly, Agent Weiss' testimony regarding admissions made to her by Hotels.com and the context in which these admissions were made is necessary to rebut Hotels.com's arguments on each of these positions. Absent a concession of these issues by Hotels.com, Agent Weiss' testimony at trial is relevant, rather than cumulative, for this purpose. The repeated admissions by Hotels.com regarding relevant issues prior to their filing of this case demonstrate the disingenuousness of Hotels.com's current litigation position.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request the United States' Motion in Limine to Preclude Examination by Plaintiffs of IRS Agent Susan Weiss on Certain Subjects at Trial be denied.

Respectfully submitted,
BAKER BOTTS L.L.P.

Dated: April 13, 2007

By: John W. Porter
John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS