**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | **No. 06-285T** **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER'S REPLY TO THE UNITED STATES' RESPONSE TO THE LITMANS' AND DIENERS' MOTION FOR LEAVE TO FILE PORTIONS OF THE DEPOSITION TRANSCRIPT OF JAMES HORAN**

Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener ("Plaintiffs"), file this Reply to the United States' Response to

the Litmans' and Dieners' Motion for Leave to File Portions of the Deposition Transcript of James Horan (this "Reply"). Plaintiffs reply as follows:

**A. The United States' Objections to Plaintiffs' Designated Portions of James Horan's Deposition Transcript Are Groundless. James Horan's Testimony Is Relevant to Show Plaintiffs' State of Mind As It Relates to the Preparation of TMF Liquidating Trust and Plaintiffs' Tax Returns for the Year 2000.**

The United States objects to three portions of the Deposition Transcript of James Horan that Plaintiffs seek to have admitted into evidence. The objections primarily track the arguments made in the United States' Motion *in Limine* to Exclude Certain Testimony and Proposed Exhibits About KPMG's Purported Review of the Mitchell Valuation ("the Motion in Limine"). To the extent the United States' objections relate to the issues raised in the Motion in Limine, Plaintiffs incorporate by reference their Response to the Motion in Limine filed on April 13, 2007 ("Plaintiffs' Response").

As stated in Plaintiffs' Response, the principal issue in this case involves the fair market value of 9,999,900 shares of common stock of Hotels Reservation Network, Inc. issued to the TMF Liquidating Trust on February 24, 2000 (the "Restricted Shares"). The Litmans and the Dieners, who owned interests in the TMF Liquidating Trust, recognized and paid millions of dollars of capital gains taxes for the year 2000 based upon the value of the Restricted Shares received by the Trust. In reporting the value of the Restricted Shares, the Litmans and the Dieners obtained a contemporaneous appraisal of the Restricted Shares (the "BVS Appraisal") by Mark Mitchell of Business Valuation Services, Inc. ("BVS"), an appraisal firm often used by the IRS in valuation disputes. In preparing the TMF Liquidating Trust's 2000 Federal Income Tax Return, KPMG had its internal valuation group review the BVS Appraisal and it determined that both the valuation methodology used by BVS was sound and the valuation discounts determined by BVS were reasonable. KPMG's reasonableness conclusions were communicated

to the Dieners and subsequently to the Litmans. The Litmans and the Dieners relied on KPMG's reasonableness determination in reporting the value of the Restricted Stock in TMF Liquidating Trust's tax return and their individual income tax returns.

The Litman's and the Diener's state of mind in filing the tax returns at issue in this case has been put at issue by Defendants' assertion of $5 million in accuracy-related penalties against the Litmans and the Dieners under I.R.C. § 6662.[1] Section 6664 provides a defense to penalties under § 6662 where the taxpayer can show that the taxpayer had "reasonable cause" and acted "in good faith." Thus, Plaintiffs do not offer evidence of KPMG's review of the BVS Appraisal to prove the truth of the matters asserted by that review (*i.e.*, that both the valuation methodology and the discount as determined by BVS were reasonable, although other evidence at trial will demonstrate those facts). Rather, KPMG's review of the BVS Appraisal and the communication of KPMG's reasonableness determination to the Plaintiffs directly relate to the "state of mind" of the Plaintiffs when the TMF Liquidating Trust Federal Income Tax Return, Form 1041 (the "2000 TMF Return") and their individual tax returns were filed.

Accordingly, evidence regarding the Litman's and the Diener's reliance on the KPMG valuation analysis is not hearsay under F.R.E. 801. For this reason, the United States' objections based on hearsay and lack of foundation to the specified portions of Mr. Horan's deposition testimony (page:line 14:22-18:1 and 81:9-83:20) should be overruled. *See also* Plaintiffs' Response at pp. 5-8. Moreover, Mr. Horan's testimony is not offered, as the United States asserts, as opinion testimony. Plaintiffs offer it as evidence that KPMG reviewed the BVS Appraisal, found the valuation methodology and the lack of marketability discounts reasonable, and relayed that conclusion to the Plaintiffs who relied on the advice in the preparation of TMF

[1] References to "Section" or "§ " are to the Internal Revenue Code of 1986, as amended, unless otherwise noted.

Liquidating Trust and their own individual 2000 tax returns. As such, the evidence does not constitute opinion testimony.

Additionally, the Untied States' objections to a third portion of James Horan's Deposition Transcript designated by Plaintiffs (page:line 51:8-51:21) should also be overruled. In this portion of his deposition, Mr. Horan was testifying as to his understanding of the tax consequences of the transaction at issue in this case -- the asset sale consummated by TMF, Inc. with USA Networks, Inc. in 1999 and amended in 2000. Again, this testimony goes to the reasonableness of Plaintiffs' reliance on the advice of Mr. Horan, and is not offered to prove the truth of the matter asserted. Rather it is offered to show that Mr. Horan understood the transactions at issue and had sufficient information to properly advise TMF Liquidating Trust and Plaintiffs. Accordingly, the specified deposition testimony does not lack foundation, is not speculation, and is not opinion testimony.

**B. The Additional Designations of Testimony By the United States Are Irrelevant.**

The United States also attempts to designate three additional portions of the Deposition Transcript of Mr. Horan under the Rule of Completeness. Each of the three designations is irrelevant and should not be admitted into evidence.

The first designated portion (page:line 21:15-21:18) concerns whether KPMG conducted any work for HRN or Hotels.com ***after*** their work for TMF Liquidating Trust in 2001. Whether or not KPMG performed work for HRN or Hotels.com after this time is irrelevant to the purpose for which the related testimony is offered -- that Plaintiffs filed their tax returns in good faith and in reasonable reliance on professional advice.

The second designated portion (page:line 47:2-48:5) relates to the Internal Revenue Service, Form 8594 filed by HRN with its 2000 income tax return. Whether or not a Form 8594 was filed, as well as the contents of such a Form 8594, have no relevance to the

primary issue in this case -- the fair market value of the Restricted Shares. Nor does the Form 8594 have any relevance as to whether Plaintiffs filed their tax returns in good faith and in reasonable reliance on professional advice. Accordingly, this portion should not be admitted as irrelevant.

The third designated portion (page:line 91:3-94:7) relates to the facts and circumstances surrounding KPMG's Review of the BVS Appraisal. This evidence is irrelevant because Plaintiffs are not offering the KPMG Review to prove the truth of the matter asserted. Because there is no evidence that any of these facts and circumstances were communicated to Plaintiffs, the designated portion is irrelevant to the issues for which Plaintiffs' offer Mr. Horan's testimony.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion for Leave to File Portions of the Deposition Transcript of James Horan be granted and the United States' objections and additional designations be overruled.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: April 16, 2007

By: John W. Porter

John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER