**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** Plaintiffs-Counterdefendants, v. THE UNITED STATES, Defendant-Counterplaintiff. | ) | **No. 05-956T** |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** Plaintiffs-Counterdefendants, v. THE UNITED STATES, Defendant-Counterplaintiff. | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** Plaintiffs, v. THE UNITED STATES, Defendant. | ) | **No. 06-285T (Judge Christine O.C. Miller)** |

**PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER'S REPLY TO HOTELS.COM AND SUBSIDIARIES' OBJECTIONS TO DAVID S. LITMANS, MALIA A. LITMAN, ROBERT B. DIENER AND MICHELLE S. DIENER'S <u>MOTIONS FOR LEAVE TO FILE DEPOSITION TESTIMONY</u>**

Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener ("Plaintiffs"), file this Reply to Hotels.com's and Subsidiaries'

Objections to David S. Litmans, Malia A. Litman, Robert B. Diener and Michelle S. Diener's Motions for Leave to File Deposition Testimony (this "Reply"). Plaintiffs respond as follows:

Plaintiffs respond below to each of the objections made by Hotels.com to specific designations of deposition testimony.

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 1. | DeGraw 40:20-41:5 | Foundation | Hotels.com's objection that Mr. DeGraw lacked personal knowledge regarding the asset purchase agreement and the amendment to the asset purchase agreement entered into by Hotel Reservations Network, Inc. ("HRN"), USA Networks, and TMF, Inc. is groundless. Mr. DeGraw's testimony was based on knowledge gained in his position as Tax Director for IAC/Interactive Corp. (formerly known as USA Networks) ("IAC"), the parent company of HRN/Hotels.com during the period at issue. He testified that he performed tax due diligence related to those agreements, which provides sufficient personal knowledge for his testimony regarding the tax effects of those agreements. (DeGraw 18:9-19:9.) Hotels.com's objection goes to the weight to be given, not the admissibility of, Mr. DeGraw's testimony. (This response to Hotels.com's objection on this subject is referred to below as "DeGraw Had Personal Knowledge.") |
| 2. | DeGraw 46:10-17 | Foundation | DeGraw Had Personal Knowledge. Plaintiffs incorporate by reference Response no. 1 above. |
| 3. | DeGraw 50:8-51:9 | Foundation and Opinion Testimony by Lay Witness | Hotels.com objects that Mr. DeGraw lacked personal knowledge to testify regarding HRN's tax returns. Mr. DeGraw, as the Director of Tax for IAC, gained the personal knowledge sufficient to make these statements within the scope of his employment and his statements constitute party admissions under F.R.E. 801(d)(2). Mr. DeGraw was the Director of Tax for USA Networks, Inc., HRN's (now known as Hotels.com) parent company. (DeGraw 12:22-14:13.) Mr. DeGraw oversaw the tax issues of the subsidiaries of USA Networks, including HRN, and reported directly to the Chief Financial Officer of USA Networks (DeGraw 13:8-14:17; 15:11-15:14.) Mr. DeGraw testified that, while not involved in the minutia for each subsidiary tax |

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| | | | return, he was involved in determinations for any major issues. (DeGraw 101:15-101:18.) Knowledge of the specific numbers used on the tax returns is not necessary for Mr. DeGraw to have sufficient knowledge for his testimony, as is clearly evidenced by the substance of his testimony.<br><br>Mr. DeGraw's personal knowledge of the differing GAAP and Tax accounting treatment of the goodwill attributable to the issuance of the restricted shares of HRN stock to TMF Liquidating Trust was not an opinion, but a statement of fact based on his position at HRN's parent. |
| 4. | DeGraw 55:7-11 | Hearsay, Settlement Preparation, Preparation for IRS Audit | These objections were the subject of a Motion in Limine filed by Hotels.com. *See* Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. Mr. DeGraw's testimony does not relate to settlement negotiations, but demonstrates that HRN and USA Networks were on notice that Plaintiffs had an appraisal demonstrating that the value of the Restricted Shares was lower than the position taken by HRN. |
| 5. | DeGraw 56:20-58:11 | Opinion Testimony by Lay Witness | Hotels.com objects to Mr. DeGraw's testimony regarding the Deloitte Analysis[1] as opinion testimony. The testimony cited, however, addresses USA Network's thought processes regarding its determination to seek an appraisal from Deloitte & Touche, not the valuation process. This testimony constitutes a party admission, not opinion testimony. *See* F.R.E. 801(d)(2). |

[1] Capitalized terms not defined herein have the same meaning given in Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007.

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 6. | DeGraw 63:21-65:4 | Hearsay, Settlement Preparation, Preparation for IRS Audit[2] | This testimony relates to communications Mr. DeGraw had with Deloitte & Touche ("Deloitte"), regarding the valuation assignment. In particular, Deloitte's acknowledgement that "USA [Networks] would like as high a value (lowest DISC) as possible, but their initial thought was that 40 percent would not be unreasonable." Both Mr. DeGraw's testimony and the statements made by Deloitte (HRN and USA Network's agent) are admissions of a party opponent. F.R.E. 802(d)(2). In addition, the Deloitte statements were made in 2001, when HRN was determining the value of the Restricted Shares in order to file an amended 2000 tax return. (DeGraw 63:18-63:20.) Deloitte's statements demonstrate that Hotels.com was attempting to obtain the highest valuation of the Restricted Shares possible, which is relevant to assessing the current litigation position of Hotels.com. The statements were not related to HRN's audit. *See* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |
| 7. | DeGraw 66:8-67:21 | Hearsay, Settlement Preparation, Preparation for IRS Audit | Plaintiffs incorporate by reference the arguments set forth in Response no. 6 above. *See also* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |
| 8. | DeGraw 87:11-18 | Hearsay, Settlement Preparation, Preparation for IRS Audit | The statements contained in this deposition excerpt are not hearsay. In addition, the facts testified to are not related to settlement discussions or audit preparation; they relate to HRN and USA Networks' intent to file an amended tax return for 2000, adopting the Deloitte Analysis. *See also* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |

[2] Preparation for an IRS audit is not a proper basis to exclude testimony to the extent Hotels.com claims this information is subject to the attorney work product privilege, that privilege has been waived by allowing Mr. DeGraw to testify regarding the subject matter.

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 9. | DeGraw 90:6-15 | Hearsay; Foundation | Hotels.com objects to this testimony apparently on the grounds that Mr. DeGraw lacked personal knowledge of HRN's tax returns. Mr. DeGraw testified that, while not involved in the minutia for each subsidiary tax return, he was involved in determinations for any major issues. (DeGraw 101:15-101:18.) He was also clearly involved in formulating HRN's position regarding the valuation of the Restricted Shares. Moreover, Mr. DeGraw's testimony regarding the issues involved, as well as documentary evidence in this case, clearly evidences personal involvement and knowledge on his part of the issues related to the goodwill attributable to the issuance of restricted stock to TMF Liquidating Trust. Any statement to Mr. DeGraw by an employee of HRN which served as the basis of this personal knowledge would be a party admission under F.R.E. 801(d)(2) and, thus, not hearsay. |
| 10. | DeGraw 90:16-22 | Hearsay; Settlement Discussions, IRS Audit | There is no evidence of settlement discussions occurring during the audit of HRN's 2000 tax return. *See* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |
| 11. | DeGraw 91:5-11 | Hearsay; Foundation | Hotels.com's objection is groundless. It is clear in the context of the Mr. DeGraw's immediately prior testimony that Mr. DeGraw was referring to HRN. Mr. DeGraw's statements are not hearsay. (DeGraw 90:16-91:4.) |
| 12. | DeGraw 94:7-95:22 | Hearsay, Settlement Preparation, Preparation for IRS Audit | There is no evidence of settlement discussions, and the statements by Mr. DeGraw, an employee of HRN, are party admissions. F.R.E. 802(d)(2). *See also* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 13. | DeGraw 98:19-99:7 | Hearsay, Settlement Preparation, Preparation for IRS Audit | The statements contained in this deposition excerpt involve Mr. DeGraw's role during the audit. They are not hearsay. Further, the statements do not contain any reference to settlement negotiations, and there is no evidence of any settlement negotiations. *See also* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |
| 14. | DeGraw 113:21-114:12 | Hearsay, Settlement Preparation, Preparation for IRS Audit | The statements are party admissions. F.R.E. 802(d)(2). There is no evidence of any settlement discussions during the audit of HRN's 2000 tax return. *See also* Plaintiff's Response to Hotels.com's Motion in Limine to Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency filed April 13, 2007. |
| 15. | Zeikel 57:1-4 | Foundation | Hotels.com objects to Ms. Zeikel's testimony regarding the appropriate base price to use when applying lack of marketability discounts to the restricted stock at issue in this case. Ms. Zeikel's conclusion that the HRN IPO price of $16 per share was the appropriate base price to use when applying lack of marketability discounts to the Restricted Shares is relevant to the issue Hotels.com has attempted to create regarding the appropriate base price and does not lack foundation. Regardless of whether or not her report contained this conclusion, Hotels.com reported the value of the restricted stock at issue based on that conclusion (that the appropriate base price for valuing the stock was the $16 per share IPO price) on its subsequent tax returns. Hotels.com's disagreement with her conclusion (after reporting the value of the restricted stock based on those conclusions from 2001-2004) is not grounds for a lack of foundation objection. Ms. Zeikel was hired by HRN/Hotels.com and her statements as an agent constitute party admissions on their part. F.R.E. 802(d)(2). |

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 16. | Zeikel<br>73:7-74:6 | Legal Opinion | The fair market value test for determining the value of the Restricted Shares under Treas. Reg. 20.2031-1(b) and Rev. Rule 77-287 assumes that a buyer and seller of property being valued have "reasonable knowledge of relevant facts." *See* Treas. Reg. 20.2031-1(b). This question -- whether a holder of the shares could trade on non-public information -- addresses what information should be considered by the appraiser in determining the value of the Restricted Shares. Ms. Zeikel's testimony that, in general, one cannot trade a stock if one has material non-public information about that stock under insider trading laws is a statement of general knowledge (also within her personal knowledge as a member of the valuation profession), not a legal conclusion. |
| 17. | Pells<br>77:7-78:8 | Hearsay | Hotels.com's objection is irrelevant. Hotels.com is not a party to the issue in this case regarding the compensation of Mr. Pells. Moreover, statements made to Mr. Pells by officials at USA Networks are party admissions under F.R.E. 801(d)(2) and go to his state of mind under F.R.E. 803(3). |
| 18. | Horan<br>15:19-16:10 | Hearsay; Foundation | Testimony regarding KPMG's review of the BVS Analysis and their communication to the Plaintiffs that BVS's appraisal methodology was sound and its lack of marketability discounts were reasonable is not hearsay because it goes to the "state of mind" of Plaintiffs when the TMF Liquidating Trust tax return and their personal tax returns for year 2000 were filed. These objections were the subject of a Motion in Limine filed by Hotels.com. Plaintiffs incorporate by reference their Response to Hotels.com's Motion in Limine to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation. |
| 19. | Horan<br>16:22-17:18 | Hearsay; Foundation | Plaintiffs incorporate by reference Response no. 18 above. *See also* Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation. |
| 20. | Horan<br>81:9-83:20 | Hearsay | Plaintiffs incorporate by reference Response no. 18 above. *See also* Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation. |

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 21. | Horan 82:8-83:20 | Hearsay | Plaintiffs incorporate by reference Response no. 18 above. *See also* Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation. |
| 22. | Horan 86:24-90:24 | Hearsay | Plaintiffs incorporate by reference Response no. 18 above. *See also* Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation. |
| 23. | Horan 94:8-95:9 | Hearsay | Plaintiffs incorporate by reference Response no. 18 above. *See also* Plaintiffs' Response to Hotels.com's Motion in Limine to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation. |
| 24. | Robinson 27:10-28:2 | Hearsay; Foundation | Plaintiffs incorporate by reference Response no. 18 above. Plaintiffs filed their Motion for Leave to File Deposition Testimony of Mel Robinson, because, at that time, Plaintiffs did not know whether Mr. Robinson (HRN's former CEO) would be available to testify. Plaintiffs now expect that Mr. Robinson will testify at trial in this case. Accordingly, the objections to Mr. Robinson's deposition testimony contained in Hotels.com's Response are moot.[3]<br><br>Plaintiffs, however, strongly disagree with Hotels.com's objections made in their Response. For example, Mr. Robinson's deposition testimony regarding meetings of the Audit Committee of the HRN Board of Directors do not constitute hearsay. They are party admissions under F.R.E. 801(d)(2). Any statement made by a member of the Audit Committee at a meeting, or contained in the minutes of such a meeting, was made by an employee of HRN in the scope of their employment at HRN. Thus Mr. Robinson's recollection of those meetings does not constitute hearsay.<br><br>Furthermore, Mr. Robinson does not lack personal knowledge of the HRN IPO as Hotels.com asserts. Employment at HRN at the time of the IPO is not a |

[3] The expectation that Mr. Robinson will testify at trial also makes moot the additional designations from his deposition testimony that Hotels.com seeks to have admitted under the Rule of Completeness.

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| | | | prerequisite for knowledge of the IPO. Mr. Robinson was the Chief Financial Officer of HRN immediately after the IPO and had intimate personal knowledge of the IPO as a result of his position. HRN's 2000 tax return was filed while Mr. Robinson was the CEO and he and Mr. DeGraw coordinated in obtaining the Deloitte Analysis and reporting the value of the Restricted Shares based on that analysis. Neither Mr. Robinson's statements regarding the Restricted Shares nor the various appraisals at issue in this case constitute opinion testimony. His deposition testimony contained only factual testimony based on his personal knowledge.<br><br>Plaintiffs reserve the right to respond to any of the objections made by Hotels.com to Mr. Robinson's deposition testimony to the extent they are raised at the time of Mr. Robinson's testimony at trial. |
| 25. | Robinson 28:22-29:4 | Hearsay; Foundation | N/A. See above. |
| 26. | Robinson 30:13-18 | Hearsay; Foundation | N/A. See above. |
| 27. | Robinson 32:1-11 | Hearsay; Foundation | N/A. See above. |
| 28. | Robinson 32:7-35:6 | Opinion Testimony by Lay Witness | N/A. See above. |
| 29. | Robinson 35:7-25 | Hearsay; Foundation | N/A. See above. |
| 30. | Robinson 37:9-16 | Opinion Testimony by Lay Witness | N/A. See above. |
| 31. | Robinson 45:24-46:3 | Hearsay | N/A. See above. |
| 32. | Robinson 63:23-64:23 | Hearsay; Foundation | N/A. See above. |
| 33. | Robinson 65:1-20 | Lay Witness Opinion Testimony | N/A. See above. |

| | Witness & Designation | Objection | Response to Objection |
|---|---|---|---|
| 34. | Robinson 67:21-68:17 | Lay Witness Opinion Testimony | N/A. See above. |
| 35. | Robinson 74:5-75:6 | Lay Witness Opinion Testimony | N/A. See above. |
| 36. | Robinson 76:10-77:18 | Hearsay; Foundation | N/A. See above. |
| 37. | Robinson 78:13-86:9 | Hearsay; Foundation | N/A. See above. |
| 38. | Robinson 88:8-89:4 | Hearsay; Foundation | N/A. See above. |
| 39. | Robinson 90:4-21 | Hearsay; Foundation | N/A. See above. |
| 40. | Robinson 99:22-101:20 | Opinion Testimony by Lay Witness | N/A. See above. |
| 41. | Robinson 102:1-103:2 | Hearsay, Foundation, Opinion Testimony by Lay Witness | N/A. See above. |

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motions for Leave to File Deposition Testimony be granted and Hotels.com's objections to portions of that testimony be overruled.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: April 16, 2007

By: John W. Porter

John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

Stephanie Loomis-Price (Of Counsel)
J. Graham Kenney (Of Counsel)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER, AND MICHELLE S. DIENER