**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN, Plaintiffs-Counterdefendants,** <br> **v.** <br> **THE UNITED STATES, Defendant-Counterplaintiff** | **No. 05-956T** |
| **ROBERT B. DIENER and MICHELLE S. DIENER, Plaintiffs-Counterdefendants,** <br> **v.** <br> **THE UNITED STATES, Defendant-Counterplaintiff** | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.) Plaintiffs,** <br> **v.** <br> **THE UNITED STATES, Defendant** | **No. 06-285T** <br> **(Judge Christine O.C. Miller)** |

**PLAINTIFFS' HOTELS.COM'S AND SUBSIDIARIES REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE DEPOSITION TESTIMONY UNDER RCFC 32(a)(3) AND APPENDIX A ¶14(A)(3)**

Plaintiffs Hotels.com and Subsidiaries ("Hotels.com") submit this reply in support of its motion for leave to file portions of deposition transcripts (all taken in this case) of the following depositions as substantive evidence for use at trial:

1. Deposition of Christine Zeikel on July 26, 2006, in New York, New York;
2. Deposition of Eric DeGraw on June 13, 2006, in New York, New York;
3. Deposition of James Lucien Horan on July 24, 2006, in Miami, Florida;

4. Deposition of David Bohlmann on July 24, 2006, in Miami, Florida.

A chart identifying the specific pages and lines of the depositions was attached at Exhibit 1 to our motion, and copies of the deposition transcripts were attached as Exhibits 2 through 5. Because this deposition testimony was elicited from witnesses at a distance greater than 100 miles from the place of trial and it is in the interest of justice to allow the depositions to be so used, Hotels.com should be permitted to use such testimony at trial "for any purpose." Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener and Michelle S. Diener (the "Litmans and Dieners"), have objected to our motion, primarily under FRE 106 "Rule of Completeness," but also on relevance grounds We address their claims, in turn, below.

Zeikel

The Litmans and Dieners seek to add certain Zeikel testimony under FRE 106 "Rule of Completeness." Hotels.com does not object to such additions, except to the addition of 57:2-4. Hotels.com objects to that designation because it is confusing, not relevant, and incorrect—Zeikel appeared to testify that the Deloitte valuation determined discounts and applied those discounts to the IPO price. The Deloitte valuation should speak for itself. While the Deloitte valuation determined discounts, it did not determine a price against which the determined discounts should be applied or compute a total value for the stock at issue. As such, Zeikel's testimony is misleading, confusing and incorrect.

DeGraw

The Litmans and Dieners sought to add a number of portions of DeGraw testimony, much of which is covered under Hotels.com's motion in limine concerning the excludability of Administrative Settlement Negotiations Prior to the Issuance of the Notice of Deficiency, and should have been designated with their original motion, rather than listed after-the-fact as they do

now. All such designations are being made out of time and, for that reason, should not be permitted.

We address each designation in turn. Hotels.com has no objection to adding page 18:2 – 8, so long as the related preceding testimony, at 17:17 – 18:2 is also added.[1] Testimony at page 40:20 – 41:15 is inadmissible as lacking foundation because DeGraw is testifying about details of an agreement of which he had no personal knowledge.[2] Testimony at 48:13 -51:09, and 53:23 – 54:14, is inadmissible for the reasons explained in Hotels.com's Motion in Limine concerning Administrative Settlement Negotiations Prior to the Issuance of the Notice of Deficiency, is irrelevant, is opinion testimony from a lay witness concerning GAAP and tax accounting requirements where the witness was not qualified to offer such testimony, and further should have been included in Litmans and Dieners' original designations. Testimony at 63:15 – 20 is irrelevant, should have been part of Litmans and Dieners' original designations, and is not properly subject to FRE 106 because it is unrelated to testimony designated by Hotels.com. Testimony at 97:5 – 98:18, and 110:9 – 111:8, is also inadmissible for the reasons explained in Hotels.com's Motion in Limine concerning Administrative Settlement Negotiations Prior to the Issuance of the Notice of Deficiency, is irrelevant, is without foundation as DeGraw fails to answer the questions asked and instead speculates, and should have been included in the Litmans' and Dieners' original designations. Testimony at 114:9 – 115:17 is irrelevant, is opinion testimony from a lay witness concerning GAAP and tax accounting requirements where the witness was not qualified to offer

---

[1] DeGraw's testimony on this point is of little value, because he also testified that he did not review subsidiary tax returns (100:18 – 101:18) and did not recall reviewing the HRN 2000 Form 1120 ( 101:19 – 102:4).

[2] DeGraw testified that he lacks personal knowledge regarding all aspects of the Asset Purchase Agreement other than the tax due diligence, and all aspects of the Amended and Restated Asset Purchase Agreement. (DeGraw Dep. 18:9 – 19:9 (acquisition involvement limited to due diligence); 27:8 – 11 (no involvement in amendment)).

such testimony, is without foundation as DeGraw testifies three lines later, "I didn't prepare this, so I really don't have any idea what they were trying to accomplish," and should have been included in Litmans and Dieners' original designations.

Bohlmann

The Litmans and Dieners seek to add certain Bohlmann testimony under FRE 106. Hotels.com does not object to such additions.

Horan

The Litmans and Dieners seek to exclude portions of Horan testimony for the sole reason that it is "irrelevant to the issues in this case." While the designated testimony may be inconsistent with their view of the case, the Court can determine the probative value of this testimony, all of which is integrally related to the issues in this case—the basis for the parties' federal tax reporting of the Asset Purchase Agreement and the Amended and Restated Asset Purchase Agreement. The testimony at 22:4 – 22:8 establishes Horan's past professional relationship with the Litmans and Dieners. Testimony at 26:10 – 27:5, and 31:14 – 35:16 concerns Horan's understanding of IRS Form 8594, a form used to report information about asset transactions to the IRS, and his communications to Dieners (and Litmans indirectly) about their reporting obligations in connection with this form. Because Horan provided this information to Dieners (who in turn provided it to Litmans), and it was incorporated into the TMF Liquidating Trust return, the Dieners' and Litmans' returns, and Hotels.com's return, such testimony is plainly relevant to the issues in this case. Testimony at 38:5 – 49:3, 52:16 – 55:25, 73:18 – 74: 10, and 75:11 – 76:25 concerns statements by Litmans' and Dieners' agent Brian Lidji, as well as communications between Horan and the parties concerning filing IRS Form 8594 regarding the transaction at issue in this litigation, and the parties' federal tax reporting related to this transaction—subjects that are

again plainly relevant to this issues in this case. Litmans and Dieners' objection to admissibility—as "irrelevant to the issues in this case"—is simply implausible.

## CONCLUSION

For the foregoing reasons, Hotels.com's motion for leave to file designated portions of the deposition transcripts should be granted.

Respectfully submitted,

April 16, 2007

s/ Kim Marie K Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record for Plaintiffs
Hotels.com and Subsidiaries

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel