IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| **vs.** | ) | **No. 05-956 T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| **vs.** | ) | **No. 05-971 T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T** |
| **THE UNITED STATES,** | ) | **(Christine O. C. Miller)** |
| **Defendant** | ) | |

**THE UNITED STATES' REPLY**
**IN SUPPORT OF ITS MOTION *IN LIMINE***
**CONCERNING KPMG'S REVIEW**
**OF THE MITCHELL VALUATION**

2404235.1

It appears that the United States and the Litmans and Dieners agree as to the limited purpose for which testimony and exhibits concerning KPMG's purported review of Mark Mitchell's 2000 valuation can be admitted in this case. In its motion *in limine*, the United States moved to exclude certain evidence concerning KPMG's review if it were offered for the purpose of establishing a value for the HRN restricted stock or proving the correctness or reasonableness of the Mitchell valuation. The Litmans and Dieners now state in their response that they do *not* seek to introduce any testimony or exhibits concerning the KPMG review for such purposes. That is, they are not offering testimony or exhibits concerning the KPMG review as evidence of the fair market value of the stock or to show that the Mitchell valuation was, in fact, reasonable. (See Response, p. 3, 7 and 8 - 9.) If offered for such purposes, of course, it would be classic hearsay. *See* Rule 801 of the Federal Rules of Evidence.

Instead, the Litmans and Dieners state that they will offer evidence of the KPMG review only to demonstrate the advice they purportedly received before they, and the TMF Liquidating Trust, filed their 2000 tax returns. They state that evidence concerning what they were told by KPMG is relevant to showing their state of mind, which is, in turn, relevant to their reasonable cause and good faith defense to penalties. *See*, Treas. Reg. § 1.6664-4(b)(1). The United States agrees that evidence of advice actually given to the Litmans and Dieners by Mr. Horan, or others at KPMG, concerning KPMG's review of the Mitchell valuation can be admitted for this limited purpose. The advice conveyed is then not admitted for its truth, but only to establish that it was received. *See* Rule 105 of the Federal Rules of Evidence.

With this agreement as to the limited purpose for which the KPMG review evidence might be admitted, the admission of any particular piece of evidence is dependent on it being

either (i) a document that the Litmans and Dieners received, or (ii) advice that was conveyed to them, and on which they actually relied in preparing their tax returns. *See,* Rule 104(b) of the Federal Rules of Evidence. With regard to Mr. Horan's deposition testimony, only his very limited testimony that he conveyed KPMG's conclusions to the Dieners could be admissible, if it is established that it was received prior to the filing of their tax returns. (See Horan Dep. p. 57 and 82.)[1] This limited testimony, and the testimony that the United States identified pursuant to RCFC 32(a)(4), to show the limited value of the purported KPMG advice, is all that can be admitted. (Horan Dep. pp. 21:15 - 21:18, 47:2 - 48:5, 91:3 - 94:7.)

With regard to the KPMG memoranda that the Litmans and Dieners have identified as exhibits (Litman/ Diener Exhibits 45 and 89), these also can be admitted only if a foundation is first established that they reviewed and relied upon them in connection with filing their tax returns. *See* Rule 104(b) of the Federal Rules of Evidence. Similarly, any testimony by the Litmans and Dieners about the KPMG review must be limited to what was actually said or provided to them, and cannot be admitted for its truth.

Accordingly, the Court should grant the United States' motion and enter an order providing that any evidence admitted regarding a KPMG review of the Mitchell valuation will not be admitted for its truth (*i.e*., not for purposes of proving the value of the HRN restricted stock or the reasonableness of the Mitchell valuation), but only for the purpose of establishing

---

[1] Mr. Horan testified that he can not recall the substance of any conversations with the Dieners or Litmans about the valuation. (See Horan dep. p. 57:14 - 57:24).

what advice, if any, the Litmans and Dieners received for purposes of preparing their tax returns, or the TMF Liquidating Trust's tax return. [2]

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Attorney for The United States

Dated: April 19, 2007

[2] The United States has moved for leave to file other portions of Mr. Horan's testimony and offered other KPMG documents as exhibits. This evidence offered by the United States does not concern KPMG's purported review of the Mitchell valuation, and is not affected by the United States motion *in limine*. This other evidence principally concerns Mr. Horan's discussions with the Dieners about preparation of a draft form 8594 for tax year 2000, and is admissible. (See The United States' Motion for Leave to File Deposition Transcripts, filed April 2, 2007, and United States' Exhibit 19, 23, 24, 36.)



2404235.1