**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiffs.** | ) | **No. 05-956 T** |
| **ROBERT B. DEINER and MICHELLE S. DEINER,**<br><br>**Plaintiffs-Counterdefendants**<br><br>**vs.**<br><br>**THE UNITED STATES,**<br><br>**Defendant-Counterplaintiff.** | ) | **No. 05-971 T** |
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.**<br><br>**Plaintiff**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant** | ) | **No. 06-285 T**<br><br>**(Christine O. C. Miller)** |

**THE UNITED STATES' REPLY**
**IN SUPPORT OF ITS MOTION *IN LIMINE***
**TO LIMIT THE TESTIMONY OF SUSAN WEISS**

## Introduction

In their response to the United States' motion *in limine* to limit the testimony of IRS agent Susan Weiss, the Litmans and Dieners identify two issues for which they believe her testimony is relevant and admissible. First, they claim Ms. Weiss's testimony is necessary to establish admissions made by Hotels.com regarding its valuation of the HRN restricted stock. Second, they claim her testimony is necessary to support the reasonableness of the valuation method of their expert, Mark Mitchell. Ms. Weiss's testimony regarding the first issue, however, would (or should) be merely cumulative, and her testimony regarding the second would be improper.

### I. THE EVIDENCE OF HOTELS.COM'S ADMISSIONS DOES NOT NEED TO BE BOLSTERED BY MS. WEISS

The United States believes that the testimony of Eric DeGraw (Director of Taxation of Hotels.com's former parent company) and Mel Robinson (Hotels.com's former CFO), and several documents offered as exhibits in this case, including Hotels.com's interrogatory answers, Complaint, and claims for refund, will provide evidence of admissions and actions by Hotels.com that undermine some of its claims in this case. The admissions by Hotels.com, about its own valuation of the HRN restricted stock for an uninterrupted period of several years from the issuance of the stock in 2000 through completion of its audit, include the following:

- that the HRN restricted stock is properly valued at a discount from the $16 per share IPO price;

- that the HRN restricted stock is properly valued by discounts that take into account the length of the transfer restrictions on the stock, and that the stock had a weighted average value of approximately $10 per share in 2000;

- that the HRN stock was issued on February 24, 2000, and is properly valued on the day of issuance;
- that Hotels.com's 2001 through 2004 tax returns were filed based on the $10 per share valuation; and
- that there was no agreement between the Litmans, Dieners and Hotels.com as to the fair market value of the HRN restricted stock, and no one from Hotels.com ever asserted there was prior to this case.

The United States anticipates that the testimony and exhibits regarding these admissions will be admitted into evidence at trial, and the Court can then consider them in determining the fair market value of the HRN restricted stock.[1] To be sure, Hotels.com has now changed its view regarding valuation for purposes of this case, and is objecting to some of this evidence. Its objections should be overruled, however, and it simply cannot avoid the admission of other evidence (*e.g.*, in its own Complaint and claims for refund).

Based on the evidence regarding Hotels.com's considered and long-held valuation of the HRN restricted stock at $10 per share, the United States believes Ms. Weiss's testimony is unnecessary simply to confirm these facts. To the extent the Court believes her testimony is necessary or would, in fact, be helpful to examine the purported admissions of Hotels.com,

---

[1] Although the fair market value placed on the stock by Hotels.com in its tax returns is not conclusive as to the stock's value, it is persuasive evidence that the Court may consider. *See Grill v. United States*, 303 F.2d 922, 926 (Ct. Cl. 1962) ("It is well settled that the valuation of an asset by a taxpayer in his tax return is an admission against interest which, in the absence of other impugning evidence, may be resorted to for determining market value.); *Waring v. United States*, 412 F.2d 800, 801 (3rd Cir. 1969) ("The valuation given in the return was an admission, and although it is not conclusive, the Tax Court was entitled to judge its weight as evidence."); and *Estate of Marsack v. Commissioner*, 288 F.2d 533, 536 (7th Cir. 1961) ("It was also proper for the Tax Court to consider that in 1951 and again in 1952, Sam Marsack himself had set a fair market value of $22,500 on the licensing agreements as of 1951. This was at a time which predates the present tax controversy.")

however, the United States would withdraw its objection under FRE 403 (*i.e.*, that the testimony is cumulative) on that limited subject matter. The United States suggests, therefore, that the Court consider reserving ruling on the United States' motion – as it regards testimony about Hotels.com's admissions – until it is known whether Ms. Weiss's testimony is necessary.

## II. MS. WEISS CANNOT AND SHOULD NOT TESTIFY ABOUT THE IRS'S PRELIMINARY VALUATION OF THE HRN STOCK DURING HOTELS.COM'S AUDIT

In arguing that Ms. Weiss should be allowed to testify about Hotels.com's admissions during its audit, the Litmans and Dieners acknowledge this Court's case law that provides that this is a *de novo* proceeding in which the factual findings and legal theories of the IRS are irrelevant. (See Response, p. 2, fn. 1.) *See e.g., Cook v. United States*, 46 Fed. Cl. 110 (2000). They then ignore this law, however, when arguing that Ms. Weiss should testify about Ruth Haney's (an IRS engineer) "preliminary, limited scope" analysis of the value of the HRN restricted stock. Such testimony by Ms. Weiss about another IRS employee's view of the value of the stock, during the audit, would impermissibly go behind the notice of deficiency. Indeed, it would be more than that because no notice of deficiency was actually based on Ms. Haney's analysis. Because of the whipsaw situation created by plaintiffs, the notices of deficiency to the Litmans and Dieners were based on Hotels.com's reported value for the stock ($16/ share), and the notice to Hotels.com was based on the Litmans and Dieners' valuation ($4.54/ share). (See the United States Pretrial Memorandum of Contentions of Law and Fact, p. 18).[2]

[2] Ms. Haney wrote two reports. In the first, she stated the stock had a value of about $8 per share. In the second, she stated that it had a value of about $10 per share.

Moreoever, because the Litmans and Dieners admittedly want to examine Ms. Weiss about Ms. Haney's work in order to provide support for the valuation methodology of their own expert (Mr. Mitchell), they are, in essence, trying to obtain opinion evidence from Ms. Haney, through Ms. Weiss. As the United States noted in its motion *in limine*, there is no foundation for such opinion testimony. Ms. Weiss is not a valuation expert, and Ms. Haney was not deposed in this case and will not be a witness at trial to provide a foundation for opinion evidence from her.[3]

**Conclusion**

For all the above reasons, and those in its motion *in limine*, the United States requests that the Court enter an order providing that plaintiffs cannot seek to elicit testimony from Ms. Weiss about the Haney valuation for the purpose of proving the value of the HRN restricted stock or an appropriate method for valuing the stock. The United States also requests that the Court consider reserving ruling on whether Ms. Weiss can be examined about purported admissions made by Hotels.com.

[3] As the Litmans and Dieners state in their response, Ms. Haney used the same basic methodology for her preliminary analysis as their expert did in 2000, and, in fact, Deloitte & Touche did in 2001. Her assumptions and "inputs" were different, however, and she reached a much different result.

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Attorney for The United States

Dated: April 19, 2007