**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and<br>MALIA A. LITMAN,<br><br>Plaintiffs-Counterdefendants<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant-Counterplaintiffs.** | ) | **No. 05-956 T** |
| **ROBERT B. DEINER and<br>MICHELLE S. DEINER,<br><br>Plaintiffs-Counterdefendants<br><br>vs.<br><br>THE UNITED STATES,<br><br>Defendant-Counterplaintiff.** | ) | **No. 05-971 T** |
| **HOTELS.COM, INC. AND SUBSIDIARIES<br>(f/k/a HOTEL RESERVATIONS NETWORK,<br>INC.<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant** | ) | **No. 06-285 T<br><br>(Christine O. C. Miller)** |

**THE UNITED STATES' REPLY<br>IN SUPPORT OF ITS MOTION<br><u>FOR LEAVE TO FILE DEPOSITION TRANSCRIPTS</u>**

2405690.1

## Introduction

Hotels.com has objected to certain portions of the deposition testimony that the United States requested leave to introduce in this case. Hotels.com's objections are without merit, and are plainly made to try to exclude relevant evidence that undermines some of its claims in this case. The Court should overrule Hotels.com's objections, and admit the deposition testimony designated by the United States.[1]

### I. THE TESTIMONY THE UNITED STATES SEEKS TO INTRODUCE CONTRADICTS TWO OF HOTELS.COM'S THEORIES IN THIS CASE

As the Court knows, Hotels.com has several theories in this case, including its claims that HRN and the Litmans and Dieners agreed, in the Amended and Restated Asset Purchase Agreement, to value for the HRN restricted stock at $16 per share for tax purposes and, alternatively that the stock should be valued as of March 1, 2000 (even though it was admittedly issued on February 24, 2000) because, under the terms of the agreement, the Litmans and Dieners could not obtain a beneficial interest in the stock until then. The testimony of Eric DeGraw, Mel Robinson and Christine Zeikel that the United States seeks to introduce in this case provides evidence directly relevant to both of these claims, and should, therefore, be considered by the Court.

---

[1] When the United States filed it motion for leave to file deposition testimony, it included portions of Mel Robinson's deposition because it was uncertain whether he would appear at trial. The United States now expects that Mr. Robinson will appear at trial. A motion under RCFC Appendix A, ¶15(b) to admit his deposition testimony is, therefore, unnecessary, and Hotels.com's objections are moot. *See* RCFC Appendix A, ¶ 15(b) and Rule 801(d) of the Federal Rules of Evidence. The United States will, nevertheless, briefly respond to Hotels.com's objections.

Mr. DeGraw was Tax Director of USA Networks, Inc., HRN's parent company, in 1999, 2000 and 2001, when the transactions at issue in this case occurred.[2] He had "overall responsibility for anything that had to do with taxation..." (See DeGraw dep. p. 13.) This included, on occasion, overseeing tax issues of USA's subsidiaries, including HRN. (See DeGraw dep. p. 14.) With regard to the transactions at issue here, Mr. DeGraw was personally involved in overseeing the reporting of the transaction on IRS Form 8594, hiring Deloitte & Touche to value the shares, deciding to use the Deloitte valuation ($10 per share) in HRN's tax returns, and delivering an amended 2000 tax return to HRN, and directing HRN to file it. (See DeGraw dep. pp. 21, 30, 35, 40, 48, 49 - 52, 73, 87.)

Mel Robinson was the Chief Financial Officer of HRN from 2000 to 2004. He was responsible for the financial and tax accounting and reporting at HRN. (Robinson dep. p. 14.) With regard to the transactions at issue here, he was personally involved in reviewing the Amended and Restated Asset Purchase Agreement once the valuation difference arose in 2001, working with Mr. DeGraw to obtain a fair market valuation of the HRN restricted stock from Deloitte & Touche, discussing the valuation, and the need to amend the 2000 return to change the valuation from $16 per share to $10 per share, with HRN's board of directors, and determining that the Deloitte discount should be applied against the $16 IPO price. (See Robinson dep. pp. 63 - 65, 76 - 68, 77, 100; and U.S. Exhibits 32 and 33).

Ms. Zeikel was the Deloitte & Touche employee who provided a fair market valuation to USA Networks, Inc. and HRN for purposes of HRN's amended 2000 tax return. She has first-

[2] USA Networks, Inc. was a party to the Amended Asset Purchase Agreement, along with HRN (Hotels.com's predecessor), and the Litmans and Dieners.

hand knowledge of what she was asked to do and of the discounts she calculated.

Clearly, these three witnesses can provide evidence about how HRN *actually understood and implemented* the Amended and Restated Asset Purchase Agreement, and then reported the value of the HRN restricted stock for tax purposes in 2000 through 2004. This evidence of Hotels.com's "course of performance" under the Amended and Restated Asset Purchase Agreement is relevant and admissible. Indeed, these witnesses' testimony – about their own actions in 2000 and 2001 – is at odds with Hotels.com's current claims about the meaning of the Amended and Restated Asset Purchase Agreement. *See, e.g., Marden Corporation v. United States*, 803 F.2d 701, 705 (Fed. Cir. 1986) ("It is the general law of contracts that in construing ambiguous and indefinite contracts, the courts will look to the construction the parties have given to the instrument by their conduct before a controversy arises."); *Cross Petroleum v. United States*, 51 Fed. Cl. 549, 553 (Fed. Cl. 2002) ("Course of dealing, course of performance, and usages of trade are all relevant to determining the content and meaning of an express contract...."); *Gresham, Smith & Partners v. United States*, 24 Cl. Ct. 796, 801 (Cl. Ct. 1991) ("An interpretation that accords with the views of the parties expressed during performance is a relevant consideration in interpreting a contract."); and *Northbridge Electronics, Inc. v. United States*, 175 Ct. Cl. 426 (Ct. Cl. 1966) ("The action of the parties in performing and accepting performance of a contract before a controversy arises is highly relevant in determining what the parties intended...."). If Hotels.com intends to continue to press its claim that there was an agreement as to the value for the HRN restricted stock for tax purposes, the evidence concerning its contrary actions over the past five years should be admitted.

The testimony of Mr. DeGraw, Mr. Robinson and Ms. Zeikel also should be admitted because it helps establish the value for the HRN restricted stock, and the basis for that value, that Hotels.com actually reported in its tax returns in 2001, 2002, 2003 and 2004. Each of them was either involved in determining the valuation discounts or determining the value to be reported in HRN's tax returns. These reported values are admissions by Hotel.com. *See Grill v. United States*, 303 F.2d 922, 926 (Ct. Cl. 1962); *Waring v. United States*, 412 F.2d 800, 801 (3rd Cir. 1969); and *Estate of Marsack v. Commissioner*, 288 F.2d 533, 536 (7th Cir. 1961).

## II. THE OBJECTIONS BY HOTELS.COM SHOULD BE OVERRULED

### A. Testimony of Eric DeGraw

The United States and the Litmans and Dieners moved for leave to file much of the same testimony of Mr. DeGraw. Hotels.com then objected to the same portions of Mr. DeGraw's deposition in response to the United States' motion as it did in response to the Litmans and Dieners' motion. On April 16, 2007, the Litmans and Dieners filed their reply to Hotels.com's objections. For the Court's convenience, and to avoid redundancy, the United States adopts and incorporates the Litmans and Dieners' replies to Hotels.com's objections.[3]

In brief, the United States agrees that because Mr. DeGraw's testimony concerns his own actions and reasoning in implementing the Amended Asset Purchase Agreement in 2000 and subsequently, and the actions and statements of HRN employees of which he has knowledge, the testimony has the necessary foundation for admission, and is not hearsay or impermissible

---

[3] See, Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener's Reply to Hotels.com and Subsidiaries' Objections to David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener's Motions for Leave to File Deposition Testimony. The DeGraw objections and responses that correspond with testimony also designated by the United States are numbered 1 - 14 in the "Litman" reply.

opinion evidence. And, as the United States noted in its response to Hotels.com's motion in *limine*, none of Mr. DeGraw's testimony concerns purported "settlement negotiations." [4]

**B. Testimony of Christine Zeikel**

Hotels.com objected to the introduction of only one portion of Christine Zeikel's testimony. (Zeikel dep. p. 57:1 - 4.) In that portion, Ms.Zeikel agrees that she concluded the $16 per share IPO price was the correct starting price against which to apply the discounts she calculated to determine the value of the HRN restricted stock. Hotels.com objects that this testimony lacks foundation. While it is true that the written Deloitte & Touche report simply sets forth the calculated discounts, and does not apply the discounts to the IPO price (or any other price), that does not mean that Ms. Zeikel's testimony lacks foundation. She was directly asked whether *she* concluded that the discounts should be applied to the IPO price, and she testified that she did.[5]

Additionally, Hotels.com's objection that the question asked of Ms. Zeikel "assumes that Zeikel's report applied discounts to a certain stock price" is wrong, and also waived. In the preceding questions Ms. Zeikel was asked about discussions of a starting price, not whether a starting price was set forth in her report. And, if Hotels.com believed that the question was compound – in that it contained an implicit assumption – or was even leading, it had to make that

---

[4] For example, Mr. DeGraw's testimony that it was his understanding in 2001 that the draft HRN 2000 tax return used a GAAP value for the HRN restricted stock, and that a different fair market value had to be used for tax purposes, is factual testimony about what he actually believed and did in 2001. It is not impermissible opinion testimony about what value should be determined now, under GAAP or tax rules. (See DeGraw dep. pp. 50 - 51.)

[5] This is, of course, consistent with Hotels.com's reporting of the stock's value in 2001 through 2004.

objection at the deposition. Under RCFC 32(d)(3)(B), "[e]rrors... in the form of the questions or answers... and errors of any kind which might be obviated, removed or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition." Ms. Zeikel's testimony should, therefore, be admitted.

**C. Testimony of Mel Robinson**

As noted above, Mr. Robinson is expected to testify in person at trial. The United States believes, therefore, that the Court does not need to rule on Hotels.com's objections to the introduction of his deposition testimony at this time. It should be noted, however, that Hotels.com's objections are groundless. Mr. Robinson's testimony about his own actions, and the beliefs that motivated his actions, is factual testimony, not impermissible opinion evidence. For example, his testimony that, as CFO, he was comfortable using the Deloitte valuation as a basis for reporting the value of the HRN restricted stock at $10 per share, and that no one ever told him that there was an agreement to value the stock at $16 per share, is relevant and admissible evidence that this Court should consider. (See Robinson dep. pp. 63 - 65, 76 - 68, 77, 100.).

Additionally, Mr. Robinson's testimony about his own discussions with HRN's board of directors is not hearsay. Such testimony about statements made by employees and agents of Hotels.com's predecessor, HRN, is clearly defined as *not* being hearsay in Rule 801(d)(2) of the Federal Rules of Evidence.

In the event Mr. Robinson, does not appear at trial, the United States reserves the right to request that his deposition testimony be introduced as evidence, and respond further to Hotels.com's objections.

**Conclusion**

For all the above reasons, and those in its motion for leave to file deposition testimony, the United States requests that the Court grant its motion and allow introduction of the designated testimony of Eric DeGraw and Christine Zeikel as substantive evidence in this case. The United States also requests that the Court reserve ruling on the introduction of Mr. Robinson's deposition testimony.

Respectfully submitted,

*s/ Cory A. Johnson*

Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*

Of Counsel

Attorney for The United States

Dated: April 19, 2007