**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | **No. 05-956T** |
| **ROBERT B. DIENER and MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**HOTELS.COM'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO ALLEGED KPMG REVIEW OF THE MITCHELL VALUATION**

Plaintiffs Hotels.com and Subsidiaries ("Hotels.com") submit this reply in support of their Motion *in Limine* to Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation ("Hotels.com's Motion"), filed with the Court on April 5, 2007.

Plaintiffs-Counterdefendants Litmans and Dieners do not disagree with the substance of Hotels.com's Motion. In their response to Hotels.com's Motion, they acknowledge that they may *not* offer any evidence of KPMG's purported review of Mark Mitchell's 2000 valuation of

the HRN, Inc. IPO shares for the truth of the matters asserted by that review — *i.e.*, to argue that Mitchell's valuation discount was reasonable or to prove the value of the restricted shares. *See* Litman/Diener Br. at 3, 9. As explained in Hotels.com's Motion, evidence offered for such purposes is clearly inadmissible as hearsay (on multiple levels) and lacks proper foundation. The Litmans and Dieners chose not to list as a witness anyone at KPMG directly involved in the purported review of Mitchell's 2000 valuation, and there is no evidence that any of the KPMG employees alleged to have reviewed the valuation possess the expert qualifications necessary to opine on its reasonableness. Further, any KPMG documentation referencing review of Mitchell's valuation contains inadmissible "double hearsay." Again, the Litmans and Dieners chose not to list as a witness anyone at KPMG who has first hand knowledge of the matters discussed therein.

Clearly cognizant of these evidentiary shortcomings, the Litmans and Dieners now contend that they plan to offer evidence about KPMG's purported review of Mitchell's valuation for the *sole* purpose of defending against accuracy-related penalties asserted by the United States under I.R.C. § 6662. Section 6664 provides a defense to penalties under § 6662 where a taxpayer can show that he or she had "reasonable cause" for underpayment and acted "in good faith." I.R.C. § 6664(c)(1). While Hotels.com disagrees that any valuation position was "reasonable" in light of the clear agreement between the parties set forth in the Amended and Restated Asset Purchase Agreement, Hotels.com has no standing to argue for or against the institution of penalties against the Litmans and Dieners. Hotels.com therefore expresses no view as to whether the evidence as offered by the Litmans and Dieners is sufficiently probative and/or reliable to be admitted for that limited non-hearsay purpose.

## CONCLUSION

For the reasons set forth above, and for the reasons previously stated in Hotels.com's Motion, Hotels.com respectfully requests that the Court exclude any and all evidence relating to KPMG's purported "review" of Mark Mitchell's 2000 valuation of the HRN shares as inadmissible hearsay evidence and/or lacking in proper foundation, to the extent that such evidence is offered for any purpose other than defending against accuracy-related penalties under I.R.C. § 6664.[1]

April 19, 2007

Respectfully submitted,

s/ Kim Marie K. Boylan___
Kim Marie K. Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel

Jennifer S. Crone
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel

---

1 If the Court were to deny our motion, Hotels.com would again request that our protective designations of James Horan's testimony be admitted into evidence. Such designations were protective in the event our expected objections were overruled.