# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DAVID S. and MALA A. LITMAN,** *

Plaintiffs-Counterdefendant, *

v. * No. 05-956T

**THE UNITED STATES,** * (Filed Apr. 25, 2007)

Defendant. *

_________________________________________ *

**ROBERT B. and MICHELLE S. DIENER,** *

Plaintiffs-Counterdefendants, *

v. * No. 05-971T

**THE UNITED STATES,** *

Defendant. *

___________________________________________ *

**HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** *

Plaintiffs, *

v. * No. 06-285T

**THE UNITED STATES,** *

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# ORDER

During the pretrial conference held on April 23, 2007, the court and parties addressed motions *in limine* and related matters. Supported by explanations from the bench, the rulings and reasons therefor are set forth. Accordingly,

**IT IS ORDERED**, as follows:

1. The parties have filed six motions seeking leave to file portions of deposition transcripts as substantive evidence. The witnesses whom the parties seek to present by deposition are Eric DeGraw, James L. Horan, Andrew Pells, Christine Zeikel, and David J. Bohlmann. These motions are granted. The parties are instructed jointly to provide the court with one counter-designated copy of each transcript. Each transcript shall include provisional designations of the portions of the testimony that each party seeks to have admitted into evidence. Defendant shall indicate the portions of each transcript that it would like admitted by highlighting with a yellow marker. Plaintiffs-counterdefendant shall indicate the portions of the testimony that they would like admitted by highlighting with a blue marker. Hotels.com shall indicate the portions of the testimony that it would like admitted by highlighting with a pink marker in the margin. The court will address all objections to the deposition testimony at trial. If, after the court has ruled on any objections, the parties would like to exclude portions of the deposition provisionally marked for admission, the parties may move for exclusion at that time.

2. Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener's Motion for Leave To File Transcript of Deposition Testimony of Mel Robinson, filed February 26, 2007, and The United States' Motion for Leave To File Deposition Transcripts, filed April 2, 2007, sought leave to file the deposition transcript of Mel Robinson. These motions are moot because the parties will call Mr. Robinson to testify at trial.

3. Hotels.com, Inc.'s Motion *in Limine* To Exclude Evidence of Administrative Settlement Negotiations Prior to Issuance of Notice of Deficiency, filed April 5, 2007, is denied. Hotels.com argues that settlement negotiations took place during the IRS audit. It seeks to exclude all evidence relating to these negotiations pursuant to Fed. R. Evid. 408. Relying on Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-28 (1974), it also contends that the court should not "look behind" the notice of deficiency into the administrative process. Hotels.com's Br. filed Apr. 5, 2007, at 4. The court agrees with defendant that Hotels.com has not presented evidence that settlement negotiations took place. A taxpayer's statements to an examining agent constitute party admissions and are admissible evidence.

4. Hotels.com has objected to DX 5. The United States is withdrawing DX 5 as one of its proposed exhibits.

5. Hotels.com, Inc.'s Motion *in Limine* To Exclude Evidence Relating to Alleged KPMG Review of the Mitchell Valuation, filed April 5, 2007, is granted, in part. The parties have agreed that plaintiffs-counterdefendants may offer evidence relating to KPMG, LLP's review and concurrence with Mark Mitchell's 2000 valuation of the IPO shares (the "Mitchell Valuation") for the limited purpose of establishing that plaintiffs-counterdefendants had reasonable cause to rely on the Mitchell Valuation. The court will consider the evidence in that context and not as evidence that the valuation methodology and discount as determined in the Mitchell Valuation were reasonable.

6. The United States' Corrected Motion *in Limine* To Exclude Certain Testimony and Proposed Exhibits About KPMG's Purported Review of the Mitchell Valuation, filed April 6, 2007, is granted, in part. The parties have agreed that plaintiffs-counterdefendants may offer evidence relating to KPMG, LLP's review and concurrence with the Mitchell Valuation for the limited purpose of establishing that plaintiffs-counterdefendants had reasonable cause to rely on the Mitchell Valuation. The court will consider the evidence in that context and not as evidence that the valuation methodology and discount, as determined in the Mitchell Valuation, were reasonable.

7. Ruling on Hotels.com and Subsidiaries' Objections to the United States' Trial Exhibits, filed April 5, 2007, is deferred until trial.

8. Ruling on Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener's Objections to the United States' Exhibit List, filed April 5, 2007, is deferred until trial.

9. Ruling on Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener's Objections to Hotels.com's Exhibit List, filed April 2, 2007, is deferred until trial.

10. Ruling on The United States' Objections to Hotels.com's Proposed Exhibits, filed April 2, 2007, is deferred until trial.

11. Ruling on Hotels.com and Subsidiaries' Objections to David S. Litman, Malia A. Litman, Robert B. Diener and Michelle S. Diener's Trial Exhibits, filed April 2, 2007, is deferred until trial.

12. Ruling on The United States' Objections to the Litmans' and Dieners' Proposed Witnesses and Exhibits, filed April 2, 2007, is deferred until trial.

13. The United States' Motion *in Limine* To Preclude Examination by Plaintiffs of IRS Agent Susan Weiss on Certain Subjects, filed April 5, 2007, is denied, insofar as Ms. Weiss may testify to the valuation of the HRN restricted stock performed by Ruth Haney, an IRS engineer, insofar as Ms. Weiss ordered and adopted the evaluation. She may also testify as to Hotels.com's position concerning valuation during the audit. The court reserves ruling on whether portions of her testimony may be cumulative.

14. Plaintiffs Hotels.com and Subsidiaries' Motion for Leave To List John R. Bozalis, Jr. as a Witness so That Hotels.com May Issue to Him a Trial Subpoena or, in the Alternative, for Leave to File Deposition Testimony of Mr. Bozalis is moot. Counsel for plaintiffs-counterdefendants has represented that Mr. Bozalis has been issued a subpoena and counsel will not withdraw the subpoena in the event that Mr. Bozalis is not called as part of their case-in-chief.

15. The parties' oral requests for three witness rooms are granted, provided that the United States District Court for the Northern District of Texas can accommodate the request.

16. The parties' telephonic request of April 24, 2007, for permission to use cellular telephones and other wireless devices in the United States District Court for the Northern District of Texas is granted, provided that their use is restricted to the floor where the proceedings are held and that they are not used in the courtroom.

s/ Christine O.C. Miller

____________________________________

**Christine Odell Cook Miller**
Judge