**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN And MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER And MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**HOTELS.COM, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS LITMANS AND DIENERS' MOTION TO SEAL**

The movants here allege that the Court should seal documents containing "private, personal and sensitive" information. But movants fail to establish compelling grounds for sealing these documents. Further, movants misrepresented Hotels.com's objections concerning one document, and Hotels.com objects to sealing one additional document, both of which contain social security numbers but nothing further compelling a seal. Lastly, Hotels.com does not object to redacting social security numbers from publicly-filed documents.

**ARGUMENT**

It is a fundamental premise that public adjudications of otherwise private disputes are presumptively public:

> People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible.[1]

To warrant sealing of the record, movants must establish "…compelling reasons to rebut the strong presumption of the public right to access of judicial records."[2]

The movants seek to seal a number of documents that are integral to their claims at trial, because they generally contain "sensitive private information" that could be used by the public for "illegitimate purposes:" the IRS initial appointment letters and IDRs to the Litmans and Dieners,[3] the Dieners' change of address request,[4] an IRS "Stat Notice Checklist" relating to the Dieners,[5] IRS computer printouts ("INOLES," "MFOLE," and "IDRS" records) relating to the Dieners,[6] and the Notices of Deficiency issued to the Litmans and Dieners.[7]

Movants placed much of this information in the public domain when they filed summary judgment motions with extensive supporting exhibits, and no request to seal. Notably, these

---

[1] *Union Oil Co. v. Leavell*, 220 F.3d 562 (7th Cir. 2000) (citations omitted).

[2] *Crane Helicopter Services, Inc. v. United States*, 56 Fed.Cl. 313, 327 (2003). *See also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

[3] LD Exs. 3 and 5 respectively.

[4] LD Ex. 25.

[5] GX 2.

[6] GXs 3, 70 and 71 respectively.

[7] JXs 26 and 27 respectively. Movants misidentified JX 25 as an exhibit they sought to have sealed, and by email dated May 24, 2007, informed all parties that they intended that JXs 26 and 27 be sealed.

records have been publicly available for the past 18 months with apparently no "illegitimate" activities by the public, which is movants' only current ground for sealing similar documents now. That movants seek now to seal similar information as "sensitive" and "private" is disingenuous in light of their prior voluntary disclosure of similar information absent a request to seal. In light of movants' prior lack of concern that similar information was publicly available, they have failed to establish compelling reasons for imposing a seal now. Any further sealing of public records in a publicly-subsidized dispute resolution forum is contrary to public policy and sound judicial administration.[8] Hotels.com has no objection to redacting social security numbers from these documents.

Lastly, the Court's May 23, 2007 Order sealed HX 129 (the Litman letter to the transfer agent dated as of February 24, 2000, providing instructions for issuing the stock at issue as of "the effective date of the IPO") and HX 155 (the Lidji email to Paul Weiss sent February 28, 2000 concerning addresses and tax identification numbers). Both Hotels.com and the Department of Justice objected to sealing HX 129, which objections were omitted from movants' May 18, 2007 motion. Hotels.com objects to sealing HX 129 because it contains no personal or sensitive information compelling that it be sealed. Furthermore, HX 155 is a similar document that contains social security numbers but otherwise does not contain personal or sensitive information compelling that it be sealed. Hotels.com now objects to sealing of this document because it is integral to the case, and contains no personal or sensitive information that compel it

---

[8] It is unclear whether it is even appropriate to seal federal tax returns, in light of the ability to simply redact taxpayer identification numbers. *See generally Crane Helicopter Services, Inc. v. United States*, 56 Fed.Cl. 313, 327 (2003) (strong presumption of public access to judicial proceedings absent compelling reason to seal record). *See also Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (reversing seal order where determination based solely on agreement of parties).

be sealed. Accordingly, we respectfully request that HX 129 and HX 155 should not be sealed, and instead the social security numbers should be redacted.

For the foregoing reasons, we respectfully request that no further documents be subject to seal, that the May 23, 2007 Order be modified to unseal HX 129 and 155, and that movants be permitted to redact all social security numbers on publicly filed documents.

May 25, 2007

Respectfully submitted,

s/ Kim Marie K. Boylan_____
Kim Marie K. Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record

Kari M. Larson
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel

Jennifer S. Crone
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
Of Counsel

DC\992392.1