**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| **vs.** | ) | **No. 05-956 T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |

| | | |
|---|---|---|
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | |
| **vs.** | ) | **No. 05-971 T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

| | | |
|---|---|---|
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T** |
| **THE UNITED STATES,** | ) | **(Christine O. C. Miller)** |
| **Defendant** | ) | |

**THE UNITED STATES' RESPONSE TO THE**
**<u>LITMANS' AND DIENERS' MOTION TO SEAL DOCUMENTS</u>**

Defendant the United States opposes, in part, plaintiffs David and Malia Litman and Robert and Michelle Diener's motion to seal certain exhibits introduced at the trial of these cases.

The United States does not object to the sealing of eight of the exhibits. They are Joint Exhibits 2, 19, 20, and 21 and Hotels.com Exhibits 117, 155, 342 and 343. These documents are tax returns and one document that essentially contains only social security and tax identification numbers (Hotels.com Exhibit 155). In its Order of May 23, 2007, the Court ordered that these eight documents plus Hotels.com Exhibit 129 be sealed.[1]

The United States does object to the sealing of the remaining twelve documents that are the subject of the Litmans and Dieners' motion. Judicial proceedings, including exhibits introduced at trial, are presumptively public, and should not be closed or sealed absent a compelling justification. *See, e.g., Black v. United States*, 24 Cl. Ct. 461, 463 - 64 (1991). And, it is the United States Department of Justice's policy that judicial proceedings generally remain open and public. *See* 28 C.F.R. § 50.9. Here, the United States does not believe that there is a compelling justification to completely seal the additional twelve exhibits.

The documents the Litmans and Dieners seek to have sealed are as follows:

| | |
|---|---|
| Joint Exhibit 26 | Statutory Notice of Deficiency issued to the Litmans (also attached to their Complaint) |

[1] The Court's Order was based on the representation in the Litmans and Dieners' motion that the United States did not object to the sealing of all nine of these exhibits. The Litmans and Dieners motion correctly stated that the United States did not object to sealing eight of the exhibits. However, the Litmans and Dieners' motion was incorrect in stating that the United States agreed that Hotels.com Exhibit 129 could be sealed. Counsel for the United States agreed only that the social security number of Andrew Pells could be redacted from Hotels.com Exhibit 129. On May 25, 2007, the Litmans and Dieners filed a notice correcting this mistaken representation.

| | |
|---|---|
| Joint Exhibit 27 | Statutory Notice of Deficiency issued to the Dieners (also attached to their Complaint)[2] |
| LD Exhibit 3 | IRS correspondence to the Litmans |
| LD Exhibit 5 | IRS correspondence to the Dieners |
| LD Exhibit 25 | Dieners' change of address request to IRS |
| US Exhibit 2 | Statutory Notice Checklist for the Dieners |
| US Exhibit 3 | IRS records regarding the Dieners' address |
| US Exhibit 70 | IRS records regarding the Dieners' change of address |
| US Exhibit 71 | IRS records regarding the Dieners' change of address |
| Hotels.com Exhibit 114A | Diener Tracking Interest Agreement |
| Hotels.com Exhibit 115A | Litman Tracking Interest Agreement |
| Hotels.com Exhibit 115B | Litman Tracking Interest Agreement |

The Litmans and Dieners claim that these documents contain "sensitive private" information concerning them and their children – principally addresses and social security numbers. (See Motion to Seal Documents, p. 2.) To the extent the exhibits contain social security numbers, the United States does not object to those numbers being redacted from the exhibits, as has already been ordered by the Court with regard to certain pleadings filed by the

[2] The Litmans and Dieners' motion contains a typographical error concerning one of the exhibits they seek to seal. They seek to seal Joint Exhibit 27, not Joint Exhibit 25. (See Motion to Seal Documents, p. 2.) Counsel for the United States has confirmed with the Litmans and Dieners' counsel that Joint Exhibit 27, rather than Joint Exhibit 25, should be on their list of documents to be sealed.

Litmans and Dieners. (See Order of May 23, 2007, pp. 2 - 3.) [3] Beyond the social security numbers, however, the United States does not believe that these exhibits contain information that would justify sealing the documents. The Litmans and Dieners' addresses are not confidential. Indeed, they expressly alleged them in their complaints and made their "last known addresses" an issue in this case as part of their statute of limitations arguments. Additionally, these exhibits do not disclose the identities of their children, or any specific financial information about them. The Litmans and Dieners have not, therefore, presented a compelling reason that the Court's trial of these cases should not remain a public proceeding with regard to these exhibits.

Accordingly, the United States requests that this Court deny the Litmans and Dieners' motion to seal the additional twelve trial exhibits listed above, and that, instead, the Court order that all social security numbers be redacted from those documents. The United States also requests that the Court amend its Order of May 23, 2007, by ordering that Hotels.com Exhibit 129 not be sealed, and that it likewise only have social security numbers redacted from it.

---

[3] The United States does not object *at this point* to the redaction of the social security numbers. This should not be viewed, however, as a waiver of the requirement in RCFC 9(h)(6) that a plaintiff in a tax refund suit state in the complaint his or her "identification number" (*i.e.*, social security number), and attach a copy of his or her claim for refund to the complaint.

Respectfully submitted,

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Attorney for The United States

Dated: May 29, 2007



2482394.1