**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER and MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a**<br>**HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**HOTELS.COM'S BRIEF PURSUANT TO THE COURT'S OCTOBER 1, 2007 ORDER**

The Court ordered Hotels.com and the government to respond to the Litmans and Dieners' argument concerning a purported "mathematical error," and further ordered the parties to address the application of IRC § 7491 in light of the government's position as a stakeholder.

**The Court Found That Mr. Mitchell's *Methodology* <u>Not</u> His *Discount Conclusions* "Carried The Most Weight," And Adjusted His Discount Conclusions To Account For Various Deficiencies.**

The Litmans and Dieners' new argument, raised in their reply brief,[1] asserts that the Court's computations to account for the weaknesses in Mr. Mitchell's analysis, *see* Op. at 82,

[1] The Litmans and Dieners notably continue in their failure to justify how that they meet the standard for the reconsideration relief they seek.

were incorrect. They argue that the Court's ultimate discount conclusions should be closer to Mr. Mitchell's than to Mr. Burns'.[2] The Litmans and Dieners misapprehend the Court's Opinion. Although the Court found that Mr. Mitchell's opinion was "the product of an accepted method," agreed with his "conceptualization of the valuation challenge," and "generally" approved of his approach, the Court did not adopt either his actual analysis or his ultimate discount conclusions. Op. at 81-82. The Court merely found that Mr. Mitchell's *"methodology"* or *"approach"* should carry the most weight. Op. at 81. Such a finding is in stark contrast to the Litmans and Dieners' assertion that his *valuation conclusions* should carry the most weight. The Court was troubled by numerous "weaknesses" in Mr. Mitchell's analysis including:[3] improper volatility selection in connection with his put option analysis, his use of "simplifying assumptions," overstatement of discounts in connection with CAPM analysis as a result of misguided assumptions, and in general, failure to account for the possibility that the restrictions could lift early, as well as the valuation impact of negotiated tag-along rights. Op. at 81-82. These findings are patently inconsistent with the Litmans and Dieners' position that the Court really meant to say that Mr. Mitchell's discount conclusions, rather than his general methodology, should carry the most weight.

---

[2] Although Hotels.com continues to disagree with the Court's conclusion that Mr. Mitchell's methodology is appropriate, we do agree that the Court correctly recognized many of the errors or shortcomings of his analysis and ultimate discount conclusions.

[3] The weaknesses accounted for in the Court's Opinion do not include those weaknesses detailed in Hotels.com's Cross-Motion for Reconsideration, *i.e.*, Mr. Mitchells' (1) implausible position that HRN's Beta is the same as that of the Fortune 500, (2) unsupported increase in put option values (which is fundamentally inconsistent with assumptions made by others using the same methodology), and (3) failure to account for one-time registration rights available to the Litmans and Dieners at no cost, which are specifically set forth in the Amended and Restated Asset Purchase Agreement separate and apart from tag-along rights.

They then intimate that the Court made a mathematical error in its ultimate holding regarding the fair market value of the HRN restricted stock. Again, the Litmans and Dieners misapprehend the Court's opinion. The Court's holding is very specific. Based on all of the evidence presented, the Court determined the total fair market value of the HRN restricted stock was $90,818,180. Op. at 82. To support this determination, the Court's opinion sets forth the precise percentage discount, precise discounted value per share and precise fair market value of each of four tranches of stock that comprise the Court's overall fair market value determination. *Id.*. The Litmans and Dieners have failed to establish any mathematical error. Indeed, they have failed to prove any "extraordinary circumstances" that would entitle them to the relief they seek. *AT&T Corp. v. United States*, 63 Fed. Cl. 209, 211 (2004) (discussing motion for reconsideration standard).

**IRC § 7491 Is Inapplicable Because The Litmans And Dieners Failed To Exhaust Their Administrative Remedies, And Even If IRC § 7491 Did Apply, They Have Failed To Produce Credible Evidence That The Value Of The Restricted Shares Was Less Than That Found By The Court.**

The Court has ordered the parties to "address the application of I.R.C. § 7491 to the court's opinion in light of defendant's taking the position that it has been 'whipsawed,' Def's Br. filed Apr. 2,. 2007, at 2, in this valuation case and in light of defendant's having produced its own expert valuation witness." Where the taxpayer produces credible evidence on any factual issue relevant to determining liability, the burden of proof shifts to the Secretary, provided that certain requirements are met.[4] IRC § 7491. The provision relates only to a taxpayer's burden vis-à-vis the government in establishing *its own tax liability*, as IRC § 7491 plainly states that the burden shifts from the taxpayer to the "Secretary." Moreover, burden of proof allocation is

---

[4] Hotels.com's net worth exceeded $7 million during the period at issue, therefore IRC § 7491 is unavailable to Hotels.com.

immaterial where a court's conclusions are based on a preponderance of the evidence. *See Martin Ice Cream Co. v. Commissioner*, 110 T.C. 189, 210 n.16 (1998). *Cf. Cook v. United States*, 46 Fed. Cl. 110, 113 n.5 (2000) (burden of proof immaterial in fully developed cases).

Most importantly, IRC § 7491 applies only where the taxpayer can establish it has cooperated with the IRS. Cooperation is not defined in IRC § 7491. *Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122, 127-28 (D. Conn. 2004), *aff'd* 150 F.App'x 40 (2d Cir. 2005) (unpublished opinion); *Palone v. Commissioner*, T.C. Memo 2003-339, 86 T.C.M. (CCH) 698, 708 n.20 (2003). The courts that have interpreted the term cooperation in the context of IRC § 7491, have relied upon that statute's legislative history. *Id*.

The legislative history of IRC § 7491 makes clear that "[a] necessary element of cooperating with the Secretary is that the taxpayer must exhaust his or her administrative remedies *(including any appeal rights provided by the IRS)*." H.R. Rep. No. 105-599, at 240-42 (1998) (Conf. Rep.) (emphasis added). *See also* Staff of J. Comm. on Tax'n, 105th Cong., General Explanation of Tax Legislation Enacted in 1998, at 57-58 (Comm. Print 1998); *Long Term Capital*, 330 F. Supp. 2d at 127-28 ("The statute does not define what it means to cooperate… The legislative history uses inclusive terms setting forth various forms of cooperation within the scope of the statutory requirement… 'A necessary element of cooperating with the Secretary is that the taxpayer must exhaust his or her administrative remedies (including any appeal rights provided by the IRS.'"); *Palone v. Commissioner*, 86 T.C.M. (CCH) at 708 n.20 ("The statute itself does not state what constitutes 'cooperation' . . . We note it appears that petitioner did not exhaust his administrative remedies. This is an alternative reason to hold that the burden of proof does not shift in this case.").

IRS administrative guidance also provides that exhaustion of all administrative remedies, including appeal rights, is required before the burden will shift: "For the shift to apply [under IRC 7491], the taxpayer has the burden of proving the following:… (d) Exhausted all its administrative remedies, including appeal rights..." IRM 4.10.7.6 (1-1-2006). *See also* IRM 4.75.13.4(1) (3-14-2006) and IRM 8.6.1.3.5(6) (12-18-2001). Tax controversy authorities likewise concur that failure to exhaust administrative remedies deprives taxpayers of IRC § 7491 relief: "Cooperation also means that the taxpayer must exhaust all available administrative remedies, such as protesting adjustments for Appeals review." Saltzman, IRS Practice and Procedure, ¶7B.11[2][a] Procedural Matters; "'A necessary element of cooperating with the [IRS] is that the taxpayer must exhaust his or her administrative remedies (including any appeal rights provided by the IRS),' although the taxpayer need not agree to an extension of the statute of limitations." Bittker & Lokken: Federal Taxation of Income, Estates, and Gifts, 115.4.2 Burden of Proof. *See also* Tanya M. Marcum, "How Much Has the Burden of Proof Really Shifted?" Practical Tax Strategies 25, 26 (Jan. 2000) ("The taxpayer must exhaust all administrative remedies. This means that the taxpayer must use all appeal rights provided by the IRS and see the case through the IRS Appeals Division."). There is no doubt that the Litmans and Dieners failed to exhaust their administrative remedies.[5] As a result, IRC § 7491 is inapplicable.

Even if IRC § 7491 did apply in this circumstance, the Court has already determined that Litmans and Dieners failed to prove, with credible evidence, that they are entitled to the relief they seek beyond the Court's determined fair market value. Here, the Court found that Mr.

---

5 It is the Litmans and Dieners' burden to establish that they exhausted their administrative appeals rights. *Salzillo v. United States*, 66 Fed. Cl. 23, 32 n.11 (2005). They chose not to do so.

Mitchell's methodology should carry the most weight, but determined that the inherent weaknesses in his analysis precluded his valuation conclusions from being accepted.[6] In determining whether a taxpayer's evidence is sufficient to shift the burden under IRC § 7491, courts must critically evaluate whether the taxpayer's evidence is credible: credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness). *Higbee v. Commissioner*, 116 T.C. 438, 442 (2001) (citing H.R. Rep. No. 105-599, at 240-42 (1998) (Conf. Rep.)). The Court made a detailed evaluation of the taxpayers' evidence, *i.e.*, Mr. Mitchell's opinion, analysis, and testimony. *See* Op. at pp. 45-59 and 77-82. The Court did not find "credible" the evidence Litmans and Dieners provided as to the discount to apply to the restricted shares because of the significant weaknesses contained in Mr. Mitchell's analysis. Consequently, even if the Litmans and Dieners had fully cooperated, IRC § 7491 still would not apply to shift the burden to the Secretary because the Litmans and Dieners failed to produce credible evidence as to the proper level of discount, notwithstanding the Court's general approval of Mr. Mitchell's valuation methodology.

In opposing Hotels.com's entry into this case, the Litmans and Dieners suggested that the government would be reduced to a stakeholder, would not participate in the litigation, and would effectively deny them IRC § 7491 relief. Litman and Diener Objections to Consolidation, filed Apr. 14, 2006, at 5. Consolidation did not deprive them of IRC § 7491 relief, their own actions in failing to pursue their appeals rights and to present credible evidence did. They were, however, incorrect in predicting that consolidation would cause the government not to participate

---

6 It is unclear whether the Court's finding was based on the preponderance of the evidence. If so, allocation of the burden of proof would be immaterial. *See Martin Ice Cream Co. v. Commissioner*, 110 T.C. 189, 210 n. 16 (1998).

in the litigation. Admittedly the government remains the most neutral party in this litigation, as its interests are protected regardless of the Court's valuation conclusion. But the government actively participated in this case, submitting its own trial expert, rather than relying on the IRS technician who had performed valuations in connection with the exam. The government also conducted pointed cross examination of Mr. Mitchell. In light of the Court's adoption of Mr. Mitchell's general methodology and in the context of cross motions for reconsideration, any significant departure from Mr. Burns' valuation conclusions, as those of the most neutral party, should be made with great hesitation.

**Conclusion**

For the reasons discussed above, Hotels.com respectfully requests that the Court (1) reject the Litmans and Dieners' attempt to rewrite the Court's holding; (2) find that the Litmans and Dieners failed to prove that they have satisfied the requirements necessary to shift the burden of proof under IRC § 7491 to the government; and (3) reaffirm its conclusion that the Litmans and Dieners failed to present credible evidence to support their valuation position in any event.

Dated: October 10, 2007

Respectfully submitted,

s/ Kim Marie K. Boylan
Kim Marie K. Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record

Kari M. Larson
Latham & Watkins, LLP
Of Counsel