**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-956T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | ) | |
| **Plaintiffs-Counterdefendants,** | ) | |
| **V.** | ) | **No. 05-971T** |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | **No. 06-285T** |
| | ) | **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS-COUNTERDEFENDANTS,**
**DAVID S. LITMAN, MALIA A. LITMAN,**
**ROBERT B. DIENER AND MICHELLE S. DIENER'S**
**SUPPLEMENTAL BRIEF REGARDING BURDEN OF PROOF**

Plaintiffs-Counterdefendants, David S. Litman and Malia A. Litman and Robert B. Diener and Michelle S. Diener file this Supplemental Brief Regarding Burden of Proof in accordance with the Court's Order dated October 1, 2007.

**A. The United States Bears the Burden of Proof Under I.R.C. § 7491.**

As a general rule, the burden of proof is on the taxpayer in a tax refund suit on all factual issues. However, I.R.C. § 7491 provides a method for a taxpayer to shift the burden of proof to Defendant. To obtain a shift of the burden of proof under § 7491, a taxpayer must: (1) maintain records sufficient to substantiate its position; (2) cooperate with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; (3) if a partnership, corporation, or trust, the taxpayer must satisfy the net worth requirements in 7430(c)(4)(A)(ii); and (4) introduce credible evidence with respect to the disputed factual issue. I.R.C. § 7491 (a).

There can be no dispute that each of the § 7491 requirements has been satisfied. Plaintiffs maintained the records necessary to substantiate the gain recognized on the receipt of the Restricted Shares as reported in their 2000 income tax returns. Evidence substantiating the position included the stock certificates for the Restricted Shares and the appraisal prepared by Mark Mitchell. With respect to the reasonable cooperation element, the Internal Revenue Service made only one request for information during the audit. Plaintiffs fully complied with this request. Tr. 642-45; LD 3-6. Finally, since Plaintiffs are individuals, there is no net worth requirement to be met. [1]

As required by § 7491, Plaintiffs also introduced credible evidence regarding their valuation position. Plaintiffs are the only parties to this case who have taken a consistent

[1] Defendant may argue that Plaintiffs' decision not to extend the statute of limitations demonstrates a lack of cooperation. *See* Tr. at 686-87. However, a "taxpayer is not required to agree to extend the statute of limitations to be considered to have fully cooperated." H.R. Conf. Rep. 105-599 at 239, 1998 U.S.C.C.A.N. 288. Likewise, Hotels.com has argued that Plaintiffs are not entitled to shift the burden of proof because they did not pursue IRS administrative appeals rights. But the IRS's audit of Plaintiffs' tax returns began on April 4, 2004 (LD 3, 5), and the IRS issued its notice of deficiency only six months later on October 8, 2004. No right to pursue administrative appeals was ever granted by the IRS because there simply was not time given the late date that the IRS began its audit.

valuation position since 2000. *See* Op. at 20. As the Court noted, "Mr. Mitchell's analysis best withstood the attacks of his counterparts and opposing counsel," and therefore his methodology should "carry the most weight." Op. at 77. Thus, Plaintiffs were entitled to have the burden of proof shift to the Defendant with respect to the valuation of the Restricted Shares. I.R.C. § 7491. *See also Okerlund v. United States*, 53 Fed. Cl. 341, 355-57 (2002) (holding that burden of proof shifted to Defendant under § 7491 in case involving the determination of the fair market value of closely held stock), *aff'd*, 365 F.3d 1044 (Fed. Cir. 2004).

**B. Because Defendant Failed to Meet Its Burden of Proof, the Restricted Shares Must Be Valued Consistent With Plaintiffs' Tax Returns.**

Since Plaintiffs satisfied the prerequisites of § 7491, Defendant had the burden to prove that the Restricted Shares had a fair market value other than as determined by Mr. Mitchell and that Plaintiffs should recognize gain on the receipt of the Restricted Shares in an amount other than as set forth in their 2000 income tax returns. Defendant failed to meet its burden. The shortcomings in the lack of marketability analysis submitted by Defendant's expert Francis X. Burns were expressly recognized by the Court, and his lack of marketability discount conclusions were rejected. Op. at 77-81. Because Defendant failed to meet its burden of proof regarding the appropriate lack of marketability discount to apply in valuing the Restricted Shares, Plaintiffs are entitled to a judgment based upon the values as determined in Mr. Mitchell's analysis. The fact that Defendant introduced its own expert does not change this analysis. For example, in *Succession of McCord v. Comm'r*, the court ruled that the trial court had correctly rejected the IRS expert's conclusions of value, and held that because the IRS had not met its burden of proof, the values reported in the taxpayers' returns "must stand." 461 F.3d 614, 628, 632 (5th Cir. 2006). *Kohler v. Comm'r* supports the same result, where the court, having rejected the valuation conclusions of the IRS's expert, held that the IRS had not met its burden of proof and

found "the value of the estate's stock to be the amount the estate reported on its return." 92 T.C.M. (CCH) 48, 56 (2006).

### C. Because Hotels.com Failed to Meet Its Burden of Proof, the Restricted Shares Must Be Valued Consistent With Plaintiffs' Tax Returns.

The notice of deficiency sent by the IRS to Hotels.com was based on the same $4.54 per share weighted average value of the Restricted Shares used by Plaintiffs to value the Restricted Shares in their tax returns. Op. at 34-35. Because Hotels.com is a corporation that does not meet the net worth requirements under § 7430(c), it has no right to shift the burden of proof in its refund case to Defendant. Hotels.com thus had the same burden as Defendant in this case -- to show that the $4.54 per share value used by Plaintiffs to report the value of the Restricted Shares and asserted by the IRS in its notice of deficiency to Hotels.com was incorrect.

Hotels.com did not come close to satisfying its burden of proof. As the Court well knows, Hotels.com's "litigation" positions regarding the value of the Restricted Shares and the date they were issued were significantly at odds with the positions it consistently asserted to the IRS in the six years before this litigation. *See* Plaintiffs' Pretrial Memorandum at 3-18; Op. at 24-25, 32-34. Hotels.com failed to call Eric DeGraw, the individual responsible for coordinating Hotels.com's pre-litigation tax reporting position, to testify at trial and reconcile Hotels.com's reporting position with its new litigation positions. Op. at 24-25. The Court correctly rejected each of the new "alternative" and inconsistent positions asserted by Hotels.com, and correctly rejected the testimony of the expert Hotels.com hired for trial. Op. at 74-80. Because both Defendant and Hotels.com failed to meet their burden to prove that Plaintiffs' valuation of the Restricted Shares was incorrect, the values used by Plaintiffs in their tax returns are controlling. No whipsaw issue exists. Plaintiffs are entitled to a judgment based

upon the values as determined in Mr. Mitchell's analysis, and consistent with the notice of deficiency sent by the IRS to Hotels.com.

**D. Conclusion.**

Because neither Defendant nor Hotels.com met their burden to prove that the values of the Restricted Shares used in Plaintiffs' income tax returns were incorrect, no whipsaw issue exists and Plaintiff's return position should be upheld. Plaintiffs respectfully request the Court to determine that the value of the Restricted Shares was as determined by Mr. Mitchell. Alternatively, Plaintiffs request the Court to adjust its valuation conclusions as requested in Plaintiffs' Motion for Reconsideration and in its Reply. Plaintiffs also request such other and further relief to which they may be entitled.

Respectfully submitted,

Dated: October 10, 2007

By: s/ John W. Porter

John W. Porter
Attorney of Record
BAKER BOTTS L.L.P.
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
(713) 229-1597
(713) 229-2797 (Fax)

Jeffrey A. Lamken
Of Counsel
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7978
(202) 585-4060 (Fax)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER AND MICHELLE S. DIENER