**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | **No. 05-956 T** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiffs.** | ) | |

| | | |
|---|---|---|
| **ROBERT B. DEINER and MICHELLE S. DEINER,** | ) | |
| **Plaintiffs-Counterdefendants** | ) | **No. 05-971 T** |
| **vs.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant-Counterplaintiff.** | ) | |

| | | |
|---|---|---|
| **HOTELS.COM, INC. AND SUBSIDIARIES (f/k/a HOTEL RESERVATIONS NETWORK, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No. 06-285 T** |
| **THE UNITED STATES,** | ) | **(Christine O. C. Miller)** |
| **Defendant** | ) | |

**THE UNITED STATES'**
**STATUS REPORT REGARDING**
**HOTELS.COM'S LIABILITY FOR PENALTIES**

On August 22, 2007, this Court issued its Memorandum and Opinion in these consolidated cases, determining a value for the approximately 10 million shares of restricted HRN, Inc. stock issued to the Litmans and Dieners by Hotels.com's predecessor in 2000. The Court also directed the United States to file a status report advising it whether the United States "seeks penalties against Hotels.com."

## I. HOTELS.COM HAS ALREADY PAID A PENALTY PREVIOUSLY ASSESSED BY THE IRS, AND IS SEEKING ITS REFUND

In the notice of deficiency to Hotels.com, dated February 10, 2006, the IRS determined that Hotels.com was liable for a penalty in the amount of $491,338.00 because of its erroneous reporting of the value for the HRN restricted stock in its 2000 tax return.[1] (*See* Joint Exhibit 28) Hotels.com paid this penalty in March 2006, along with the additional taxes and interest that the IRS determined were due. (*See* Hotels.com's Complaint, ¶ 27) In this case, Hotels.com then sought a refund of the additional taxes, interest and penalty it had paid. (*See* Hotels.com's Complaint, ¶¶ 30 and 31) Hotels.com's liability for penalties, therefore, was put at issue in its Complaint.

The first step in deciding whether Hotels.com is entitled to a refund of the penalty is determining whether it (i) negligently disregarded applicable rules or regulations; (ii) substantially understated its tax, because of its valuation of the HRN restricted stock; or (iii) substantially overstated the value of the HRN restricted stock in its 2000 return. *See* 26 U.S.C. § 6662(b), (c), (d) and (e) (2000). If any of these grounds for penalties is applicable, the Court

---

[1] Three bases for penalty were cited in the notice of deficiency: (1) negligence or disregard of rules or regulations; (2) substantial understatement of income tax; and (3) substantial valuation misstatement. *See* 26 U.S.C. § 6662(b). (*See* Joint Exhibit 28)

would then have to decide whether Hotels.com had reasonable cause for, and acted with good faith with regard to, the resulting underpayment of tax. *See* 26 U.S.C. § 6664(c); and Treas. Reg. § 1.6664-4. If Hotels.com can prove it meets the requirements of the reasonable cause/good faith defense, no penalty is imposed under § 6662.

In its pre-trial memorandum, the United States advised the Court that the application of two of the three possible grounds for penalties – a substantial understatement of tax and a substantial valuation misstatement – would depend on the value for the HRN restricted stock ultimately determined by the Court. (*See* United States Pre-Trial Memorandum, p. 27) Specifically, whether the 10% understatement of tax and 200% substantial valuation misstatement thresholds were met could only be determined *after* the Court determined a value for the stock, and the related appropriate depreciation deduction for 2000 could be calculated. *See* 26 U.S.C. § 6662(d) and (e) (2000).[2] The United States' acknowledgment that a determination of the applicability of penalties would have to await a determination of the value for the HRN stock was not intended to imply, however, that the United States was reserving the right to later file a counterclaim for penalties against Hotels.com. The United States meant only to indicate that the Court's decision regarding penalties would likely have to be addressed sequentially with regard to two of the possible grounds for penalties.[3]

---

[2] Whether penalties are justified based on negligence or a disregard of rules or regulations is not dependant on the value for the HRN restricted stock. *See* 26 U.S.C. § 6662(b)(1).

[3] The United States suggests, therefore, that the statements in the Court's August Memorandum Opinion and Order concerning the United States' reservation or preservation of the right to file a counterclaim, do not reflect the procedural posture regarding the issue of Hotels.com's liability for penalties. (*See* Memorandum and Opinion, pp. 4 and 86) The Court's decision regarding Hotels.com's liability for penalties should be part of a judgment on

## II. THE COURT SHOULD DECIDE WHETHER HOTELS.COM IS LIABLE FOR PENALTIES

The United States is mindful of the Court's statement in its August 22 decision that it "does not consider [penalties] to be warranted." (*See* Memorandum and Opinion, p. 91) Because the issue of penalties is presented by Hotels.com's own Complaint, and a trial has been conducted, however, the United States believes that it is appropriate for the Court to proceed to decide whether Hotels.com is entitled to a refund of the penalties paid. As the Court is aware, the Litmans and Dieners, in their respective complaints, also sought a refund of the penalties they had paid, and the Court decided in its August 2007 Memorandum and Opinion that the Litmans and Dieners were not liable for the penalties. (*See* Memorandum and Opinion, p. 85 - 88) The Court should now similarly decide whether Hotels.com is entitled to a refund of the penalty it paid.[4]

The Court directed the United States only to advise it – in a "status report" – whether it seeks penalties against Hotels.com, and did not request briefing from the United States or

---

Hotels.com's Complaint, not a judgment on a potential counterclaim by the United States. The confusion likely prompted the Court to request that the United States advise it whether the United States intends to seek penalties through a reserved potential counterclaim.

[4] In its August Memorandum and Opinion, the Court references the United States' counterclaim for penalties against the Litmans and Dieners when deciding their liability for penalties. Although the United States did file amended counterclaims against the Litmans and Dieners for additional (unpaid) taxes, interest and penalties, these "protective" counterclaims would have been triggered only if the Court's valuation of the HRN stock exceeded $16 per share. (*See* Count II of the respective amended counterclaims against the Litmans and Dieners, filed August 11, 2006, and The United States' Motion for Leave to File Amended Counterclaims Against the Litmans and Dieners, filed August 3, 2006). The Court's valuation, of course, did not exceed $16 per share. The Court's decision on the merits of the Litmans and Dieners' liability for penalties, therefore, is appropriately considered as a decision on their respective claims, in their own complaints, for refunds of the penalties they paid, and not as a decision on the United States' protective counterclaims for additional penalties.

Hotels.com regarding the merits of the penalty issue. The United States is not, therefore, proceeding at this time with a full post-trial briefing of the penalty issue. It believes it should, however, advise the Court as to what grounds for penalties remain viable based on the Court's valuation for the HRN restricted stock, and the amount of penalty now at issue. The United States is willing, of course, to provide additional briefing if the Court desires it.[5]

## III. BASED ON THE COURT'S VALUATION FOR THE HRN RESTRICTED STOCK, TWO GROUNDS FOR PENALTIES REMAIN

Of the three possible bases for the imposition of penalties under § 6662, two remain applicable in light of the Court's valuation for the HRN restricted stock. A penalty based on a "substantial valuation misstatement" is not applicable. In its 2000 return, Hotels.com reported the HRN restricted stock at a value of $159,998,400. This Court valued the stock at $90,818,180. Hotels.com's reported value, therefore, did not meet the 200% overvaluation threshold required by the statute in force at that time. *See* 26 U.S.C. § 6662(e)(1)(A) (2000).[6]

A penalty for a substantial understatement of income tax is potentially applicable based on the Court's valuation of the HRN restricted stock. *See* 26 U.S.C. § 6662(d). A substantial understatement of income tax exists if the understatement exceeds the greater of 10% of the proper amount of tax that should have been shown on the return or $10,000. *See* 26 U.S.C. § 6662(d)(1) (2000) and Treas. Reg. § 1.6662-4. Here, based on the Court's valuation for the stock, the United States has calculated that Hotels.com understated its income tax by $1,574,293

---

[5] The United States did address the penalty issue in its pretrial memorandum. (*See* United States' Pretrial Memorandum, pp. 7 - 9, 27) Hotels.com did not address the penalty issue in its pretrial memorandum. The parties and the Court also briefly discussed at trial in Dallas the possibility of further proceedings or briefing regarding penalties.

[6] The overvaluation threshold is now only 150%. *See* 26 U.S.C. § 6662(e)(1)(A).

in connection with its valuation for the stock.[7] The United States has also calculated that the proper amount of tax that should have been reported is $12,991,420. Hotels.com, therefore, understated its tax by approximately 12% ($1,574,293 / $12,991,420 = .12), enough for the penalty to be imposed.

A penalty for negligence or the disregard of applicable rules or regulations is also potentially applicable. *See* 26 U.S.C. § 6662(c) and Treas. Reg. § 1.6662-3. As the Court is aware, Hotels.com filed its 2000 tax return, after learning of the Litmans and Diener's different valuation for the stock, with an incomplete ("whited-out") Form 8594 and without obtaining a fair market valuation for the HRN restricted stock. It also did not later amend its return when it obtained, about one month later, a fair market valuation for the stock from Deloitte & Touche, even though it believed at the time that the D&T valuation was the correct amount to report. (*See* United States Pretrial Memorandum, pp. 7 - 9).[8]

## IV PENALTY AMOUNT NOW AT ISSUE

A penalty under § 6662 is equal to 20% of the underpayment of tax. Hotels.com has already paid a penalty of $491,338 based on the IRS's valuation for the HRN restricted stock in

---

[7] This understatement is the difference between the tax that should have been reported and the tax that was reported. The figure used for the reported tax, however, is adjusted, in part, for items that were not actually reported, but for which the taxpayer had substantial authority for its treatment. *See* 26 U.S.C. 6662(d)(2) and Treas. Reg. § 1.6662-4(b).

[8] The parties did not brief, and the Court did not determine, after trial whether the Litmans and Dieners understated their respective taxes by 10% based on the valuation for the stock determined by the Court. That is because the Court determined in its August Memorandum and Opinion that they qualified for the reasonable cause defense to penalties. *See* 26 U.S.C. § 6664(c) and Treas. Reg. § 1.6664-4. This rendered moot any understatement calculations, and other determinations, relevant to whether penalties applied to them in the first place under § 6662.

its notice of deficiency. Based on this Court's valuation for the HRN restricted stock (which was lower than that in the notice of deficiency) the potential penalty for Hotels.com is now reduced to $341,859 (20% of $1,574,293).

**Conclusion**

The United States requests that the Court decide whether Hotels.com is liable for a penalty.

Respectfully submitted,

*s/ Cory A. Johnson*
Cory A. Johnson
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

Eileen J. O'Connor
Assistant Attorney General
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section

*s/ Steven I. Frahm*
Of Counsel

Attorney for The United States

Dated: December 7, 2007