**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,**<br>**Plaintiffs-Counterdefendants,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-956T** |
| **ROBERT B. DIENER and MICHELLE S. DIENER,**<br>**Plaintiffs-Counterdefendants,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant-Counterplaintiff** | ) | **No. 05-971T** |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a**<br>**HOTEL RESERVATIONS NETWORK, INC.)**<br>**Plaintiffs,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant** | ) | **No. 06-285T**<br>**(Judge Christine O.C. Miller)** |

**HOTELS.COM'S BRIEF PURSUANT TO THE COURT'S DECEMBER 17, 2007 ORDER**

Pursuant to this Court's Order, Hotels.com files this brief addressing the penalty issues discussed in the Government's December 7, 2007 Status Report ("Government's Status Report").

## I. INTRODUCTION

### A. IRC § 6662 Accuracy-Related Penalties Are Not Warranted

In the Notices of Deficiency (each, a "Notice") issued to the Litmans and Dieners, the Government asserted approximately $5 million in accuracy-related penalties under IRC § 6662[1] for negligence, gross valuation misstatement and/or substantial understatement of tax. The

[1] All references to the Internal Revenue Code ("IRC") and Treasury Regulations ("Treas. Reg.") are to the sections in effect for the year at issue.

Notice issued to Hotels.com asserted penalties of approximately $490,000 under the same Code provisions. In its Memorandum and Opinion ("Opinion"), the Court held that no penalties applied to the Litmans and Dieners. Because of a lack of clarity as to the Government's position on penalties with respect to Hotels.com, the Court did not rule on the penalty issues, but stated that in the Court's view, accuracy-related penalties were not warranted against Hotels.com. *See* Opinion at 91. The Court ordered the Government to clarify in a status report "if it seeks penalties against Hotels.com." *Id.* Based on the Court's determination of value, the Government conceded that the substantial valuation misstatement penalty under IRC § 6662(b)(3) cannot apply. Government's Status Report at 5. However, the Government refused otherwise to clarify its penalty position and instead simply suggested to the Court that penalties under IRC § 6662(b)(2) (substantial understatement) and IRC § 6662(b)(1) (negligence or disregard of rules or regulations) were "potentially applicable" to Hotels.com. Government's Status Report at 5-6. This is notwithstanding (1) the Government's abandonment of the "whipsaw" protective Notices issued in all three of these consolidated cases and its adoption of a specific, new litigating position; (2) the Court's correct conclusion that penalties against the Litmans and Dieners were inappropriate; and (3) the Court's stated view that the Government's pursuit of penalties against Hotels.com was not warranted. As we explain below, the Court's view that penalties are not warranted is correct. To the extent the Court finds that the Government has sufficiently raised the penalty issues, Hotels.com has satisfied the exceptions to the applicability thereof.

There is, however, a significant question of first impression as to whether the Government has properly prosecuted penalties in this case. In light of its complete abandonment of its Notice position and apparent unwillingness to inform the Court if it seeks penalties against Hotels.com, the Government should be viewed as having waived the assertion of penalties.

### B. Accuracy-Related Penalties Under IRC § 6662

Section 6662 imposes a penalty equal to 20% of the portion of an underpayment attributable to (1) negligence or disregard of rules or regulations (IRC § 6662(b)(1)); (2) a substantial understatement of income tax (IRC § 6662(b)(2)); or (3) a substantial valuation misstatement (IRC § 6662(b)(3)). A substantial understatement exists if the correct tax exceeds the reported tax by the greater of 10% of the tax required to be reported on the return, or $10,000. IRC § 6662(d)(1). Negligence or disregard of rules and regulations exists where an underpayment is attributable to a taxpayer's failure to make a reasonable attempt to comply with the law, or where the underpayment is attributable to the taxpayer's carelessness, recklessness, or intentional disregard of applicable rules and regulations. IRC § 6662(b), (c).

A complete defense to accuracy-related penalties under IRC § 6662 is established "with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." IRC § 6664(c)(1); Treas. Reg. § 1.6664-4(a); Opinion at 86-87.

## II. IF PENALTIES ARE PROPERLY AT ISSUE, NO SUBSTANTIAL UNDERSTATEMENT PENALTY IS WARRANTED

Although Hotels.com acknowledges that its 2000 federal tax liability was understated by slightly over 10% under the Court's value determination, no substantial understatement penalty is warranted. Hotels.com acted in good faith and had reasonable cause in the preparation of its 2000 federal income tax return, which is a complete defense to penalties under IRC § 6662.

First, the evidence at trial established that Hotels.com believed the value reported on its tax return was negotiated and agreed to by the parties, and its actions were consistent with this belief. The fact that the Court ultimately concluded that an agreement to value the stock at $160

million "was never reached *and/or* reduced to writing,"[2] does not negate Hotels.com's good faith belief. Moreover, the Litmans' and Dieners' failure to inform Hotels.com until the 11th hour that they had surprisingly taken a contrary position also supports a finding of reasonable cause and good faith. For the Government to assert otherwise is specious, especially in light of its own expert's trial testimony that the parties had negotiated and agreed to a fair value between $11 and $16 per share *with full knowledge of all of the restrictions*. Tr. at 1689, 1695.[3] Because Hotels.com's reported value was within the range Mr. Burns' opined was the negotiated value of the stock, including the restrictions, Hotels.com's reasonable cause and good faith belief is plainly supportable.

The Litmans' and Dieners' contemporaneous actions further support a finding that Hotels.com satisfied the reasonable cause exception. While the parties were negotiating the ARAPA, the Litmans and Dieners were obtaining, unbeknownst to Hotels.com or IAC, appraisals of the stock they were to receive. As established at trial, Hotels.com and IAC were unaware of Litmans' and Dieners' appraisals and the conflicting position they had already claimed on the TMF Trust's tax return until Hotels.com's return was due to be filed. L/DX 37; JX 22; Tr. 496; Opinion at 24. Not only could the Litmans' and Dieners' silence reasonably indicate their concern about whether the agreement controlled the value, but their failure to inform Hotels.com and IAC that they acquired an appraisal and that they had already taken a conflicting position on an earlier-filed tax return further supports a conclusion that Hotels.com

---

2 Opinion at 40 (emphasis added).

3 Mr. Burns testified that the parties "agreed to a price of anywhere between 11 and $16, so in my view, that's an indication that they believed, even with all the restrictions piled on top of the stock, that a price between 11 and $16 was fair" (Tr. at 1689) and "did agree that [the stock value] could be no less than $11 and no more than 16, so in my mind, that frames what they believed to be a fair market value for those shares with all the restrictions contained therein" (Tr. at 1695).

had reasonable cause, and acted in good faith, in taking the reporting position that it did on its 2000 return.

Moreover, the Government can claim no surprise as to the position taken by Hotels.com on its 2000 return. The amortization schedules, which were part of the return, described the asset (goodwill), the date placed in service, the claimed basis, accumulated amortization, applicable Code section, claimed useful life, and current year amortization:

| General Depreciation and Amortization | | | | | | |
|---|---|---|---|---|---|---|
| Asset description | Date placed in service | Cost or basis | Accumulated amortization | Code | Life | Current-year amortization |
| Goodwill | 05/10/1999 | 199,617,544 | 11,089,864 | 197 | 15.000 | 11,089,863 |
| Goodwill | 02/15/2000 | 159,998,400 | | 197 | 15.000 | 9,543,434 |
| Goodwill | 8/15/2000 | 45,984,313 | | 197 | 15.000 | 2,448,869 |

JEX 16 at HC002075. Hotels.com's inclusion of the 2000 Form 8594 itself also served to alert the IRS to the fact that there was an increase or decrease in consideration to a transaction that was previously disclosed.[4] Hotels.com's disclosure of this information is consistent with the purpose behind IRC § 6662(d)(2)(B). Disclosure serves to alert the IRS to the presence of an issue potentially warranting further development during an exam, which, of course, is exactly what occurred.

Finally, as discussed in more detail below, the Government abandoned the "whipsaw" positions taken in the Notices, dismissing them as "assumed" amounts used to "protect the United States' interests." Government's Pretrial Brief at 18. Instead, the Government adopted a specific litigating position – $12.75 per share as determined by its expert. Government's Pretrial

4 The TMF Trust did not file a Form 8594 with its 2000 tax return. JX 19.

Brief at 14; DX 39; DX 40. Had the Notice issued to Hotels.com reflected the stock value actually adopted by the Government ($12.75 per share), no substantial understatement penalty could have been asserted in the Notice because it could not have applied mathematically.[5] For this additional reason, the substantial understatement penalty is not warranted.

## III. IF PENALTIES ARE PROPERLY AT ISSUE, NO NEGLIGENCE PENALTY IS WARRANTED

There are no grounds for imposing a negligence penalty against Hotels.com. The assertion of penalties under IRC § 6662(b)(1) against Hotels.com for "negligence or disregard of rules or regulations" must be in connection with an "underpayment" that is "attributable" – *i.e.*, directly related to – such negligence or disregard of rules or regulations. IRC § 6662(b). That is not the case here and the Government has not contended otherwise. In its Pretrial Brief at page 27, the Government suggests that penalties under IRC § 6662(b)(1) "may be appropriate," but never alleges any factual basis under which Hotels.com's underpayment would be attributable to negligence or disregard of rules or regulations. Rather, the Government only obliquely suggests that Hotels.com's failure to file a complete Form 8594 could make a negligence or disregard of the rules penalty "potentially applicable." Government's Status Report at 6. This suggestion ignores the Government's own instructions to Form 8594, which specifically provide that "If you do not file a correct Form 8594 by the due date of your return and you cannot show reasonable cause, you may be subject to penalties. *See sections 6721 through 6724*." Instructions for Form 8594 at 1 (emphasis added). While Hotels.com believes that the Form that was filed with the 2000 return was, based on the facts and circumstances of this case, correct when it was filed, even if it were not, the filing of an incorrect Form 8594 cannot serve as the basis for imposition

---

5 The penalty would have still been mathematically applicable to the Litmans and Dieners had Defendant's litigating position been used in those Notices.

of a negligence or disregard of rules penalty under IRC § 6662. Sections 6721 through 6724 all relate to failure to file penalties, which the Government, even in its abandoned Notices has never asserted.[6] In other words, by referencing only these sections, the Form 8594 instructions establish that the Government itself does not consider the failure to file a correct Form 8594 an action that is attributable to an underpayment. Thus, no penalty under IRC § 6662(b)(1) is warranted here.

Even assuming, arguendo, that the Government's penalty position regarding a negligence or disregard of rules or regulations penalty under IRC § 6662(b)(1) for actions not related to an underpayment could be sustained,[7] Hotels.com nonetheless meets the reasonable cause and good faith exception of IRC § 6664 and Treas. Reg. § 1.6664-4(a).[8] The direction to file the Form 8594 as modified came either from Hotels.com's tax advisors, Ernst & Young, or from Mr. Diener's tax advisors at KPMG. Therefore, as discussed below, Hotels.com acted with reasonable cause and in good faith.

Although the Court did not conclusively establish who was responsible for Hotels.com's filing of an incomplete Form 8594, the Court referenced witness testimony that the determination was made by either Hotels.com's tax advisors at Ernst & Young, or by Mr. Diener. Opinion at 23. To the extent the decision was made by Ernst & Young, who prepared Hotels.com's 2000

---

6 Section 6721 provides for a penalty for failing to file an information return or for failing to include all of the information required to be shown on the return or the inclusion of incorrect information. IRC § 6721(a)(2). Form 8594 is an "information return" for purposes of IRC § 6721. IRC § 6724(d)(1)(B)(xiii). The maximum penalty under IRC § 6721 is $50 for each return with respect to which a failure occurs. IRC § 6721(a)(1). Again, there is a good faith exception to even this maximum $50 penalty, which for the reasons discussed above, would apply equally here even if the Government had asserted this penalty.

7 Again, the statute requires that an underpayment be "attributable" to the negligence or disregard in order for the penalty to apply.

8 See also discussion of reasonable cause and good faith at pages 3-5, above.

federal tax return, Hotels.com had reasonable basis and good faith for following the advice of its tax advisors. *See* Opinion at 89 ("The Litmans and the Dieners followed the advice of their tax advisors at KPMG to the extent that the court comfortably can find that they did not disregard the rules and regulations of the IRS."). To the extent the decision was made by Mr. Diener, his direction was upon the advice of Mr. Diener's tax advisors at KPMG, which also establishes Hotels.com's reasonable basis and good faith for the filing of its Form 8594. *Id.* *See also* Opinion at 24, quoting JX 22 ("We are therefore filing the HRN return since it must be filed today with "To be determined" on the Form 8594 per the advise *[sic]* of KPMG."). In any event, as discussed above, the failure to file a correct Form 8594, even if true, simply cannot be the basis for an accuracy-related penalty.

Finally, as the Court notes, valuation is, at best, an inexact science. Opinion at 44-45. *See also* Andrews v. Comm'r, 135 F.2d 314, 317 (2d Cir. 1943) (quoting Comm'r v. Marshall, 125 F.2d 943, 946 (2d Cir. 1942) ("[T]he word 'value' almost always 'involves a conjecture, a guess, a prediction, a prophecy….'")). This, coupled with the novel issues that existed with respect to the proper valuation date[9] and the first impression issues associated with valuing restricted stock on the eve of an IPO, further support a conclusion that penalties are simply inappropriate here. *See, e.g.*, Williams v. Comm'r, 123 T.C. 144 (2004) (finding reasonable cause where no clear authority existed as to complex issues); Van Wyk v. Comm'r, 113 T.C. 440 (1999) (finding reasonable cause where complex tax rules were at issue); Booth v. Comm'r, 108 T.C. 524 (1997) (finding reasonable cause where novel question existed).

---

[9] As the evidence at trial established, a date other than the valuation date found by the Court, February 24, 2000, was used repeatedly. Opinion at 32-33.

## IV. THE GOVERNMENT SHOULD NOT BE PERMITTED TO BOOTSTRAP PENALTIES BASED ON ITS ABANDONED WHIPSAW NOTICE POSITIONS

As the Court notes, Opinion at 35, the law is clear that the Government is entitled to take "whipsaw" positions in notices of deficiency in certain instances. The Government did this, and, in connection with those whipsaw positions, asserted penalties against all of the plaintiffs in these consolidated cases. The Government then abandoned those positions and adopted a litigating position that would not support any of the penalties originally asserted against Hotels.com.[10]

Moreover, research disclosed no "whipsaw" case where the government issued whipsaw notices of deficiency in which it asserted penalties and then abandoned its whipsaw positions, adopted a litigating position under which the originally-asserted penalties either could not mathematically apply (substantial understatement) or could not apply under the statute (negligence)[11] and refused to clarify its penalty position despite being ordered to do so by the Court. *Cf.* Wentz v. Comm'r, 105 T.C. 1 (1995) (finding that the substantial understatement penalty could not apply where not asserted in the pleadings).[12]

Although the taxpayer generally bears the ultimate burden of proof as to whether properly asserted penalties should apply, in light of the Government's decision to abandon the whipsaw Notices and its refusal to clarify "if it seeks penalties against Hotels.com," Hotels.com

---

10 As discussed above, the Notice asserted negligence, substantial understatement and substantial valuation misstatement penalties against Hotels.com. The Government conceded the substantial valuation misstatement penalty. Also as discussed above, the Government has never put forth a factual basis that would support assertion of a negligence penalty and its new position would not mathematically support a substantial understatement penalty assertion.

11 Even under the whipsaw Notice, Hotels.com believes that any negligence penalty would be inapplicable for the reasons discussed at pages 6-8, above.

12 Research has disclosed no case where a court imposed IRC § 6662 penalties when they had not been asserted by the government.

respectfully suggests that the Court should find that penalties were not properly raised in this instance and, for this further reason, Hotels.com is entitled to a full refund of the penalties it paid as a jurisdictional prerequisite.[13]

## V. CONCLUSION

For the reasons discussed above, Hotels.com respectfully requests that the Court find, as it did with the Litmans and Dieners, that no penalties are appropriate with respect to Hotels.com.

Dated: January 10, 2008

Respectfully submitted,

s/ Kim Marie K. Boylan
Kim Marie K. Boylan
Latham & Watkins, LLP
555 11th Street, NW
Washington, DC 20004
(202) 637-2235
Attorney of Record

Kari M. Larson
Latham & Watkins, LLP
Of Counsel

---

[13] Because the Government's whipsaw Notice asserted penalties, Hotels.com had no choice but to pay those amounts if it sought to litigate its case. Shore v. United States, 9 F.3d 1524, 1528 (Fed. Cir. 1993) (full payment of all penalties jurisdictionally required where penalty is not merely an uncontested additional amount dependent on the amount of the tax liability in question). *See also* Kafka and Cavanagh, Litigation of Federal Tax Controversies, ¶ 15.03[5] (2d Edition 1997, as updated through December 2007). The Government also should not be permitted to bootstrap a jurisdictional prerequisite into a finding that, after it abandoned its Notice position, it continued to pursue penalties. Such a result would be especially appropriate given the Government's refusal to clarify if it seeks penalties. A statement made 7 months after the end of trial, that certain penalties are "potentially applicable" (Government's Status Report at 5-6) is insufficient.