**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **DAVID S. LITMAN and MALIA A. LITMAN,** | |
| **Plaintiffs-Counterdefendants,** | |
| **v.** | **No. 05-956T** |
| **THE UNITED STATES,** | |
| **Defendant-Counterplaintiff.** | |
| **ROBERT B. DIENER and MICHELLE S. DIENER,** | |
| **Plaintiffs-Counterdefendants,** | |
| **v.** | **No. 05-971T** |
| **THE UNITED STATES,** | |
| **Defendant-Counterplaintiff.** | |
| **HOTELS.COM, INC. and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | **No. 06-285T (Judge Christine O.C. Miller)** |
| **Plaintiffs,** | |
| **v.** | |
| **THE UNITED STATES,** | |
| **Defendant.** | |

**PLAINTIFFS' RESPONSE TO HOTELS.COM'S**
**POST-TRIAL BRIEF REGARDING PENALTIES**

Pursuant to the Court's order of December 17, 2007, Plaintiffs-Counterdefendants, David S. Litman, Malia A. Litman, Robert B. Diener, and Michelle S. Diener ("Plaintiffs" or the "the Litmans and the Dieners"), file this Response to Hotels.com's Post-Trial Brief Regarding Penalties.

**1. Summary.**

The Litmans and the Dieners take no position with respect to the United States' assertion of penalties against Hotels.com. However, the Litmans and the Dieners disagree with Hotels.com's claim that "the evidence at trial established that Hotels.com believed that the value reported on its tax return was negotiated and agreed to by the parties, and its actions were consistent with this belief." Hotels.com Brief at p. 3. Hotels.com's claim is simply not true. No such agreement existed, and HRN's 2000 tax return was not filed based upon a belief that an agreement existed to report the Restricted Shares at $16 per share. The actions of HRN and USA Networks in obtaining and relying on the Deloitte & Touche ("Deloitte") appraisal of the Restricted Shares for tax reporting purposes demonstrate that neither HRN nor USA Networks ever believed such an agreement existed.

**2. The Conduct of HRN and USA Networks Demonstrate That No Agreement to Value the Restricted Shares at $16 Per Share Existed.**

On September 19, 2001, Ernst & Young forwarded to Viren Gandhi at HRN (now Hotels.com) a draft federal income tax return for HRN for the short year ended December 31, 2000. Ernst & Young stated that

> In accordance with our discussion, Form 8594, Asset Acquisitions Statement, as attached to Form 1120, was prepared ***on the assumption that the seller, HRN Marketing Corporation, agrees to the allocation as reflected on the Form***. Please let us know immediately if the Seller expectation is contrary to ours.

L/D Exh. 37 (emphasis added). Ernst & Young sent copies of the letter and draft return to Mel Robinson (HRN's Chief Financial Officer), Eric DeGraw (USA Networks' Tax Director), and Robert Diener. After reviewing the Ernst & Young draft return, Mr. Diener promptly notified both Viren Gandhi and Mel Robinson that neither he nor David Litman agreed with the value of

the Restricted Shares reflected on Ernst & Young's draft tax return. Tr. 496. Mr. Diener stated as follows:

> This is to confirm that TMF is not in agreement with the amounts on the 8594 of the HRN tax return for 2000. TMF has received a valuation and has filed a return that has a significant valuation discount on stocks issued to TMF based on significant restrictions and limitations contractually and otherwise on the stock. We are therefore filing the HRN return since it must be filed today with 'to be determined' on the Form 8594 per the advice of KPMG.
>
> Ernst & Young never contacted us to determine the amount used by TMF for the stock . . .

Joint Exh. 22. Although HRN's 2000 federal tax return was filed using the $16 per share value, not one witness testified that HRN's use of that value was based upon the agreement Hotels.com now claims to exist. In fact, Mr. DeGraw testified that the $16 per share value used in the return was erroneously based on the GAAP book value for the stock. DeGraw Dep. at 50:8-51:9.

After receiving Mr. Diener's email, Mel Robinson promptly met with HRN's Audit Committee (comprised of outside directors of HRN) to discuss the need for HRN to obtain its own appraisal of the Restricted Shares for tax reporting purposes. L/D Exh. 64-65, Tr. 504-510. He also discussed the issue with Eric DeGraw and Bill Severance (USA Networks' Controller). Tr. 501-503, 518.

At the parent company level, Mr. DeGraw discussed HRN's need to obtain an appraisal of the Restricted Shares for tax reporting purposes with Dara Khosrowshahi. DeGraw Dep. at 107:7-107:13. Although Mr. Khosrowshahi was the ***only*** witness to claim that an agreement to report the Restricted Shares at $16 per share existed, Hotels.com introduced no evidence to show that Mr. Khosrowshahi ***ever*** told Mr. DeGraw an appraisal of the Restricted Shares was not required. *See also*, DeGraw Dep. at 106:18-108:5.

These discussions resulted in HRN commissioning its own appraisal of the Restricted Shares from Deloitte for tax reporting purposes, an effort spearheaded by Mr. DeGraw. Tr. 509-511; L/D Exhs. 64-65. The valuation discounts determined for HRN by Deloitte ranged from 40% for the four-year restricted stock to 25% for the one-year restricted stock. HRN applied these discounts to the $16 per share IPO price, which produced values for the Restricted Shares ranging from $9.60 per share for the four-year restricted stock to $12 per share for the one-year restricted stock (a weighted average value of $10.18 per share). HRN filed its federal income tax returns for 2001, 2002, 2003, and 2004 using the Deloitte analysis, and Mr. DeGraw strenuously argued at audit that the Restricted Shares should be valued by applying the Deloitte analysis to the $16 per share IPO price. Neither Mr. DeGraw nor Mr. Robinson could explain why the amendment to HRN's 2000 federal income tax return using the Deloitte analysis was not filed.

Based on a claim that it first asserted mid-way through this litigation that an agreement existed which required both the Plaintiffs and Hotels.com to report the value of the Restricted Shares at $16 per share, Hotels.com now takes the position that the value of the Restricted Shares should be $16 per share. But the fact that Hotels.com obtained an appraisal of the Restricted Shares from Deloitte and used the weighted average of $10.18 per share value during the audit and in its federal income tax returns for 2001-2004 (and not the $16 per share value, which would have minimized its taxes and thus been more beneficial to it) demonstrates that no such agreement existed. Importantly, Mr. DeGraw discussed the need to obtain the Deloitte appraisal to report value of the Restricted Shares for tax purposes with Dara Khosrowshahi. If Mr. Khosrowshahi truly believed -- as Hotels.com now asserts -- that he had reached an agreement with Plaintiffs to report the Restricted Shares at $16 per share, there would

have been no need to obtain a fair market value appraisal from Deloitte. The simple fact is no such agreement existed -- the argument was first conceived by Hotels.com after this lawsuit was filed.

Respectfully submitted,

BAKER BOTTS L.L.P.

Dated: January 17, 2008

By: s/ John W. Porter

John W. Porter
Attorney of Record
3000 One Shell Plaza
910 Louisiana
Houston, Texas 77002
(713) 229-1597
(713) 229-1522 (FAX)

COUNSEL FOR PLAINTIFFS-COUNTERDEFENDANTS, DAVID S. LITMAN, MALIA A. LITMAN, ROBERT B. DIENER AND MICHELLE S. DIENER