# In the United States Court of Federal Claims

Nos. 05-956T, -971T & 06-285T
(Filed March 20, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | |
| **DAVID S. and MALIA A. LITMAN,** | Tax; tax refund; valuation of restricted stock options; judicial estoppel; judicial admission; liability for penalties. |
| Plaintiffs-Counterdefendants, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |
| _____ | |
| **ROBERT B. and MICHELLE S. DIENER,** | |
| Plaintiffs-Counterdefendants, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |
| _____ | |
| **HOTELS.COM, INC., and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),** | |
| Plaintiffs, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |
| * * * * * * * * * * * * * * * * * * * * * * | |

    John W. Porter, Houston, TX, for plaintiffs-counterdefendants Litmans and Dieners. Stephanie Loomis-Price and J. Graham Kenney, Baker Botts, LLP, of counsel.

    Kim Marie K. Boylan, Washington, DC, for plaintiffs Hotels.com. Kari M. Larson and Jennifer S. Crone, Latham & Watkins, LLP, of counsel.

    Cory A. Johnson, Washington, DC, with whom was Assistant Attorney General Nathan J. Hochman, for defendant. Steven I. Frahm, Tax Division, of counsel.

## ERRATA

**MILLER**, Judge.

    The attached six pages (2, 4, 85, 86, 90-91) are substituted for the originals in the opinion issued on August 22, 2007, see Litman v. United States, 78 Fed. Cl. 90 (2007). Page 2 corrects the misspelled name of one attorney. The order entered this date on the claim of plaintiff Hotels.com, Inc., for refund of penalties noted errors in the nomenclature of the parties' claims and counterclaims. These errors are corrected on the substituted pages 4, 85, 86, and 90-91.

                                    s/ Christine O.C. Miller
                                      _____
                                    **Christine Odell Cook Miller**
                                      Judge

     John W. Porter, Houston, TX, for plaintiffs-counterdefendants Litmans and Dieners. Stephanie Loomis-Price and J. Graham Kenney, Baker Botts, LLP, of counsel.

     Kim Marie K. Boylan, Washington, DC, for plaintiffs Hotels.com. Kari M. Larson and Jennifer S. Crone, Latham & Watkins, LLP, of counsel.

     Cory A. Johnson, Washington, DC, with whom was Acting Assistant Attorney General Richard T. Morrison, for defendant. Steven I. Frahm, Tax Division, of counsel.

## MEMORANDUM AND OPINION

**MILLER**, Judge.

     This case, before the court after trial, arises from the failure of individual and corporate taxpayers to report one consistent value for almost 10 million shares of restricted stock issued in February 2000 to plaintiffs-counterdefendants David S. Litman and Malia A. Litman (collectively, the "Litmans") and Robert B. Diener and Michelle S. Diener (collectively, the "Dieners"). 1/ Messrs. Litman and Diener are the founders of Hotels.com,

---

     1/ Although the court has considered the testimony of every witness, discussion of each is not necessary in order to render a comprehensive decision. The Litmans and the Dieners presented one expert witness, Mark L. Mitchell, CFA, ASA, Director of Valuation Services for Clothier & Head, P.S., an accounting firm. Mr. Mitchell holds an M.B.A. from Southern Methodist University in Dallas, TX, and was qualified to give an opinion regarding the fair market value of the subject Hotel Reservations Network, Inc. ("HRN") restricted stock. The following fact witness testified for the Litmans and the Dieners: (1) David S. Litman, CEO and a founder of the two predecessor companies of Hotels.com, Inc. & Subsidiaries (f/k/a Hotel Reservations Network, Inc.) ("Hotels.com"); (2) Robert B. Diener, President and a founder of Hotels.com's two predecessor companies; (3) John R. Bozalis, Jr., a Vice President at Donaldson Lufkin Jenerette, S.C. ("DLJ"), from 1997 to spring 2000, who focused on initial public offerings ("IPOs") and merger and acquisition advisory work; (4) Malia A. Litman, Esq., the wife of Mr. Litman; (5) Susan F. Weiss, an agent for the Internal Revenue Service (the "IRS"), who was assigned to audit the Litmans, the Dieners, and Hotels.com; (6) Brian Lidji, Esq., who represented Messrs. Litman and Diener in the sale of Hotel Reservations Network and the negotiations that resulted in the Amended and Restated Asset Purchase Agreement (the "ARAPA"); he also occasionally represented HRN; (7) Melville W. Robinson, Chief Financial Officer at HRN beginning in September 2000; and (8) Michelle S. Diener, the wife of Mr. Diener, who performed accounting services for

In 1999 TMF and HRN Marketing sold substantially all of their assets to HRN, Inc. ("HRN"), "a newly-created, wholly-owned subsidiary of USA Networks, Inc." ("USA Networks"). Hotels.com's Br. filed Feb. 26, 2007, at 6 (footnote omitted). In 2002 USA Networks changed its name to USA Interactive. In June 2003 USA Interactive again changed its name to InterActiveCorp. HRN changed its name to Hotels.com, Inc. & Subsidiaries ("Hotels.com") in 2002.

As founders of the predecessor companies, when HRN completed its initial public offering (the "IPO"), Messrs. Litman and Diener received 9,999,900 restricted shares of HRN stock through TMF Liquidating Trust, an entity that the Litmans and the Dieners created to liquidate their former companies. On their 2000 personal income tax returns, the Litmans and the Dieners reported that the 9,999,900 restricted shares of HRN stock had an average weighted value of $4.54 per share. In contrast, on its 2000 tax return HRN reported that the approximately 10 million shares of restricted stock had a value of $16.00 per share. This figure was HRN's predicate for taking a goodwill amortization deduction. Defendant complains that the Litmans, the Dieners, and Hotels.com have "whipsawed the IRS," creating "a tax gap of approximately $115 million." Def.'s Br. filed Apr. 2, 2007, at 2. Defendant is seeking over $5.7 million in penalties from the Litmans and the Dieners. Defendant filed a protective counterclaim against the Litmans and the Dieners in the event that the valuation of the stock was greater than $16.00 per share. Hotels.com seeks a refund of taxes, penalties, and interest based on the $16.00 valuation.

## BACKGROUND AND FACTS

Friends since Cornell Law School, Messrs. Litman and Diener have been business partners since the early 1980s. In the early 1990s the men saw an opportunity to enter the hotel market. In 1991 Messrs. Litman and Diener founded TMF, a Texas corporation, and HRN Marketing, a Florida corporation, and began doing business as Hotel Reservations Network. These men were impressive in their dedication and vision, although they, like USA Networks, Hotels.com's predecessor entity, entered legal agreements that did not achieve their anticipated objectives relating to the tax consequences of their transactions.

Originally, Hotel Reservations Network's business model was simple: it took telephone calls from customers and found ways of getting them discounts on hotel rooms. As Mr. Diener, President of Hotel Reservations Network, explained: "For example, maybe there would be a AAA discount rate, or someone was retiring, you could get them a[n] AARP rate. And so we booked hotels . . . for a commission from the hotels." Transcript of Proceedings, Litman v. United States, Nos. 05-956T, -971T, & 06-285T, at 311 (Fed. Cl. Apr. 30-May 9, 2007) ("Tr."). Eventually, this model proved unworkable because Hotel Reservations Network collected only about 60% of its commissions. As a result, Messrs. Litman and Diener decided to change their business model to what eventually came to be

4

VIII. <u>Liability for penalties</u>

      The IRS assessed an accuracy-related penalty against the Litmans and the Dieners, I.R.C. § 6662(a), <u>20</u>/ interest on the underpayment, <u>id.</u> § 6601(a) <u>21</u>/, and interest on the penalty, § 6601(e)(2)(B). <u>22</u>/ Am. Counterclaim (Litmans), No. 05-956T, filed Aug. 11,

---

<u>20</u>/ Section 6662(a) and (b) provide, in full:

      (a) Imposition of penalty. – If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.

      (b) Portion of underpayment to which section applies. – This section shall apply to the portion of any underpayment which is attributable to 1 or more of the following:

      (1) Negligence or disregard of rules or regulations.
      (2) Any substantial understatement of income tax.
      (3) Any substantial valuation misstatement under chapter 1.
      (4) Any substantial overstatement of pension liabilities.
      (5) Any substantial estate or gift tax valuation understatement.

      This section shall not apply to any portion of an underpayment on which a penalty is imposed under section 6663. Except as provided in paragraph (1) or (2)(B) of section 6662A(e), this section shall not apply to the portion of any underpayment which is attributable to a reportable transaction understatement on which a penalty is imposed under section 6662A.

<u>21</u>/ Section 6601(a) provides, in full:

      (a) General rule. – If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid.

<u>22</u>/ Section 6601(e)(2)(B) provides, in full:

      Interest on certain additions to tax. – Interest shall be imposed under this section with respect to any addition to tax imposed by section 6651(a)(1) or 6653 or under part II of subchapter A of chapter 68 for the period which–

85

2006, ¶¶ 9, 17, 18-19; Am. Counterclaim (Dieners), No. 05-971T, filed Aug. 11, 2006, ¶¶ 9, 17, 18-19. Preserving its right to seek penalties against Hotels.com, defendant in its pretrial filings stated that "[w]hether Hotels.com substantially understated its tax or substantially overstated the value of HRN stock, and is subject to penalties for those reasons, is dependent on the value for the stock ultimately determined in this case." Def.'s Br. filed Apr. 2, 2007, at 27 (citing I.R.C. § 6662(d), (e)), see also Answer (Hotels.com), No. 06-285T, filed Apr. 26, 2006, ¶ 21.

"[The Commissioner of Internal Revenue's] ruling has the support of a presumption of correctness . . . ." Welch v. Helvering, 290 U.S. 111, 115 (1933) (citing Wickwire v. Reinecke, 275 U.S. 101 (1927)); see also Montgomery Coca-Cola Bottling Co., Inc. v. United States, 615 F.2d 1318, 1322-23 (Ct. Cl. 1980) ("[O]nce the Commissioner of Internal Revenue makes an assessment against a taxpayer, a presumption of correctness attaches to that determination."); Conway v. United States, 326 F.3d 1268, 1278 (Fed. Cir. 2003) ("'The ruling of the Commissioner of Internal Revenue enjoys a presumption of correctness and a taxpayer bears the burden of proving it to be wrong.' Transamerica Corp. v. United States, 902 F.2d 1540, 1543 (Fed. Cir. 1990)"); Pahl v. Comm'r, 150 F.3d 1124, 1131 (9th Cir. 1998) ("Commissioner's determination of a penalty is presumed correct."). "[T]he IRS generally satisfies its burden to establish a prima facie case by offering into evidence a certified copy of the tax assessment." Q.E.D., Inc. v. United States, 55 Fed. Cl. 140, 143 (2003) (citing Cook v. United States, 46 Fed. Cl. 110, 119 (2000)). "The burden of proof then shifts to the taxpayer to show that it is not liable for the assessed tax and/or penalties plus interest." Q.E.D., 55 Fed. Cl. at 143; see also Welch, 290 U.S. at 115 ("[P]etitioner has burden of proving [the ruling] to be wrong."); Bolding v. United States, 215 Ct. Cl. 148, 163-64 (1977); Conway, 326 F.3d at 1278; Pahl, 150 F.3d at 1131 ("[Plaintiff] '[ha]s the burden of proving that [his] underpayment was not the result of negligence or disregard.'" (quoting Allen v. Comm'r, 925 F.2d 348, 353 (9th Cir. 1991))).

Pursuant to Section 6664(c)(1), "[n]o penalty shall be imposed under section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." I.R.C. § 6664(c)(1). Treasury Regulation § 1.6664-4(b) (2006), provides, in pertinent part:

---

22/ (Cont'd from page 85.)

    (I) begins on the date on which the return of the tax with respect to which such addition to tax is imposed is required to be filed (including any extensions), and
    (ii) ends on the date of payment of such addition to tax.

defendant agree that the proper taxation of this transfer of stock is governed by I.R.C. § 83, which requires valuation be made without regard to restrictions. 25/ Mr. Pells and TMF Liquidating Trust reported the value of his shares at $16.00 per share, despite the transfer restrictions. As the court has determined that the fair market value of the stock, without restrictions, is $16.00 per share as of February 24, 2000, the court finds that the deduction taken by TMF Liquidating Trust was accurate. Mr. Pells, who is not a party to this lawsuit, was obligated to report the pass-through amount.

## CONCLUSION

1. Accordingly, based on the foregoing, the court finds and concludes that the value of the restricted stock transferred to TMF Liquidating Trust was $90,818,180 and the value of the restricted stock transferred to Mr. Pells was $3,919,920.

2. By September 21, 2007, the parties shall file a form of judgment that sets forth the amount of judgment for the Litmans and the Dieners on their claim for refund, adjusted for interest due, and the amount of judgment on Hotels.com's claim for refund.

---

25/ Section 83 provides, in pertinent part:

> If, in connection with the performance of services, property is transferred to any person other than the person for whom such services are performed, the excess of –
>
> (1) the fair market value of such property (determined without regard to any restriction other than a restriction which by its terms will never lapse) at the first time the rights of the person having the beneficial interest in such property are transferable or are not subject to a substantial risk of forfeiture, whichever occurs earlier, over
>
> (2) the amount (if any) paid for such property,
>
> shall be included in the gross income of the person who performed such services in the first taxable year in which the rights of the person having the beneficial interest in such property are transferable or are not subject to a substantial risk of forfeiture, whichever is applicable. The preceding sentence shall not apply if such person sells or otherwise disposes of such property in an arm's length transaction before his rights in such property become transferable or not subject to a substantial risk of forfeiture.

3.  Judgment shall enter for the Litmans and the Dieners on defendant's amended counterclaim for penalties.  Judgment shall enter for defendant on defendant's amended counterclaim for any interest due from the Litmans and the Dieners.

4.  Defendant shall advise in a separate Status Report to be filed by September 14, 2007, if it seeks to enforce penalties against Hotels.com, a course of action that the court does not consider to be warranted.

**IT IS SO ORDERED**.

No costs will be awarded upon entry of judgment.

s/ Christine O.C. Miller
_____
**Christine Odell Cook Miller**
Judge