# In the United States Court of Federal Claims

Nos. 05-956T, -971T & 06-285T
(Filed March 20, 2008)

```
* * * * * * * * * * * * * * * * * * * * *    *
DAVID S. and MALIA A. LITMAN,                *
                                             *   Tax; imposition of penalties for
            Plaintiffs-Counterdefendants,    *   substantial understatement and
                                             *   negligence in reporting of
            v.                               *   federal tax on transfer of
                                             *   restricted stock; 26 U.S.C.
THE UNITED STATES,                           *   ("I.R.C.") § 6662(b), (c), (d)
                                             *   (2000); I.R.C. § 6664(c)(1)
            Defendant.                       *   (2000); Treas. Reg. § 1.6664-
                                             *   4(b)-(c) (2006).
_____              *
                                             *
ROBERT B. and MICHELLE S.                    *
DIENER,                                      *
                                             *
            Plaintiffs-Counterdefendants,    *
                                             *
            v.                               *
                                             *
THE UNITED STATES,                           *
                                             *
            Defendant.                       *
                                             *
_____              *
                                             *
HOTELS.COM, INC., and Subsidiaries           *
(f/k/a HOTEL RESERVATIONS                    *
NETWORK, INC.),                              *
                                             *
            Plaintiffs,                      *
                                             *
            v.                               *
                                             *
THE UNITED STATES,                           *
                                             *
            Defendant.                       *
                                             *
* * * * * * * * * * * * * * * * * * * * *    *
```

John W. Porter, Houston, TX, for plaintiffs-counterdefendants Litmans and Dieners. Jeffrey A. Lamken, Baker Botts, LLP, of counsel.

Kim Marie K. Boylan, Washington, DC, for plaintiffs Hotels.com.  Kari M. Larson and Jennifer S. Crone, Latham & Watkins, LLP, of counsel.

Cory A. Johnson, Washington, DC, with whom was Assistant Attorney General Nathan J. Hochman, for defendant.  Steven I. Frahm, Department of Justice, of counsel.

**SUPPLEMENTAL OPINION AND ORDER**
**FURTHER AMENDING TRIAL OPINION**

**MILLER**, Judge.

This opinion addresses the one remaining issue after trial that continues to delay final entry of judgment on the claims presented.  Defendant filed its status report pursuant to the court's order, see Litman v. United States, 78 Fed. Cl. 90, 146 (2007) (the "trial opinion"), 1/ on December 7, 2007, advising that it seeks penalties against Hotels.com, Inc. & Subsidiaries ("Hotels.com").  Considering defendant's equivocation on taking an adversarial position on the issue of Hotels.com's liability for penalties, see Def.'s Br. filed Dec. 7, 2007, at 5, 6 (noting that two grounds for imposition of penalties against Hotels.com remain "potentially applicable"), the court conducted a status conference on December 14, 2007, and ordered post-trial supplemental briefing that concluded on January 28, 2008.  At issue is Hotels.com's potential liability for penalties which, following the court's valuation of the HRN restricted shares, is totaled to $341,859.00 (twenty percent of $1,574,293.00, the amount of Hotels.com's tax underpayment).  See id. at 5-7 (setting forth calculations of potentially applicable penalties based on difference in Hotels.com's reporting of value of HRN restricted shares as compared with court's valuation determined in trial opinion); see also 26 U.S.C. ("I.R.C.") § 6662(a) (2000) (imposing penalty of "amount equal to 20 percent of the portion of the underpayment").

**BACKGROUND**

Familiarity with the facts and background of the case, discussed at length in the court's trial opinion, is presumed.  See Litman, 78 Fed. Cl. at 91-105.  Recitation of the facts and background germane to the issue of Hotels.com's liability for penalties is incorporated

---

1/  In an opinion on cross-motions for reconsideration entered on November 16, 2007, the court enlarged the time for defendant's filing of a status report regarding its position on Hotels.com's liability for penalties from September 14, 2007, to December 7, 2007.

2

in this section and the discussion. This supplemental opinion amends the trial opinion insofar as it resolves an issue that was the subject of trial.

On August 22, 2007, this court issued its trial opinion determining the value for tax purposes of approximately ten million restricted shares of HRN stock. Id. at 145 ("[T]he court finds and concludes that the value of the restricted stock transferred to TMF Liquidating Trust was $90,818,180 and the value of the restricted stock transferred to Mr. Pells was $3,919,920."). The trial opinion also ruled that plaintiffs-counterdefendants, David S. Litman and Malia A. Litman (collectively, the "Litmans") and Robert B. Diener and Michelle S. Diener (collectively, the "Dieners") had discharged their burden to defeat the IRS's imposition of penalties pursuant to I.R.C. § 6662. Id. at 142- 45. The court reserved decision on Hotels.com's liability for penalties on the understanding that defendant had preserved the issue for resolution at a later time. Id. at 142-43 (citing Def.'s Br. filed Apr. 2, 2007, at 27 ("Whether Hotels.com substantially understated its tax or substantially overstated the value of HRN stock, and is subject to penalties for those reasons, is dependent on the value for the stock ultimately determined in this case.")).

The court is mindful of the procedural posture of this case. In the notice of deficiency sent to Hotels.com, dated February 10, 2006, the IRS determined that Hotels.com was liable for penalties in the amount of $491,338.00 because of its allegedly erroneous reporting of the value for the HRN restricted shares in its 2000 tax return. See JX 28 (this amount has now been reduced to $341,859.00 on the basis of the court's determination of value in the trial opinion, see Def.'s Br. filed Dec. 7, 2007, at 7). Hotels.com paid the penalties on March 9, 2006, along with the additional taxes and interest that the IRS determined were due. See Compl. ¶ 27, Hotels.com, Inc. and Subsidiaries (f/k/a Hotel Reservations Network, Inc.) v. United States, No. 06-285T (Fed. Cl. Apr. 10, 2006). Hotels.com then sought a refund of the additional taxes, interest, and penalties paid pursuant to the IRS's assessment. See id. ¶¶ 30-31. Hotels.com's liability for penalties, therefore, was put at issue in its complaint. Statements in the trial opinion that resolution of the penalties issue as it pertains to Hotels.com was pending defendant's perfection of a counterclaim were incorrect. Litman, 78 Fed. Cl. at 92, 142. An errata sheet substituting corrected pages is entered by separate order this date. 2/

---

2/ The court's reference to the posture of the penalties issue as it pertained to the Litmans and the Dieners was similarly incorrect. The trial opinion referred to defendant's counterclaims against the Litmans and the Dieners when deciding their liability for penalties. See Litman, 78 Fed. Cl, at 142 ("Defendant filed counterclaims against the Litmans and the Dieners for penalties and interest . . . ."). Although defendant did file amended counterclaims against the Litmans and the Dieners for additional (unpaid) taxes, interest, and

3

**DISCUSSION**

Defendant seeks penalties in the amount of $341,859.00 against Hotels.com pursuant to I.R.C. § 6662. 3/ Following the court's determination of the value of the HRN restricted shares, defendant now asserts that two of the three "possible bases for the imposition of penalties under § 6662 . . . remain applicable." Def.'s Br. filed Dec. 7, 2007, at 5. Based on the court's valuation of the HRN restricted shares at $90,818,180.00, Litman, 78 Fed. Cl. at 145, defendant concedes that Hotels.com's reporting of the HRN restricted shares at $159,998,400.00, id. at 103, does not meet the threshold liability for a "substantial valuation misstatement." See I.R.C. § 6662(e)(1)(A) (2000) ("For purposes of this section, there is a substantial valuation misstatement under chapter 1 if . . . the value of any property (or the adjusted basis of any property) claimed on any return of tax imposed by chapter 1 is 200 percent or more of the amount determined to be the correct amount of any such valuation

---

2/ Cont'd from page 3.)

penalties, these "protective" counterclaims would have been triggered only if the court's valuation of the HRN stock exceeded $16.00 per share. See Am. Counterclaim (Litmans), No. 05-956T, filed Aug. 11, 2006, ¶¶ 10-19; Am. Counterclaim (Dieners), No. 05-971T, filed Aug. 11, 2006, ¶¶ 10-19. The valuation for the HRN restricted shares determined in the trial opinion did not exceed $16.00 per share, so the decision on the merits of the Litmans' and the Dieners' liability for penalties resolved their respective claims, but did not rule on defendant's protective amended counterclaims for additional penalties. The errata sheet corrects these errors as well.

3/ Section 6662(a) and (b) provides, in pertinent part:

> (a) Imposition of penalty. – If this section applies to any portion of an underpayment of tax required to be shown on a return, there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies.
> (b) Portion of underpayment to which section applies. – This section shall apply to the portion of any underpayment which is attributable to 1 or more of the following:
>
> (1) Negligence or disregard of rules or regulations.
> (2) Any substantial understatement of income tax.
> (3) Any substantial valuation misstatement under chapter 1.
>     . . . .

4

or adjusted basis . . . ."). 4/  However, defendant asserts that both a "substantial understatement of income tax" penalty, id. § 6662(b)(2), (d), 5/ and a "negligence or disregard of rules or regulations" penalty, id. § 6662(b)(1), (c), 6/ remain "potentially applicable" to Hotels.com.  Def.'s Br. filed Dec. 7, 2007, at 5, 6.

1. Standards of review for assessment of penalties

When reviewing the assessment of taxes and penalties, "'[t]he ruling of the Commissioner of Internal Revenue enjoys a presumption of correctness and a taxpayer bears the burden of proving it to be wrong.'" Conway v. United States, 326 U.S. 1268, 1278 (Fed. Cir. 2003) (quoting Transamerica Corp. v. United States, 902 F.2d 1540, 1543 (Fed. Cir. 1990)); see also Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to I.R.C. § 6664(c)(1) (2000), a taxpayer who carries his burden of showing "that there was a reasonable cause for [any portion of an underpayment] and that the taxpayer acted in good faith with respect to such portion," is immune from imposition of penalties pursuant to I.R.C. § 6662 with respect to that portion. Treasury Regulation § 1.6664-4(b) (2006), provides, in pertinent part:

> The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. . . . Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. . . . Reliance on an information return, professional advice, or other facts . . . constitutes reasonable cause and good faith if, under all the

---

4/  The I.R.C. § 6662(e)(1)(A) substantial valuation misstatement threshold is now 150 percent. See I.R.C. § 6662(e)(1)(A) (as amended by Pub. L. No. 109-280, § 1219(a)(1)(A), 120 Stat. 1083 (2006)).

5/  Section 6662(d)(1)(B) provides, in pertinent part: "In the case of a corporation . . . there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds . . . 10 percent of the tax required to be shown on the return for the taxable year (or, if greater, $10,000) . . . ."

6/  Section 6662(c) provides, in pertinent part: "For purposes of this section, the term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard."

circumstances, such reliance was reasonable and the taxpayer acted in good faith.

Id.; see Treas. Reg. § 1.6664-4(c) ("[T]he taxpayer's education, sophistication and business experience will be relevant in determining whether the taxpayer's reliance on tax advice was reasonable and made in good faith."). Hotels.com bears the burden of proving that it meets the reasonable cause/good faith standard of I.R.C. § 6664(c)(1) and ultimately whether it is entitled to a refund of penalties paid.

2. Proper prosecution of penalties

Hotels.com has raised an issue of "first impression" concerning the Government's proper prosecution of penalties in this case. Hotels.com's Br. filed Jan. 7, 2008, at 2. Hotels.com submits that defendant's abandonment of the positions taken in the IRS's "whipsaw" notices 7/ in favor of a new litigation position on the value of the HRN restricted shares and defendant's "apparent unwillingness to inform the Court if it seeks penalties against Hotels.com," id., should constitute a waiver. Hotels.com attaches importance to the fact that, under defendant's valuation position taken in litigation, "penalties that were mathematically possible under the whipsaw Notice were no longer applicable." Hotels.com's Br. filed Jan. 28, 2008, at 3. Hotels.com also trumpets case law that rejects as waived arguments made for the first time in post-trial and post-decisional briefing. See id. at 3-4 (citing Goulding v. United States, 929 F.2d 329, 333 (7th Cir. 1991); Gingerich v. United States, 78 Fed. Cl. 164, 167-68 (2007); and Principal Life Ins. Co. & Subsidiaries v. United States, 76 Fed. Cl. 326, 328 (2007)); see also id. at 5 ("[N]owhere in the Government's Pretrial Brief does it assert that a negligence penalty should be applied to Hotels.com . . . . In fact, in the one paragraph of its Pretrial Brief addressing penalties with respect to Hotels.com, there is no cite or reference at all to the applicable section of the Internal Revenue Code (I.R.C. § 6662(c)).")

As Hotels.com's cases demonstrate, waiver of an argument or defense in a tax refund suit generally occurs where a position is advanced for the first time at a late stage of litigation. See Gingerich, 78 Fed Cl. at 167-68 (finding Government's argument waived when raised for first time in post-trial, post-decision computational proceeding); Principal

---

7/ The IRS prophylactically issued notices to the Litmans and the Dieners reflecting one valuation (the $16.00 per share value reported on Hotels.com's 2000 tax return, see JX 26, 27), and to Hotels.com reflecting the obverse (the $4.54 per share value reported on the Litmans' and the Dieners' respective 2000 tax returns, see JX 28), to ensure that the fisc would be made whole on the full value per share.

Life Ins., 76 Fed. Cl. at 328 (finding waiver of Government's set-off defense when not previously raised in litigation). In the case at bar, however, the issue of penalties always has been properly before the court. The IRS first assessed penalties against Hotels.com pursuant to I.R.C. § 6662(b)(1)-(3) for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatement in the whipsaw notice issued on February 10, 2006. Hotels.com's own complaint put penalties at issue when it sought a refund of penalties paid. See Hotels.com's Compl. ¶¶ 27, 30-31. Furthermore, while defendant's pretrial brief equivocated as to Hotels.com's ultimate liability for penalties, which defendant conceded would be dependent on the court's valuation of the HRN restricted shares, see Def.'s Br. filed Apr. 2, 2007, at 27, it put forward as an issue for trial "whether plaintiffs are liable for penalties under § 6662 . . . [for] disregard of applicable rules, a substantial understatement of tax, or a substantial valuation misstatement, and whether plaintiffs acted with reasonable cause and in good faith with regard to any underpayment of tax." Id. at 17.

The court deems unpersuasive Hotels.com's argument that defendant waived its assertion of penalties by abandoning the whipsaw notice position in favor of a consistent litigation position on valuation. While "[u]nlike any other whipsaw case research has disclosed," Hotels.com's Br. filed Jan. 28, 2008, at 3, a rule that would require the "Government [to] maintain[] its protective whipsaw position throughout the litigation," id., would straight-jacket the Government from ever asserting a litigation position inconsistent with the values assessed in its whipsaw notices, a practice that is widely regarded as appropriate. See Litman, 78 Fed. Cl. at 111 (citing cases upholding validity of whipsaw notices procedure). Furthermore, the fact that the Government took a litigation position that was inconsistent with the position advanced in the whipsaw notice to Hotels.com has no bearing on Hotels.com's liability for penalties, which is a function of this court's determination of the value of the restricted shares. The court thus rules that the Government has put Hotels.com's liability for penalties properly at issue in this post-trial, post-opinion proceeding.

### 3. Liability for substantial understatement of income tax

Defendant contends, and Hotels.com concedes, see Hotels.com's Br. filed Jan. 7, 2008, at 3, that based on this court's valuation of the restricted shares, Hotels.com mathematically understated its tax by more than ten percent in 2000. See I.R.C. § 6662(d); see also Def.'s Br. filed Dec. 7, 2007, at 5-6 (Hotels.com understated its income by $1,574,293.00 and the amount of tax that should have been reported on the return was $12,991,420.00 resulting in a understatement of approximately twelve percent ($1,574,293.00 / $12,991,420.00 = 0.12)). Nonetheless, Hotels.com asserts that it qualifies for exculpation under I.R.C. § 6664(c)(1) because it acted with reasonable cause and good

7

faith in computing its 2000 taxes. Hotels.com "believed the value reported on its tax return was negotiated and agreed to by the parties, and its actions were consistent with this belief." Hotels.com's Br. filed Jan. 7, 2008, at 3. Defendant disputes Hotels.com's characterization of its tax reporting position contending that "the $16 value was *not* initially included by [Ernst & Young] in the draft return because it believed the parties had agreed to it. Indeed it was later *deleted* from the Form 8594 specifically because HRN and USA knew that the Litman[s] and Dieners strenuously disagreed with it." Def.'s Br. filed Jan. 17, 2008, at 15. Because Hotels.com advanced the agreed-value theory only at trial, defendant would counsel that the theory "cannot be the basis for a finding of good faith and reasonable cause when the evidence demonstrates that the theory was *not actually relied upon at the time* HRN filed its return." Id. at 16.

The trial opinion determined that "while Hotels.com may have wanted Messrs. Litman and Diener to agree to a $160 million fair market value for the 9,999,900 shares of HRN restricted stock, such an agreement was never reached and/or reduced to writing." Litman, 78 Fed. Cl. at 115. Thus, this court concluded that the Amended and Restated Asset Purchase Agreement (the "ARAPA"), which Hotels.com claimed embodied an agreement as to the fair market value of the HRN restricted shares for tax purposes, in fact, did not determine the value of the restricted shares. However, though the court "agree[d] with the Litmans, the Dieners, and defendant that the ARAPA is ambiguous and is not determinative of the value of the HRN restricted stock," id. at 112, this finding does not purport to resolve whether Hotels.com actually believed that the ARAPA embodied such an agreement at the time Hotels.com filed its return.

The court's assessment of Hotels.com's intentions with regard to the ARAPA supports a finding that Hotels.com acted with reasonable cause and in good faith in its tax reporting position on its 2000 return. The trial opinion stated:

> Hotels.com values the Section 7.11.3 Shares at $16.00 per share based on the language [in the ARAPA] "aggregate value (based on the price per share in the IPO)." Hotels.com's Br. filed Feb. 26, 2007, at 11. While this language is consistent *with an intention that the agreement value the stock at $16.00 per share for tax purposes*, the plain language of the agreement does not encapsulate this understanding. . . . Mr. Lidji, transaction attorney for the Litmans and the Dieners, was persuasive that the ARAPA did not memorialize *Hotels.com's intentions*.

Id. at 114 (emphases added). Hotels.com believed upon reasonable cause and in good faith, at the time of the filing of its 2000 tax return, that the ARAPA embodied a negotiated agreement with the Litmans and the Dieners conclusive as to the fair market value of the

8

restricted shares for tax reporting purposes. That Hotels.com learned prior to filing its 2000 tax return of Mr. Diener's disagreement with Hotels.com's reporting position and that Messrs. Litman and Diener had obtained a separate fair market valuation, see id. at 104, does not render Hotels.com's belief that it had the protection of a valid and enforceable agreement to the fair market value, embodied in the ARAPA, in bad faith or unreasonable. Thus, the court concludes that Hotels.com qualifies for the defense allowed by I.R.C. § 6664(c)(1).

### 4. Liability for negligence or disregard of rules or regulations

Defendant seeks a twenty-percent penalty assessment against Hotels.com for the portion of its underpayment attributable to "[n]egligence or disregard of rules or regulations." I.R.C. § 6662(b)(1). "[T]he term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard," of applicable rules and regulations. Id. § 6662(c).

Defendant asserts that Hotels.com "negligently failed to compute, report and pay its taxes for 2000 based on a fair market valuation for the restricted stock, which it knew it was required to do." Def.'s Br. filed Jan. 17, 2008, at 10 (citing I.R.C. § 6662(b)(1), (c)). Defendant argues that Hotels.com's situation differs from the court's findings with respect to the Litmans and the Dieners in that Hotels.com "did not base its 2000 tax return on a fair market valuation . . . . [a]nd when HRN later obtained a valuation, it did not actually use it for computing and paying its 2000 taxes." Id. at 11. Consequently, penalties apply not simply because Hotels.com "failed to file a completed Form 8594" 8/ or because

---

8/ In its initial post-trial brief addressing penalties, Hotels.com focused on its liability for penalties arising from its filing of an incomplete Form 8594 along with its 2000 tax return. This focus draws on defendant's post-trial status report and pre-trial brief, which raised, as a potential ground for Hotels.com's liability for penalties, that "Hotels.com did not . . . amend its return, and file a completed Form 8594" "after obtaining a valuation for the HRN restricted stock from Deloitte & Touche." Def.'s Br. filed Apr. 2, 2007, at 27; see also Def.'s Br. filed Dec. 7, 2007, at 6 (discussing Hotels.com's potential liability for a negligence penalty for filing "an incomplete ('whited-out') Form 8594"). Hotels.com argues that I.R.C. § 6662 penalties cannot be imposed for failure to file a correct Form 8594 because the Government's own instructions explicitly state: "'If you do not file a correct Form 8594 by the due date of your return and you cannot show reasonable cause, you may be subject to penalties. *See [I.R.C.] sections 6721 through 6724.*'" Hotels.com's Br. filed Jan. 7, 2008, at 6 (quoting Instructions for Form 8594 at 1 (emphasis added)). "In other

"Hotels.com guessed wrong about a fair market valuation for the stock in computing its income tax for 2000," id. at 14, but, rather, because Hotels.com's negligence and disregard of applicable rules and regulations are demonstrated by evidence that Hotels.com "knew that the assumed $16 figure was *not* an attempt to determine a fair market value (and was wrong for tax purposes), but computed and paid its tax on that basis anyway, and never corrected it." Id. at 13-14. To support its contention that Hotels.com knew that $16.00 was not a fair market value agreed upon by the parties for tax reporting purposes, defendant cites the fact that, in subsequent tax years, Hotels.com reported its amortization deductions at a value discounted twenty to forty percent from the $16.00 per share value reported on its 2000 tax return, in accordance with the post-filing valuation that it obtained from Deloitte & Touche. See id. at 6, 11. The Litmans and the Dieners, in their brief filed on January 17, 2008, echo this point. See Litmans/Dieners' Br. filed Jan. 17, 2008, at 4. 9/

---

8/   (Cont'd from page 8.)

words, by referencing only these sections, the Form 8594 instructions establish that the Government itself does not consider the failure to file a correct Form 8594 an action that is attributable to an underpayment." Id. at 7.

Defendant's responsive brief does not address this argument, but states flatly:

> Hotels.com's argument that the United States is trying to defend the negligence penalty under § 6662 based simply on HRN's failure to file a completed Form 8594 is wrong. That incomplete Form is only one piece of evidence, along with all the other testimony and documentary evidence . . . showing that Hotels.com knew of its obligation to pay tax based on fair market value for the restricted stock.

Def.'s Br. filed Jan. 17, 2008, at 13 (citation omitted). The court understands defendant to restrict its argument to a claim that Hotels.com negligently failed to determine and report a fair market value for the restricted shares on its 2000 tax return, and thus the court only considers that ground for a negligence penalty.

9/ The Litmans and the Dieners note at the outset that they "take no position with respect to the United States' assertion of penalties against Hotels.com," Litmans/Dieners' Br. filed Jan. 17, 2008, at 2, but nonetheless dispute that the evidence adduced at trial established that Hotels.com believed the value reported on its 2000 tax return reflected a negotiated agreement by the parties:

10

Hotels.com stands on its position that it reasonably believed that an agreement was negotiated and reached with the Litmans and the Dieners as to the fair market value of the restricted shares for tax reporting purposes. Moreover, Hotels.com counters that defendant's own expert, Francis X. Burns, testified in corroboration of the position that the parties had negotiated and agreed to a fair market valuation between $11.00 and $16.00, with full knowledge of all of the restrictions on the shares. Transcript of Proceedings Litman v. United States, Nos. 05-956T, -971T, & 06-285T, at 1689 (Fed. Cl. Apr. 30 - May 9, 2007) (Burns) (The Litmans and the Dieners "agreed to a price of anywhere between [$]11 and $16, so in my view, that's an indication that they believed, even with all the restrictions piled on top of the stock, that a price between [$]11 and $16 was fair."); id. at 1695 (the Litmans and the Dieners "did agree that it could be no less than $11 and no more than [$]16, so in my mind, that frames what they believed to be a fair market value for those shares with all the restrictions contained therein.").

The Litmans, the Dieners, and defendant are correct that the evidence establishes that, after learning that the Litmans and the Dieners obtained an independent valuation for the HRN restricted shares and reported on their respective tax returns a per share value consistent therewith, Hotels.com obtained an independent valuation from Deloitte & Touche. In subsequent tax years, Hotels.com reported its amortization deductions in accordance with the Deloitte & Touche valuation and never amended its 2000 tax return or re-filed a completed Form 8594. The Litmans, the Dieners, and defendant would have the court infer that Hotels.com never reasonably believed that an agreement existed as to the fair market value of the HRN restricted shares. However, that Hotels.com chose to adopt a more conservative tax reporting position for subsequent years in the face of a contradictory tax

---

9/  (Cont'd from page 10.)

[T]he fact that Hotels.com obtained an appraisal of the Restricted Shares from Deloitte and used the weighted average of $10.18 per share value during the audit and in its federal income tax returns for 2001-2004 . . . demonstrates that no such agreement existed. . . . If Mr. Khosrowshahi[, Vice President of Strategic Planning for USA Networks, Inc., parent company to Hotels.com's predecessor,] truly believed – as Hotels.com now asserts – that he had reached an agreement with Plaintiffs to report the Restricted Shares at $16 per share, there would have been no need to obtain a fair market value appraisal from Deloitte.

Id. at 4.

reporting position taken by the Litmans and the Dieners, does not assail, in and of itself, the reasonableness of the position taken by Hotels.com on its 2000 tax return.

The pertinent question is whether Hotels.com acted pursuant to reasonable cause and with good faith at the time it filed its 2000 tax return. As discussed above, Hotels.com acted upon reasonable cause and in good faith when it reported a value for the restricted shares consistent with what Hotels.com believed to be its agreement with the Litmans and the Dieners pursuant to the ARAPA. Hotels.com correctly asserts that "there is no general requirement to file an amended return and, in any event, the failure to file an amended return cannot support a negligence penalty." Hotels.com's Br. filed Jan. 28, 2008, at 8. Furthermore, because the direction to file the allegedly incomplete Form 8594 came from either Ernst & Young, Hotels.com's tax advisors, or from Mr. Diener through his tax advisors at KPMG, see Litman, 78 Fed. Cl. at 104, reasonable cause and good faith in reliance on tax advice prevent the imposition of a negligence penalty on that basis. Hotels.com has carried its burden of showing its entitlement to the defenses recognized by I.R.C. § 6664(c)(1) because Hotels.com acted upon a reasonable cause and in good faith when it reported its 2000 taxes.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. The opinion issued on August 22, 2007, is amended further by this supplemental opinion and order.

2. Further to ¶ 4 of the August 22, 2007 opinion, the Clerk of the Court shall enter judgment for Hotels.com on its claim for refund of penalties paid.

3. Pursuant to ¶ 5 of the order entered on December 17, 2007, the parties shall file a form of judgment by April 21, 2008, that sets forth the amount of judgment for the Litmans and the Dieners on their claim for refund, adjusted for interest due, and for Hotels.com on its claim of refund, adjusted for interest due.

s/ Christine O.C. Miller

_____
**Christine Odell Cook Miller**
Judge