# In the United States Court of Federal Claims

Nos. 05-956T, -971T & 06-285T
(Filed April 29, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * *

**DAVID S. and MALIA A. LITMAN,**

Plaintiffs-Counterdefendants,

v.

**THE UNITED STATES,**

Defendant.

---

**ROBERT B. and MICHELLE S. DIENER,**

Plaintiffs-Counterdefendants,

v.

**THE UNITED STATES,**

Defendant.

---

**HOTELS.COM, INC., and Subsidiaries (f/k/a HOTEL RESERVATIONS NETWORK, INC.),**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

Tax; imposition of penalties for substantial understatement and negligence in reporting of federal tax on transfer of restricted stock; 26 U.S.C. ("I.R.C.") § 6662(b), (c), (d) (2000); I.R.C. § 6664(c)(1) (2000); Treas. Reg. § 1.6664-4(b)-(c) (2006).

John W. Porter, Houston, TX, for plaintiffs-counterdefendants Litmans and Dieners. Jeffrey A. Lamken, Baker Botts, LLP, of counsel.

Kim Marie K. Boylan, Washington, DC, for plaintiffs Hotels.com. Kari M. Larson and Jennifer S. Crone, Latham & Watkins, LLP, of counsel.

Cory A. Johnson, Washington, DC, with whom was Assistant Attorney General Nathan J. Hochman, for defendant. Steven I. Frahm, Department of Justice, of counsel.

## ERRATUM

**MILLER**, Judge.

The attached corrected page 5 is substituted for the original page 5 in the opinion issued on March 20, 2008, see Litman v. United States, ___ Fed. Cl. ____, 2008 WL 763091 (Mar. 20, 2008). The original citation in the first full paragraph to Conway v. United States is cited as 326 U.S. 1268. The correct citation is 326 F.3d 1268.

s/ Christine O.C. Miller
________________________________
**Christine Odell Cook Miller**
Judge

or adjusted basis . . . ."). 4/ However, defendant asserts that both a "substantial understatement of income tax" penalty, id. § 6662(b)(2), (d), 5/ and a "negligence or disregard of rules or regulations" penalty, id. § 6662(b)(1), (c), 6/ remain "potentially applicable" to Hotels.com. Def.'s Br. filed Dec. 7, 2007, at 5, 6.

1. Standards of review for assessment of penalties

When reviewing the assessment of taxes and penalties, "'[t]he ruling of the Commissioner of Internal Revenue enjoys a presumption of correctness and a taxpayer bears the burden of proving it to be wrong.'" Conway v. United States, 326 F.3d 1268, 1278 (Fed. Cir. 2003) (quoting Transamerica Corp. v. United States, 902 F.2d 1540, 1543 (Fed. Cir. 1990)); see also Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to I.R.C. § 6664(c)(1) (2000), a taxpayer who carries his burden of showing "that there was a reasonable cause for [any portion of an underpayment] and that the taxpayer acted in good faith with respect to such portion," is immune from imposition of penalties pursuant to I.R.C. § 6662 with respect to that portion. Treasury Regulation § 1.6664-4(b) (2006), provides, in pertinent part:

> The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. . . . Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. . . . Reliance on an information return, professional advice, or other facts . . . constitutes reasonable cause and good faith if, under all the

---

4/ The I.R.C. § 6662(e)(1)(A) substantial valuation misstatement threshold is now 150 percent. See I.R.C. § 6662(e)(1)(A) (as amended by Pub. L. No. 109-280, § 1219(a)(1)(A), 120 Stat. 1083 (2006)).

5/ Section 6662(d)(1)(B) provides, in pertinent part: "In the case of a corporation . . . there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds . . . 10 percent of the tax required to be shown on the return for the taxable year (or, if greater, $10,000) . . . ."

6/ Section 6662(c) provides, in pertinent part: "For purposes of this section, the term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard."